## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| DMITRY PRONIN, | |
| Plaintiff, | |
| v. | 1:17-CV-01807 (TJK) |
| FEDERAL BUREAU OF PRISONS, | |
| Defendant. | |

## DECLARATION OF RONALD L. RODGERS

I, Ronald L. Rodgers, declare the following pursuant to 28 U.S.C. § 1746:

1.      I am currently employed by the Federal Bureau of Prisons ("BOP") as the Senior Counsel for the Information and Remedies Branch ("IRP") of the Office of General Counsel. The Freedom of Information Act/Privacy Act ("FOIA/PA") Section forms one part of this branch; the Administrative Remedies Section forms the other portion of this branch of the Office of General Counsel.  The IRP Branch was created in February 2015, and I was selected to serve as its senior counsel.  From 1977 until 1999 I served as a commissioned officer and, from 1983 until retirement, as a judge advocate in the United States Marine Corps; my final active duty assignment from 1995 until 1999 was as a Circuit Military Judge and Deputy Chief Judge, Navy-Marine Corp Trial Judiciary. From 1999 until 2014, I was employed by the U.S. Department of Justice; I joined the BOP Office of General Counsel in June 2014.  I have been a member of the Senior Executive Service since April 2008.  My office is located in Washington, D.C.

2.      This Declaration is submitted in support of the BOP's motion for summary judgment with respect to the Complaint filed by Plaintiff, Dmitry Pronin, on September 1, 2017.

1

**Plaintiff's FOIA Requests and BOP's Processing and/or any Productions**

3.      The Complaint does not specify the FOIA requests at issue or the specific challenges to any FOIA request submitted by the Plaintiff to the Defendant.  Consequently, this declaration describes each of the FOIA requests submitted by the Plaintiff to the Defendant.

## FOIA Request 2016-02619

4.      BOP received this request on February 19, 2016.  *See* Attachment 1, FOIA Request dated February 19, 2016.  Plaintiff's FOIA request sought the following records:

a.  The complete list of employees at FCC Florence;

b.  Full name of Physician Assistant "Justillano" who was until employed until 2014 with FBOP at USP Terre Haute"; and

c.  The complete list of employees at USP/FCC Terre Haute.

*Id.*  On July 22, 2016, BOP issued a determination.  *See* Attachment 2, BOP's Determination dated July 22, 2016.  A total of 149 pages of responsive records were located, 93 pages were released in full, seven pages were partially released, and 49 pages were withheld in full.  *Id.*  Portions of the records were exempt in part or in full pursuant to Exemptions (b)(2), (b)(6), (b)(7)(C), (b)(7)(E), and (b)(7)(F).  *Id.*  Most of the pages withheld in full were lists of the names of BOP staff members (hereinafter "staff lists").  Other information withheld in part or in full related to information concerning Plaintiff's Potential for Sexual Abuse Victimization and the status of an ongoing criminal investigation. Plaintiff appealed to the Department of Justice ("DOJ") Office of Information Policy ("OIP"), and based on this appeal, on March 21, 2017, BOP partially released an additional five pages of records.  See Attachment 3, Subsequent Release dated March 21, 2017.

2

5. On January 18, 2018, BOP issued a supplemental release to Plaintiff. *See* Attachment 4, Supplemental Release Letter dated January 18, 2018. In addition to the records released to Plaintiff on July 22, 2016, and March 21, 2017, BOP re-released the final page of the July 22, 2016, records release (page 149) with fewer redactions than in the earlier release. The remaining redactions on page 149 are a result of the application of Exemptions (b)(6) and (b)(7)(C), which relate to the personal privacy of the individual whose identity has been redacted, and (b)(7)(F), as the redacted information, if released, could reasonably be expected to endanger the safety of an individual.

6. The records were reviewed and all reasonably segregable portions of the records were released to the Plaintiff after deletion of the portions that are exempt. The specific document type, pages where any exemptions were applied, a description of the exemptions, and a non-conclusory detailed rationale for the application of the exemption are described in the attached Vaughn Index. *See* Attachment 5, Vaughn Index.

**FOIA Request 2017-00272**

7. BOP received this request on October 12, 2016. *See* Attachment 6, Plaintiff's Letter dated October 12, 2016. BOP staff initially interpreted this as a new request and assigned it request number 2017-00272. However, Plaintiff advised BOP that his correspondence received on October 12, 2016, was an appeal of BOP's determination issued on July 22, 2016, regarding FOIA Request 2016-02619. *See* Attachment 7, Email from BOP's North Central Regional Office dated October 31, 2016. On November 1, 2016, BOP advised Plaintiff that appeals were to be submitted in writing to the Director of the Office of Information Policy for the Department of Justice. *See* Attachment 8, BOP Letter to the Plaintiff dated November 1,

3

2016.  It was this appeal to OIP, ultimately filed by Plaintiff, that resulted in the supplemental

release referred to in Attachment 3.


**FOIA Request 2017-05599**

      9.      BOP received this request on June 26, 2017.  *See* Attachment 9, Plaintiff's FOIA

Request dated June 26, 2017.  Plaintiff's FOIA request sought the following records:

    a.      Full and complete FBOP psychology files for the 12 month period starting
             from June 16, 2016, to the date of the FOIA request;

    b.      Full and complete list of workers of FCC Beaumont;

    c.      Full and complete of workers at FDC Philadelphia;

    d.      Full and complete list of workers at FCI Ray Brook; and

    e.      Information from Chaplain's files concerning the date's that requester was
             on common fare.

*Id.*  On July 28, 2017, BOP issued a determination to Plaintiff. 53 pages of responsive records

were located, 41 pages were released in full, and 12 pages were partially released.  *See*

Attachment 10, BOP's Determination Letter dated July 28, 2017.  Portions of the records were

exempt in part of in full pursuant to Exemptions (b)(6), (b)(7)(C), and (b)(7)(F). Most of the

pages partially withheld related to Plaintiff's gender dysphoria status.

      10.      On January 18, 2018, BOP issued a supplemental release to Plaintiff.  *See*

Attachment 4, Supplemental Release Letter dated January 18, 2018.  As part of the supplemental

release, BOP released in their entirety pages 3, 10, 13, 14, 17, 24, 28, and 34, and re-released

pages 8 and 19 of those records of the July 28, 2017, release.  The redactions which remain on

pages 8 and 19 of those records are the result of the application of Exemptions (b)(6), (b)(7)(C),

and (b)(7)(F).  As it relates to the items of the FOIA request that complete lists of staff members

4

at FCC Beaumont, FDC Philadelphia, and FCI Ray Brook, BOP determined that the public interest in releasing the names of wardens at those institutions appeared to outweigh any interest in the privacy that those individuals may have, but that with regard to staff members junior to those wardens, that their privacy interests, and safety interests attendant to their identities, appeared to outweigh any public interest in the release of their names. The supplemental release (Attachment 4) identified the names of the wardens at these institutions.

11.     The records were reviewed and all reasonably segregable portions of the records were released to the Plaintiff after deletion of the portions which are exempt. The specific document type, pages were any exemptions were applied, a description of the exemptions, and a non-conclusory detailed rationale for the application of the exemption are described in the attached Vaughn Index. *See* Attachment 5, Vaughn Index.

**FOIA Request 2017-05812**

12.     BOP received this request on July 10, 2017. *See* Attachment 11, FOIA Request dated July 10, 2017. Plaintiff's FOIA request sought the following records:

a.     The authorization from a federal judge that authorized the temporary release of the Plaintiff to Baltimore County Police/homicide squad for interrogation on or about May 31, 2011;

b.     A copy of the statute that permits such temporary release;

c.     The names of the persons, if not a federal judge that authorized the temporary release of the Plaintiff to the Baltimore County Police/homicide squad; and

d.     A copy of the statute that permits someone other than a federal judge to authorize the temporary release of a federal inmate.

5

13.     The temporary removal of a federal inmate from BOP custody would normally be the result of a properly filed and judicially executed writ, which would be maintained in the inmate's Central Inmate File, which is maintained by the inmate's name and register number. The Central Inmate File is located at the inmate's current designated facility.  In this case, BOP FOIA staff requested the Plaintiff's then designated facility to search his Central Inmate File for any responsive records indicating any records concerning Writs and/or any other records pertaining to the Plaintiff's temporary release from BOP custody to the Baltimore County Police/homicide department responsive to this portion of Plaintiff's FOIA request.  On July 19, 2017, BOP issued a determination and advising Plaintiff that BOP's search for records responsive to his request did not yield any responsive records. *See* Attachment 12, BOP Determination letter dated July 19, 2017.

14.     On January 18, 2018, BOP issued a supplemental release to Plaintiff. *See* Attachment 4, Supplemental Release Letter dated January 18, 2018.  As part of the supplemental release, BOP released a report that indicates that on May 31, 2011, a move of some sort appears to have been contemplated for Plaintiff but was essentially discontinued after a period of 44 minutes on that date.   These 44 minutes would have been inadequate for Plaintiff to be transported from the Federal Detention Center in Philadelphia, Pennsylvania to Towson, Maryland for the purpose Plaintiff noted.   Additionally, the supplemental release noted that on the left side of the form is a list of codes indicating either the institution to which Plaintiff was attached, or a justification for the action taken.   If the United States Marshals Service ("USMS") had removed Plaintiff from BOP custody for transport to Maryland, in addition to a longer period of time involved than 44 minutes, a code would have been entered indicating the USMS involvement, and there is no such code.  Staff also reviewed the electronic docket in Plaintiff's

criminal case in Delaware (*United States v. Pronin*, 1:11-CR-00033 in the District of Delaware)
that was ongoing at the time and provided to Plaintiff the relevant pages for the time period
before and immediately after May 31, 2011, and noted that the docket reflects no evidence of
judicial approval of Plaintiff's removal from BOP custody.

**FOIA Request 2017-06489**

15.    BOP received this request on August 14, 2017. *See* Attachment 13, FOIA
Request dated August 14, 2017. Plaintiff requested the name of the warden at FDC Philadelphia
in 2011. *Id.* On September 18, 2017, BOP issued a determination and provided Plaintiff with
the specific name of the warden at FDC Philadelphia in 2011. See Attachment 14, BOP
Determination letter dated September 18, 2017. Plaintiff did not administratively appeal this
determination to OIP.

**FOIA Request 2018-00680**

16.    BOP received this request on October 19, 2017. *See* Attachment 15, FOIA
Request dated October 19, 2017. In that request, Plaintiff requested his psychological and
medical records for the previous 100 days.  On October 31, 2017, BOP issued a determination
advising Plaintiff to seek the records through local access, *i.e.*, from his correctional institution.
See Attachment 16, BOP Determination Letter dated October 31, 2017. Pursuant to BOP
Program Statement 1351.05, Release of Information, dated March 9, 2016, an inmate may
review records from his or her medical file (including dental records) by submitting a request to
a staff member designated by the Warden. *See* Attachment 17, BOP Program Statement
1351.05, Release of Information, dated March 9, 2016, § 14 at Pages 19-20.  Local access

provides the inmate requester with the most expedited access to reviewing his/her medical records. *See* Attachment 16. Further, in the October 31, 2017, determination letter, Plaintiff was specifically advised that if after seeking access to the requested records, he did not receive copies of the records, he should notify the BOP FOIA Office within 30 days of receipt of the determination letter and his original request would be placed back in queue for processing. Plaintiff neither contacted the BOP FOIA Office to indicate he had not been permitted access to the requested records, nor did he appeal this determination to OIP.

**BOP's Withholdings**

17.    The documents described in the attached <u>Vaughn</u> Index as Attachment 4 were evaluated for segregability, and all reasonably segregable responsive, non-exempt information has been provided to the Plaintiff.


**Withholdings Pursuant to Exemption 2**

18.    Title 5 U.S.C. § 552 (b)(2) protects from mandatory disclosure records related solely to the internal personnel rules and practices of an agency.

19.    The categories of information withheld pursuant to Exemptions 6 and 7(C) were limited to the following:

    a.    Staff Lists;

    b.    Staff Service records that included, staff name, social security number, retirement date, incentive awards received, life insurance premiums, and pay information; and

    c.    Staffing and Strength Report that included the number of positions for a specific job category, and a list of staff assigned to those positions.

The <u>Vaughn</u> Index, Attachment 5, describes each category and the rationale for exempting or withholding certain information.

8

**Withholdings Pursuant to Exemptions 6 and 7(C)**

20.     FOIA Exemptions 6 and 7(C) exempt from disclosure certain information implicating personal privacy interests. With respect to the records described in the <u>Vaughn</u> Index, all of the information redacted or withheld pursuant to Exemption 6 was also redacted or withheld pursuant to Exemption 7(C).

21.     Title 5 U.S.C. § 552(b)(6) protects from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The records at issue represent either personnel records or are "similar files" because they contain information which can be identified as applying to a particular individual.

22.     Title 5 U.S.C. § 552(b)(7)(C) protects from mandatory disclosure records or information compiled for law enforcement purposes, to the extent that the production of such law enforcement records or information could reasonably be expected to constitute an unwarranted invasion of personal privacy. The "law" to be "enforced" within the meaning of the term "law enforcement purposes" includes both civil and criminal statutes as well as those statutes authorizing administrative proceedings. The records at issue, described in the attached <u>Vaughn</u> Index, were compiled for law enforcement purposes because they were compiled in the exercise of BOP's authority under 18 U.S.C. § 3621(a), which provides: "A person who has been sentenced to a term of imprisonment pursuant to the provisions of subchapter D of Chapter 227 shall be committed to the custody of the bureau of Prisons until the expiration of the term

imposed, or until earlier release for satisfactory behavior pursuant to the provisions of section

3624."

23.     When invoked in relation to information in law enforcement records, Exemption 6

covers essentially the same information as Exemption 7(C); however, as the privacy language of

Exemption 7(C) is broader than the comparable language in Exemption 6, "the standard for

evaluating a threatened invasion of privacy interests resulting from the disclosure of records

compiled for law enforcement purposes is somewhat broader than the standard applicable to

personnel, medical, and similar files." *U.S. Dep't of Justice v. Reporters Committee for the*

*Freedom of Press*, 489 U.S. 749, 756 (1989).

24.     The categories of information withheld pursuant to Exemptions 6 and 7(C) were

limited to the following:

a.     Staff Lists;

b.     Staff Service records that included, staff name, social security number,
       retirement date, incentive awards received, life insurance premiums, and
       pay information;

c.     Name and Register Number of third-party inmates;

d.     Staff direct dialed telephone Number;

e.     Staff DOJ email address;

f.     Staff BOP email address; and

g.     Name of third-parties.

The <u>Vaughn</u> Index, Attachment 5, describes each category and the rationale for

exempting the information.

**Withholdings Pursuant to Exemption 7(E)**

25.     Exemption 7(E) permits the withholding of records or information compiled for law enforcement purposes, to the extent that production of such law enforcement records or information would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.  When a member of the general public or an inmate is aware of the investigation techniques and tools used by the BOP, members of the general public and inmates may purposefully engage in tactics to circumvent investigations.

26.     The categories of information withheld pursuant to Exemption 7(E) were limited to the following:

        a.      Statement of Safety Issues for the Plaintiff;

        b.      Status Issues for the Plaintiff; and

        c.      Criminal Justice Issues/Open Investigation.

The Vaughn Index, Attachment 5, describes each category and the rationale for exempting the information.[1]


**Withholdings Pursuant to Exemption 7(F)**

27.     Exemption 7(F) permits the withholding of records or information compiled for law enforcement purposes, to the extent that production of such law enforcement records or

---

[1] Regarding the information that is the subject of Exemptions 7(E) and 7(F), the description of the information redacted pursuant to those Exemptions has been kept deliberately vague in this declaration and the Vaughn index in order that specific sensitive information relating to Plaintiff not be deliberately made public. Copies of the originally requested records, without the redactions and/or withholdings present in the specific records released to Plaintiff have been provided to the Assistant United States Attorney representing BOP in this matter so that the Court can review those records as necessary.

information could reasonably be expected to endanger the life or physical safety of any individual.  5 U.S.C. § 552(b)(7)(F).

27.     The categories of information withheld pursuant to Exemption 7(F) were limited to the following:

a.      Statement of Safety Issues for the Plaintiff;

b.      Status Issues for the Plaintiff;

c.      Criminal Justice Issues/Open Investigation;

d.      Name of third-party inmate;

e.      Staff intake notes related to assessment pursuant to the Prison Rape Elimination Act (2003);

f.      Specific aspects of Plaintiff's criminal history;

g.      Sexual orientation and identification information of the Plaintiff; and

h.      Name of a third-party.

The Vaughn Index, Attachment 5, describes each category and the rationale for exempting the information.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _20th_ day of June  2018.

Ronald L. Rodgers
Senior Counsel
Information and Remedies Processing
Branch
Federal Bureau of Prisons