UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DMITRY PRONIN,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 17-01807 (TJK)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS TO WHICH
THERE IS NO GENUINE ISSUE**

1.      Plaintiff Dmitry Pronin ("Plaintiff") filed his Complaint (ECF No. 1) on September 1, 2017 (with his Summons and Complaint executed as of December 11, 2017 (*see* ECF No. 5)), under the Freedom of Information Act ("FOIA"). Plaintiff does not specify the FOIA requests at issue or the specific challenges to any FOIA request submitted by Plaintiff to Defendant Federal Bureau of Prisons ("BOP"). Declaration of Ronald L. Rodgers ("Rodgers Decl.") ¶ 3.

**FOIA REQUEST 2016-02619**

2.      BOP received FOIA Request 2016-02619 on February 19, 2016. Plaintiff's FOIA request sought the following records: (1) the complete list of employees at FCC Florence; (2) the full name of Physician Assistant "Justillano," who was employed until 2014 with BOP at USP Terre Haute; and (3) the complete list of employees at USP/FCC Terre Haute. *Id.* at ¶ 4 and Attachment 1.

3.      On July 22, 2016, BOP issued a determination. A total of 149 pages of responsive records were located, 93 pages were released in full, seven pages were partially released, and 49 pages were withheld in full. Portions of the records were exempt in part or in full pursuant to

Exemptions (b)(2), (b)(6), (b)(7)(C), (b)(7)(E), and (b)(7)(F). Most of the pages withheld in full were lists of the names of BOP staff members ("staff lists"). Other information withheld in in part or in full related to information concerning Plaintiff's Potential for Sexual Abuse Victimization and the status of an ongoing criminal investigation. Plaintiff appealed to the Department of Justice ("DOJ") Office of Information Policy ("OIP"), and based on this appeal, on March 21, 2017, BOP partially released an additional five pages of records. *Id.* at ¶ 4.

4. On January 18, 2018, BOP issued a supplemental release to Plaintiff. In addition to the records released to Plaintiff on July 22, 2016, and March 21, 2017, BOP re-released the final page of the July 22, 2016, records release with fewer redactions than in the earlier release. The remaining redactions are a result of the application of Exemptions (b)(6) and (b)(7)(C), which relate to the personal privacy of the individual whose identity has been redacted, and (b)(7)(F), as the redacted information, if released, could reasonably be expected to endanger the safety of an individual. *Id.* at ¶ 5 and Attachment 4.

**FOIA REQUEST 2017-00272**

5. BOP received FOIA Request 2017-00272 on October 12, 2016. BOP staff initially interpreted this as a new request and assigned it request number 2017-00272. However, Plaintiff advised BOP that his correspondence received on October 12, 2016, was an appeal of BOP's determination issued on July 22, 2016, regarding FOIA Request 2016-02619. On November 1, 2016, BOP advised Plaintiff that appeals were to be submitted in writing to the Director of DOJ OIP. It was this appeal to OIP, ultimately filed by Plaintiff, that resulted in the supplemental release referred to in Rodgers Decl. Attachment 3. Rodgers Decl. ¶ 7.

**FOIA REQUEST 2017-05599**

6. BOP received FOIA Request 2017-05599 on June 26, 2017, seeking the following records: (1) full and complete BOP psychology files for the 12-month period from June 16, 2016, to the date of the FOIA request; (2) a full and complete list of the workers of FCC Beaumont; (3) a full and complete list of workers at the Federal Detention Center ("FDC") in Philadelphia; (4) a full and complete list of workers at FCI Ray Brook; and (5) "information from Chaplain's files concerning the dates that requester was on common fare." Rodgers Decl. ¶ 9.

7. On July 28, 2017, BOP issued a determination to Plaintiff. 53 pages of responsive records were located, 41 pages were released in full, and 12 pages were partially released. Portions of the records were exempt in part or in full pursuant to Exemptions (b)(6), (b)(7C), and (b)(7)(F). Most of the pages partially withheld related to Plaintiff's gender dysphoria status. *Id.*

8. On January 18, 2018, BOP issued a supplemental release to Plaintiff. As part of the supplemental release, BOP released in their entirety pages 3, 10, 13, 14, 17, 24, 28, and 34, and re-released pages 8 and 19 of those records of the July 28, 2017, release. The redactions which remain on pages 8 and 19 of those records are the result of the application of Exemptions (b)(6), (b)(7)(C), and (b)(7)(F). As it relates to the items of the FOIA request that complete lists of staff members at FCC Beaumont, FDC Philadelphia, and FCI Ray Brook, BOP determined that the public interest in releasing the names of wardens at those institutions appeared to outweigh any interest in the privacy that those individuals may have, but that with regard to staff members junior to those wardens, that their privacy and safety interests attendant to their identities appeared to outweigh any public interest in the release of their names. The supplemental release identified the names of the wardens at these institutions. *Id.* at ¶ 10.

9.

**FOIA REQUEST 2017-05812**

10. BOP received FOIA Request 2017-05812 on July 10, 2017, seeking the following records: (1) the authorization from a federal judge that authorized the temporary release of Plaintiff to Baltimore County Police/homicide squad for interrogation on or about May 31, 2011; (2) a copy of the statute that permits such temporary release; (3) the names of the persons, if not a federal judge that authorized the temporary release of Plaintiff to the Baltimore County Police/homicide squad; and (4) a copy of the statute that permits someone other than a federal judge to authorize the temporary release of a federal inmate. Rodgers Decl. ¶ 12.

11. The temporary removal of a federal inmate from BOP custody would normally be the result of a properly filed and judicially executed writ, which would be maintained in the inmate's Central Inmate File, which is maintained by the inmate's name and register number. The Central Inmate File is located at the inmate's current designated facility. In this case, BOP FOIA staff requested the Plaintiff's then-designated facility to search its Central Inmate File for any responsive records indicating any records concerning writs and/or any other records pertaining to Plaintiff's temporary release from BOP custody to the Baltimore County Police/homicide department responsive to this portion of Plaintiff's FOIA request. On July 19, 2017, BOP issued a determination advising Plaintiff that BOP's search for records responsive to his request did not yield any responsive records. *Id.* at ¶ 13.

12. On January 18, 2018, BOP issued a supplemental release to Plaintiff. As part of the supplemental release, BOP released a report that indicates that on May 31, 2011, a move of some sort appears to have been contemplated for Plaintiff but was essentially discontinued after a period of 44 minutes on that date. These 44 minutes would have been inadequate for Plaintiff to be transported from the FDC in Philadelphia, Pennsylvania, to Towson, Maryland for the purpose

Plaintiff noted. Additionally, the supplemental release noted that on the left side of the form is a list of codes indicating either the institution to which Plaintiff was attached, or a justification for the action taken. If the United States Marshals Service ("USMS") had removed Plaintiff from BOP custody for transport to Maryland, in addition to a longer period of time involved than 44 minutes, a code would have been entered indicating the USMS involvement, and there is no such code. Staff also reviewed the electronic docket in Plaintiff's criminal case in Delaware (*United States v. Pronin*, 1:11-CR-00033 in the District of Delaware) that was ongoing at the time and provided to Plaintiff the relevant pages for the time period before and immediately after May 31, 2011, and noted that the docket reflects no evidence of judicial approval of Plaintiff's removal from BOP custody. *Id.* at ¶ 14.

### **FOIA REQUEST 2017-06489**

13.     BOP received FOIA Request 2017-06489 on August 14, 2017. Plaintiff requested the name of the warden at FDC Philadelphia in 2011. On September 18, 2017, BOP issued a determination and provided Plaintiff with the specific name of the warden at FDC Philadelphia in 2011. Plaintiff did not administratively appeal this determination to OIP. Rodgers Decl. ¶ 15.

### **FOIA REQUEST 2018-00680**

14.     BOP received FOIA Request 2018-00680 on October 19, 2017. Plaintiff requested his psychological and medical records for the previous 100 days. On October 31, 2017, BOP issued a determination advising Plaintiff to seek the records through local access, *i.e.*, from his correctional institution. Local access provides the inmate requester with the most expedited access to reviewing his medical records. In the October 31, 2017, determination letter, Plaintiff was specifically advised that if after seeking access to the requested records, he did not receive copies of the records, he should notify the BOP FOIA office within 30 days of receipt of the determination

letter and his original request would be placed back in queue for processing. Plaintiff neither contacted the BOP FOIA office to indicate he had not been permitted access to the requested records, nor did he appeal this determination to OIP. Rodgers Decl. ¶ 16.

Dated: June 22, 2018                Respectfully submitted,

                                              JESSIE K. LIU, D.C. Bar No. 472845
                                              United States Attorney

                                              DANIEL F. VAN HORN, D.C. Bar No. 924092
                                              Chief, Civil Division

                            By:     /s/  *Scott Leeson Sroka*
                                              SCOTT LEESON SROKA, Member of New York Bar
                                              Assistant United States Attorney
                                              555 Fourth Street, N.W.
                                              Washington, D.C. 20530
                                              (202) 252-7113
                                              Scott.Sroka@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DMITRY PRONIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>　　　　Defendant. | Civil Action No. 17-01807 (TJK) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of the Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, the supporting memorandum, the exhibits and declarations thereto, as well as any opposition and reply, and for good cause shown, it is hereby

ORDERED that Defendant's motion is GRANTED, and it is

FURTHER ORDERED that judgment is awarded to Defendant as to all claims asserted in the above-captioned action.

SO ORDERED.

_____　　　　　　　　　　_____
Date　　　　　　　　　　　　　　　　　United States District Judge