# Attachment 1

# FREEDOM OF INFORMATION ACT REQUEST

NCR
FLP

DATE: _____

Name of Agency: Federal Bureau of Prisons

Address: F.B.O.P, F.O.I.A. Section, 320 1-st St. NW

City/State/Zip: Washington DC 20534

Dear Sir or Madam,

This is a request under the Freedom of Information Act as amended (Title 5 U.S.C. § 552) in conjunction with the Privacy Act (Title 4 U.S.C. § 552a).

I am writing to request a copy of the following information:

① The complete list of employees of FCC "Florence", (State Hwy 67 south, Florence CO 81226)

② Full name of Physician Assistant Justiliano, who was, until 2014, employed by F.B.O.P. at USP "Terre Haute" (4700 Bureau Road South, Terre Haute, IN 47802) ④ All psychology files of the requester Pronin

③ The complete list of employees of USP/FCC "Terre Haute" (the address - please see above)

The FOIA also provides that if only portions of a file are exempted from release, the remainder must be released. I therefore request that I be provided with all non-exempt portions which are reasonably separable. I of course reserve all my rights to appeal the withholding or deletion of any information.

If you have any questions regarding this request, please write me at the below captioned address.

As provided in the Freedom of Information Act, I will expect to receive a reply within ten working days.

**Received**

FEB 19 2016

FOIA/PA Section
Federal Bureau of Prisons

Sincerely Yours,

Dmitry Pronin
(NAME)

06763-015 (ID. NUMBER)   CB-117 (UNIT)

U.S.P. Florence
P.O. Box 7000
Florence, CO   81226-7000

U.S. Department of Justice  **Certification of Identity** 

Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]  _Dmitry Y. Pronin_

Citizenship Status [2]  _Russian Federation_  Social Security Number [3]  _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_

Current Address  _Florence USP, State Hwy 67 South, Florence, CO 81226_

Date of Birth  _October 2-nd, 1985_  Place of Birth  _Russia_

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]  _Dmitry Pronin_  Date _01/07/2016_

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____

**Print or Type Name**

[1] Name of individual who is the subject of the record sought.
[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[4] Signature of individual who is the subject of the record sought.

# AFFIDAVIT OF SERVICE

State of Colorado )
County of Freemont ) ss: Affidavit

I am over 18 years of age and my business address is:
Florence USP, State Hwy 67 South
Florence CO 81226

On this 12 day of January, 2016, I served one copy of the following:

a) Freedom of Information Act Request
b) Certification of Identity
c) _____
d) _____
e) _____
f) _____
g) _____

a total of 2 pages served herewith, including all attachment(s), not including this Affidavit of Service, by the United States Postal Service, by way of (Certified Mail/Registered Mail) No. _____, Return Receipt Requested, in a sealed envelope with postage pre-paid, properly addressed to:

Federal Bureau of Prisons
F.O.I.A. Section
320 1-st Street NW
Washington DC 20534

I declare under the penalty of perjury, that the above is true, correct and complete and that this Affidavit of Service was executed on this 12 day of January, 2016.
Under Penalty of Perjury—28 U.S.C. § 1746

_____  ⊗ Dmitry Pronin
Notary Public          Signature

My Commission Expires: ___/___/___

[ SEAL ]

# Attachment 2



**U.S. Department of Justice**

**Federal Bureau of Prisons**

*North Central Regional Office*

---

*Office of the Regional Counsel*

*400 State Avenue*
*Tower II, Suite 800*
*Kansas City, KS 66101*

July 22, 2016

Dmitry Pronin, #309337
Spartanburg County Jail
950 California Ave.
Spartanburg, SC  29303

Re:  Information Request No.  2016-02619

Dear Requester:

This is in response to the above referenced information request.  Specifically, you request a copy of your psychology records; a list of employees at FCC Florence, the name of physician at USP Terre Haute and a list of employees at USP Terre Haute .

The Attorney General has exempted the Bureau of Prisons from certain provisions of the Privacy Act of 1974. Title 5 U.S.C. Section 552a(j). Therefore, all material granted, excised from documents, or denied herein has been processed under the authority of an alternative means of access, which is part of said exemption. The exemption, including the alternative means of access, is set forth in Title 28 Code of Federal Regulations, Section 16.97. Accordingly, access rights are limited to those provided by the non-exempted portions of the Privacy Act of 1974 and the Freedom of Information Act, Title 5 U.S.C. Section 552 and as implemented by Title 28 Code of Federal Regulations, Part 16, Subpart A and D. The procedures established for use by the Bureau of Prisons are outlined in Program Statement 1351.05, Release of Information, and Program Statement 5800.11, Inmate Central File, Privacy Folder and Parole Commission File.

The records you have requested have been reviewed in this office and it has been determined that a portion of the records (93 pages) may be released to you in full and a portion of the records (7 pages) may be released to you in part.  The remaining records (49 pages) are not releasable to you.

Pursuant to the Freedom of Information Act, 5 U.S.C. 552(b)(2)-(7), portions of the records are exempt in part or in full from disclosure to you under the following exemptions:

(b)(2) -related solely to the internal personnel rules and practices of an agency
(b)(6) - constitutes a clearly unwarranted invasion of personal privacy
(b)(7)(C) - constitutes an unwarranted invasion of personal privacy
(b)(7)(E) - discloses investigative techniques and procedures
(b)(7)(F) - could reasonably be expected to endanger the life or physical safety of any individual

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001. Your appeal must be postmarked within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Additionally, you have the right to seek dispute resolution services from BOP's FOIA Public Liaison, Mr. C. Darnell Stroble (202) 616-7750 or the Office of Government Information Services (OGIS). OGIS offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; telephone at (202) 741-5770; toll free at 1-877-684-6448; or facsimile at (202) 741-5769.

Sincerely,

Erika Fenstermaker
for

Richard W. Schott
Regional Counsel

# Attachment 3



**U.S. Department of Justice**

**Federal Bureau of Prisons**

*North Central Regional Office*

---

*Office of the Regional Counsel*

*400 State Avenue*
*Tower II, Suite 800*
*Kansas City, KS 66101*

March 21, 2017

Dmitry Pronin, Reg. No. 06763-015
USP Florence
P.O. Box 7000
Florence, CO 81226

Re: Information Request No. 2016-02619 (Amended)

Dear Requester:

We have amended our original response, to the above referenced information request. Specifically, you request a list of all employees for USP Terre Haute and USP Florence.

The Attorney General has exempted the Bureau of Prisons from certain provisions of the Privacy Act of 1974, Title 5 U.S.C. Section 552a(j). Therefore, all material granted, excised from documents, or denied herein has been processed under the authority of an alternative means of access, which is part of said exemption. The exemption, including the alternative means of access, is set forth in Title 28 Code of Federal Regulations, Section 16.97. Accordingly, access rights are limited to those provided by the non-exempted portions of the Privacy Act of 1974 and the Freedom of Information Act, Title 5 U.S.C. Section 552 and as implemented by Title 28 Code of Federal Regulations, Part 16, Subpart A and D. The procedures established for use by the Bureau of Prisons are outlined in Program Statement 1351.05, <u>Release of Information</u>, and Program Statement 5800.11, <u>Inmate Central File, Privacy Folder and Parole Commission File.</u>

The records you have requested have been reviewed in this office and it has been determined that a portion of the records (0 pages) may be released to you in full and a portion of the records (5 pages) may be released to you in part. The remaining records (0 pages) are not releasable to you.

Pursuant to the Freedom of Information Act, 5 U.S.C. 552(b)(2)-(7), portions of the records are exempt in part or in full from disclosure to you under the following exemptions:

(b)(6) - concerns material the release of which would constitute a clearly unwarranted invasion of the personal privacy of third parties

(b)(7)(C) - concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties

(b)(7)(F) - concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to endanger the life or personal safety of an individual

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001. Your appeal must be postmarked within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Additionally, you have the right to seek dispute resolution services from BOP's FOIA Public Liaison, Mr. C. Darnell Stroble (202) 616-7750 or the Office of Government Information Services (OGIS). OGIS offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; telephone at (202) 741-5770; toll free at 1-877-684-6448; or facsimile at (202) 741-5769.

Sincerely,

Erika Fenstermaker
for

Richard M. Winter
Regional Counsel

# Attachment 4



**U.S. Department of Justice**

Federal Bureau of Prisons

Washington, DC 20534

January 18, 2018

Dmitry Pronin
06763-015
FCI Beaumont Low
Federal Correctional Institute
P.O. Box 26020
Beaumont, Texas 77720

Dear Mr. Pronin:

This correspondence is to provide you with additional records and information relating to three of your recent Freedom of Information Act (FOIA) requests to the Bureau of Prisons as described below.

Regarding your FOIA request 2016-02619, in addition to the records released to you on July 22, 2016 and March 21, 2017, we have re-released the final page of the July 22, 2016 records release (page 149) with fewer redactions than in that earlier release; the remaining redactions on page 149 are a result of the application of FOIA exemptions b(6) and b(7)(C), which relate to the personal privacy of the individual whose identity has been redacted, and b(7)(F), as the redacted information, if released, could reasonably be expected to endanger the safety of an individual.

Regarding FOIA request 2017-05599, your determination letter of July 28, 2017 included a total of 53 pages of records, 12 of which were released with certain redactions of information. As part of this supplemental action, we have released in their entirety pages 3, 10, 13, 14, 17, 24, 28 and 34, and have re-released pages 8 and 19 of those records. Each of these pages is marked by page number on the lower right corner of the page; the redactions which remain on pages 8 and 19 of those records are the result of the application of the aforementioned FOIA exemptions b(6), b(7)(C), and b(7)(F). As part of FOIA request 2017-05599, you also requested complete lists of staff members at FCC Beaumont, FDC Philadelphia, and FCI Ray Brook. Please be advised that we have determined that the public interest in

releasing the names of the wardens at those institutions appears to outweigh any interest of privacy that those individuals may have, but that with regard to staff members junior to those wardens, that their privacy interests, and safety interests attendant to their identities, appear to outweigh any public interest in the release of their names. The names of the wardens at these institutions as are follows.  For FCC Beaumont, Mr. T. J. Watson is the Warden of the penitentiary and satellite prison camp; Mr. Dallas B. Jones is the warden of the medium security institution; and Mr. M. K. Lewis is the warden of the low security institution, where you are now housed.  Additionally, Mr. Sean Marler is the warden at FDC Philadelphia, and Ms. Veronica Fernandez is the warden at FCI Ray Brook.

Finally, regarding FOIA request 2017-05812, it appears that you requested any record that indicated a release from BOP custody, facilitating your transportation to Towson, Maryland for a custodial interrogation.  The only records arguably relevant to this request are also attached hereto. You will note that this report indicates that on May 31, 2011, a move of some sort appears to have been contemplated for you but was essentially discontinued after a period of 44 minutes (from 1717 hours to 1801 hours on May 31, 2011). These 44 minutes would have been inadequate for you to be transported to Towson, Maryland for the purpose you indicated.  Additionally, on the left side of the form are a list of codes indicating either the institution to which you were attached, or a justification for the action taken. If the United States Marshals Service had removed you from BOP custody for transport to Maryland, in addition to a longer period of time involved than 44 minutes, a code would have been entered indicating the Marshals Service involvement, and there is no such code.  Additionally, I reviewed the electronic docket in your criminal case in Delaware (United States v. Pronin, 1:11-CR-00033 in the District of Delaware) that was ongoing at that time and have attached the relevant pages for the time period before and immediately after May 31, 2011, and note no evidence of judicial approval of your removal from BOP custody.

I am hopeful that your find this additional information and records useful.  Given that this matter is already in litigation, I have opted not to include in this

correspondence the normal administrative appeal rights that are typically contained in similar correspondence.  Having said that, I would respectfully invite you to contact this office if you have any concerns or questions regarding the matters contained or referred to in this correspondence.


                              Sincerely,

                              *Ronald L. Rodgers*

                              Ronald L. Rodgers
                              Senior Counsel
                              Information and Remedies
                                   Processing Branch
                              Office of General Counsel
                              Federal Bureau of Prisons


Enclosures

# Attachment 6

Dmitry Pronin # 06763-015
USP Florence High
5880 State Hwy 67 South
Florence CO 81226
Filed Under P.O. Box Rule

NCR

**Received**

OCT 1 2 2016

FOIA/PA Section
Federal Bureau of Prisons

To The Freedom of Information Request Section
Of Central Office of Federal Bureau of Prisons
FREEDOM OF INFORMATION ACT REQUEST
APPEAL

Comes now, Dmitry Pronin, Freedom of Information Act
Request # 2016-02619. Pronin further appeals denial of 3 (three)
categories of information, to name: list of employees for
USP Terre Haute, Indiana; list of employees for USP
Florence, Colorado; full name of PA Justillano, Terre Haute.
Main reason for the appeal being unusually and disproportionately
vague description for the reason of denial of information requested:
5 (five!) reasons are alternatively listed as the reason for denial.

10/04/2016
Ð Dmitry Pronin

page 1 of 1.

# Attachment 7

## NCRO/FOIA~ - Re: FOIA #2017-00272 (PRONIN)

| | |
|---|---|
| **From:** | THA/Legal Svcs~ |
| **To:** | NCRO/FOIA~.NCRADM1.NCRDOM1@bop.gov |
| **Date:** | 10/31/2016 3:13 PM |
| **Subject:** | Re: FOIA #2017-00272 (PRONIN) |
| **Attachments:** | Doc-0001--10-13-2016_13-59-31_1.pdf |

Inmate Pronin states on the attached document that this is an appeal of what he was provided (or not provided) for FOIA #2016-02619.

>>> <NCRO/FOIA~@bop.gov> 10/14/2016 3:27 PM >>>
FOIA Request Number: 2017-00272

**Inmate Pronin, Register Number 06763-015, requests a list of employees for USP Florence and USP Terre Haute. (Please contact HRM for staff list)**

We received the attached FOIA request. Please review the request and provide all responsive records to the North Central Region electronically by return to this email so we can review the records to make a release determination. If you have concerns about releasing some records and/or believe the release of any portion of a record will cause harm to a person or the agency, please articulate your issues in your response email. We will consider your concerns when making a release determination. The Bureau is not required to create documents in response to a request. However, printing a document from an electronic format is not considered "creating" a document. If a computer program must be designed to search for records, please let us know before beginning.

Please complete the attached form and return it with the records or by itself if no documents are located. In order to meet statutory requirements, please provide a response within five (5) days of receipt of this notice. If you are unable to retrieve the requested documents within this time frame, please let us know when you anticipate locating them.

Please contact me at  if you have any questions or concerns. Thank you for your assistance.

North Central Regional Office FOIA Processor Queue

# Attachment 8



**U.S. Department of Justice**
Federal Bureau of Prisons

*North Central Regional Office*

Office of the Regional Counsel

400 State Avenue
Tower II, Suite 800
Kansas City, KS 66101

November 1, 2016

Dmitry Pronin
Register Number 06763-015
USP Terre Haute
PO Box 33
Terre Haute, Indiana 47808

Re:     FOIA Request No:  2017-00272

Dear Dmitry Pronin:

This is in response to the above-referenced information request.  Specifically, you requested a list of employees at USP Terre Haute and USP Florence.   You indicate your request is an appeal to the denial of FOIA Request No. 2016-02619.

Administrative appeals must be submitted by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001. Your appeal must be postmarked within 90 days of the date of the response to your request.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Additionally, you have the right to seek dispute resolution services from BOP's FOIA Public Liaison, Mr. C. Darnell Stroble ((202) 616-7750) or the Office of Government Information Services (OGIS). OGIS offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information, Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Enclosed please find your original request.  Please ensure you resubmit the request to the address referenced in the above paragraph.  As such, FOIA Request No. 2017-00272 will be administratively closed.

Sincerely,

*Anne Cromer*
*for*

Richard M. Winter
Regional Counsel

# Attachment 9

## FREEDOM OF INFORMATION ACT REQUEST

SUR/BMP

DATE 06/16/17 (year two thousand seventeen)

NAME OF AGENCY: Federal Bureau of Prisons

ADDRESS: F.O.I.A Section, 320 1-st Ave

CITY/STATE/ZIP CODE: Washington DC 20530

**Received**

JUN 2 6 2017

FOIA/PA Section
Federal Bureau of Prisons

DEAR SIR, MADAM:

This is a request under the Freedom of Information Act as amended (USC Title 5 §552) in conjunction with the Privacy Act (USC Title 5 §552a).

I am writing to request a copy of the following information:
(1) Requester's here full and complete F.B.O.P psychology files for the period of 12 months (52 weeks) directly preceding the date of this request (that is starting from June 16, 2016 (06/16/16)). (2) Full and complete list of workers of FCC Beaumont (3) Full and complete list of workers FDC Philadelphia (4) Full and complete list of workers FCI Ray Brook (5) Info from chaplain's files concerning exactly from what to what date Requester here was on common fare/cert.

The FOIA also provides that if only a portion of a file are exempted from release, the remainder must be released. I therefore request that I be provided with all nonexempt portions which are reasonably segregate. I, of course, reserve the right to appeal the withholding or deletion of any information.

If you have any questions regarding this request, please write me at the below captioned address.

As provided in the Freedom of Information Act, I will expect to receive a reply within the twenty working days prescribed by law.

Sincerely Requested,

Dmitry Pronin
(NAME)            (ID NUMBER)

Post Office Box 26030
(ADDRESS)

Beaumont TX 77720
(CITY/STATE/ZIP)

U.S. Department of Justice                 **Certification of Identity**                 

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 522a(i) (3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] _Dmitry Pronin_

Current Address _USP Beaumont, Post Office Box 26030, Beaumont TX 77720_

Date of Birth _10/02/1985_

Place of Birth _Irkutsk, Russia_                 **Received**

Social Security Number [2] _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_                 JUN 26 2017

FOIA/PA Section

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [3] _⊕ Dmitry Pronin_                 Date _06/16/17_

---

**Optional: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. § 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_n/a; release to requester personally_

(Print or Type Name)

---

[1] Name of individual who is the subject of the record sought.
[2] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[3] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016
EXPIRES 1/31/01                                         FORM DOJ-361
                                                       FEB. 98



Dmitriy Pronin #CG763-015,
U.S. Penitentiary Beaumont
Post office Box 26030
Beaumont TX. 77720

CERTIFIED MAIL

7010 3090 0003 3419 1542

Special Mail. Pursuant to Code
of Fed. Reg. title 28 Section 540
§§ 18.19 open only in the pre-
sence of the inmate addressee if returned.

Freedom of Info. Act Request

# Attachment 10



**U.S. Department of Justice**
**Federal Bureau of Prisons**

_____

*South Central Regional Office*
*U.S. Armed Forces Reserve Complex*
*344 Marine Forces Drive*
*Grand Prairie, Texas 75051*
*972-730-8924*

JUL 2 8 2017

Dmitry Pronin
Register Number 06763-015
USP Beaumont
P.O. Box 26030
Beaumont, TX  77720          Request Number: 2017-05599

Dear Dmitry Pronin:

This is in response to the above referenced Freedom of Information Act (FOIA) request. Specifically, you requested a copy of the following:  1) his psych records from June 16, 2016 through current; 2) full and complete list of staff at FCC Beaumont, FDC Philadelphia, and FCI RayBrook; and 3) document from the Chaplain showing when he was on common fare diet.

In response to your request, staff located 53 pages of responsive records, which were forwarded to this office for a release determination.  After careful review, we determined 41 pages are appropriate for release in full; 12 pages are appropriate for release in part; and, 0 pages must be withheld in their entirety. Copies of releasable records are attached.

Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, records were redacted under the following exemptions: (b)(6), (b)(7)(C), and (b)(7)(F). An explanation of FOIA exemptions is attached.

In response to a request for a full and complete list of staff at FCC Beaumont, FDC Philadelphia, and FCI Ray Brook, the FOIA is not required to create lists, but provide BOP generated documents.  Therefore, there are no documents to this portion of your request.

If you have any questions, you have the right to seek assistance from the undersigned or BOP's FOIA Public Liaison, Mr. C. Darnell Stroble (202) 616-7750.

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account at: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Additionally,

you have the right to seek dispute resolution services from BOP's FOIA Public Liaison, Mr. C. Darnell Stroble (202) 616-7750 or the Office of Government Information Services (OGIS). OGIS offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information, Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Ben Brieschke, for
Jason A. Sickler
Regional Counsel

## Explanation of FOIA Exemptions Used by the Federal Bureau of Prisons

5 U.S.C. § 552(b)(1) protects classified information.

5 U.S.C. § 552(b)(2) concerns matters related solely to internal agency personnel rules or practices.

5 U.S.C. § 552(b)(3) concerns matters specifically exempted from release by statute.

5 U.S.C. § 552(b)(4) concerns trade secrets and commercial or financial information obtained from a person that is privileged or confidential.

5 U.S.C. § 552(b)(5) concerns certain inter- and intra-agency communications protected by the deliberative process privilege, the attorney work-product privilege, and/or the attorney-client privilege.

5 U.S.C. § 552(b)(6) concerns material the release of which would constitute a clearly unwarranted invasion of the personal privacy of third parties.

5 U.S.C. § 552(b)(7)(A) concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to interfere with enforcement proceedings.

5 U.S.C. § 552(b)(7)(B) concerns records or information compiled for law enforcement purposes the release of which would deprive a person of a right to a fair trial or an impartial adjudication.

5 U.S.C. § 552(b)(7)(C) concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties.

5 U.S.C. § 552(b)(7)(D) concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to disclose the identities of confidential sources and information furnished by such sources.

5 U.S.C. § 552(b)(7)(E) concerns records or information compiled for law enforcement purposes the release of which would disclose techniques and procedures for law enforcement investigations or prosecutions.

5 U.S.C. § 552(b)(7)(F) concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to endanger the life or personal safety of an individual.

5 U.S.C. § 552(b)(8) concerns matters that are "contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions."

5 U.S.C. § 552(b)(9) concerns geological and geophysical information and data, including maps, concerning wells.

# Attachment 11

SCRIBMP

FREEDOM OF INFORMATION ACT REQUEST

DATE 06/17/2017

NAME OF AGENCY: Federal Bureau of Prisons, F.O.I.A Request Section

ADDRESS: 320 1-st St North-West

Received

CITY/STATE/ZIP CODE Washington, DC 20534

JUL 1 0 2017

FOIA/PA Section
Federal Bureau of Prisons

DEAR SIR, MADAM:

This is a request under the Freedom of Information Act as amended (USC Title 5 § 552) in conjunction with the Privacy Act (USC Title 5 §552a). On May 30/31 of 2011

I am writing to request a copy of the following information: requester hero Dmitry Pronin already been federally indicted, arrested and in federal custody (FDC Philadelphia) federal facility) was temporarily taken out of federal custody and by two, fug. squad det., brought to Balto. Co. Police Headquarters in Towson, Maryland, where attempt of interrogation further took place. Now, such temporary release of fed. prisoner requires certain doc. and as Pronin was not indicted by state of Maryland on the charge interrog. attempt dealt with, it could not be extradition request, and only order from a federal judge could authorize such (even temporarily) transfer. Now, due to above-described situation, requester here needs the following information from FBOP.

The FOIA also provides that if only a portion of a file are exempted from release, the remainder must be released. I therefore request that I be provided with all nonexempt portions which are reasonably segregate. I, of course, reserve the right to appeal the withholding or deletion of any information.

If you have any questions regarding this request, please write me at the below captioned address.

As provided in the Freedom of Information Act, I will expect to receive a reply within the twenty working days prescribed by law.

(a) Produce, and in print, authorization from a federal judge (with name, date & signature legible)— copy of authorization from a federal judge to temporarily release federal inmate/requester here/ to Balto Co. Police/homicide squad/ for the purposes of interrogation attempt.

(b) Produce, and in print, statute or a part of it, that would generally authorize such temporarily release

(c) In case the temporarily release was authorized not by federal judge, but by any other federal official — who was such federal official (such as, e.g., law enforcement officer) his/her full name, copy of such authorization

(d) In case if the temporarily release, described above, was authorized by smb. else than a federal judge, then under what statute (part of a statute it was given — specify.

Sincerely Requested,

Dmitry Pronin #06763-015
(NAME)                    (ID NUMBER)
Post Office Box 26030
(ADDRESS)
Beaumont TX 77720
(CITY/STATE/ZIP)

U.S. Department of Justice       **Certification of Identity**       

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 522a(i) (3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]   _Dmitry Pronin_

Current Address   _USP Beaumont, Post Office Box ████, Beaumont TX 77720_

Date of Birth   _October the 2-nd 1985_

Place of Birth   _Irkutsk, Russia_

**Received**

JUL 1 0 2017

Social Security Number [2]   _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_

~~FOIA/PA Section~~
*Federal Bureau of Prisons*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [3]   _⊗ Dmitry Pronin_          Date   _06/17/2017_

---

**Optional:  Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. § 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_n/a; release to requester personally_
(Print or Type Name)

---

[1] Name of individual who is the subject of the record sought.
[2] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[3] Signature of individual who is the subject of the record sought.



Dmitry Pranin #05763-015
U.S. Penitentiary Beaumont
Post Office Box 26030
Beaumont, TX 77720

RETURN RECEIPT
REQUESTED

F.O.I.A. Request

CERTIFIED MAIL

RETURN RECEIPT
REQUESTED

7015 1660 0000 8022 7841

Special Mail. Pursuant to
Code of Fed. Reg. title 28
Section 540 §§18.18 open only
in the presence of the inmade if
disturbed

F.O.I.A. Section
320 1st ST NW
Washington, DC 20534
United States

# Attachment 12



**U.S. Department of Justice**
**Federal Bureau of Prisons**

JUL 19 2017

*South Central Regional Office*
*U.S. Armed Forces Reserve Complex*
*344 Marine Forces Drive*
*Grand Prairie, Texas 75051*
*972-730-8924*

Dmitry Pronin
Register Number 06763-015
USP Beaumont
P.O. Box 26030
Beaumont, TX  77720                    Request Number: 2017-05812

Dear Dmitry Pronin:

This is in response to the above referenced Freedom of Information Act (FOIA) request. The first page of your request is attached to this letter.

Bureau of Prisons staff thoroughly searched for the records you requested using the terms and search parameters referenced in your request.  However, we located no records responsive to your request. We are not using any exemptions to withhold any information from you.

If you have any questions, you have the right to seek assistance from the undersigned or BOP's FOIA Public Liaison, Mr. C. Darnell Stroble (202) 616-7750.

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account at: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Additionally, you have the right to seek dispute resolution services from BOP's FOIA Public Liaison, Mr. C. Darnell Stroble (202) 616-7750 or the Office of Government Information Services (OGIS). OGIS offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information, Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Ben Brieschke, for
Jason A. Sickler
Regional Counsel

SCR1BMP

## FREEDOM OF INFORMATION ACT REQUEST

NAME OF AGENCY: Federal Bureau of Prisons, F.O.I.A. Request Section

DATE 06/17/2017

ADDRESS: 320 1-st St. North-West

CITY/STATE/ZIP CODE Washington, DC 20534

**Received**

JUL 1 0 2017

FOIA/PA Section
Federal Bureau of Prisons

DEAR SIR, MADAM:

This is a request under the Freedom of Information Act as amended (USC Title 5 § 552) in conjunction with the Privacy Act (USC Title 5 §552a). On May 30/31 of 2011 requester here Dmitry

I am writing to request a copy of the following information: Pronin, already been federally indicted, arrested, and in federal custody (FPC Philadelphia [federal facility) was temporarily taken out of federal custody and by two fug. squad det., brought to Balto. Co. Police Headquarters in Towson, Maryland, where attempt of interrogation further took place. Now, such temporary release of fed. prisoner requires certain doc. and as Pronin was not indicted by state of Maryland on the charge, interrog. attempt dealt with it could not be extradition request, and only order from a federal judge could autho- rize such (even temporarily) transfer. Now, due to above-described situation, requester here heads the following information from FBOP.

The FOIA also provides that if only a portion of a file are exempted from release, the remainder must be released. I therefore request that I be provided with all nonexempt portions which are reasonably segregate. I, of course, reserve the right to appeal the withholding or deletion of any information.

If you have any questions regarding this request, please write me at the below captioned address.

As provided in the Freedom of Information Act, I will expect to receive a reply with- in the twenty working days prescribed by law.

ⓐ Produce, and in print, authorization from a federal judge (with name, date & signature legible) - copy of authorization from a federal judge to temporarily release federal inmate/requester here/ to Balto. Co. Police/homicide squad/ for the purposes of interrogation attempt.

ⓑ Produce, and in print, statute or a part of it, that would generally authorize such tempora- rily release

ⓒ In case the temporarily release was authorized not by federal judge, but by any other federal official - who was such federal official (such as, e.g., law enforcement officer), his/her full name, copy of such authorization,

ⓓ In case if the temporarily release described above was authorized by smb. else than a federal judge, then under what statute (part of a statute) it was given - specify.

Sincerely Requested,

Dmitry Pronin # 06763-015
(NAME)                    (ID NUMBER)

Post Office Box 26030
(ADDRESS)

Beaumont TX 77720
(CITY/STATE/ZIP)

# Attachment 13

**Received**

**AGENCIES:**

( )   United States Parole Commision
( )   Federal Bureau of Investigation
( )   Immigration & Naturalization Service
( )   Internal Revenue Service
( )   United States Attorney
( )   Treasury Department
(W)   Bureau of Prisons
( )   State Agency
( )   Other: _____

<u>DIRECT RESPONSE TO:</u>

Name: Dmitry Pronin

Reg. No.: O6763-015

Unit: FB-322

Date: 07/31/17

AUG 1 4 2017

FOIA/PA Section
Federal Bureau of Priso

NER/PHL

TO: Dmitry Pronin # 06763-015
U.S. Penitentiary Beaumont
Post office Box 26030
Beaumont, TX 77720

**IDENTIFICATION OF REQUESTER:**
NAME: Dmitry Pronin
ALIAS: n/a
DATE OF BIRTH: October the 2nd, 1985
PLACE OF BIRTH: Irkutsk, Russia
F.B.I. NO: 541300LD9
SOC. SEC. NO.: 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
OTHER:

RE: FREEDOM OF INFORMATION ACT
(U.S.C. 552) PRIVACY ACT
(5 U.S.C. 552a (d) (1)) Request:
EXEMPTIONS (5 U.S.C. 552 A
(J) (2)) OR SPECIFIC (U.S.C.
552a (k) (2)) NOT APPLICABLE TO
THIS REQUEST.

| Right Thumb | Right Index |
|---|---|
|  |  |
| RT | RI |

Dear Sir/Ms:

This letter will serve as my request pursuant to the provisions of the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 52a (d) (1), and the applicable State Statutes governing Freedom of Information Requests if state agency request, for full disclosure and release of all records and / or data contained in the files of your agency, and specifically under my name and / or an identifier assigned to my name.  This request is sought specifically for amendment, deletion and / or expungement (5 U.S.C. 552a (d) (2) (a)) of records maintained by your Agency.  The records sought but not limited to, is the compiled file containing (1) arrest records, (2) investigation and / or investigatory reports, (3) reports or evidentiary and / or scientific information findings, (4) wants, warrants, and / or detainers, (5) final and closing investigation reports: and (6) any and / or all information, data or reports not otherwise exempt by statute (5 U.S.C. (66) (1974). Menard v Saxbe, 498 F 2d. 1017, 162 U.S. App. D.C. 284 (1974). Sullivan v Murphy, 278 F. 2d, 938, 156 U.S. App. D.C. 28 (1973).  Your Agency is advised that the investigation reports in toto are no longer accorded exempt status unless under the specific exemption noted., and only with reference to

specific citation of authority, Paton v La Prade, 524 F. 2d 862, 868-69. (CA3 1975).
Specific requests:

1. The Full name of the warden of Federal Detention Center Philadelphia, specifically, for the time period of month of May, year 2011.

2. Name of the person who occupied or filled the position, acted as or otherwise occupied or held the position of warden of FDC Philadelphia, time period, 2011.

3.

4.

5.

It is further requested that your agency in response to the material requested specifically inform me if and to whom the file and / or any material therein contained has been released to any identifiable individual or agency, their name, title, purpose and need for such information, the date of such release, the specific reference to authority, statute or regulation, governing such release (5 U.S.C. 52a (d) (1)), Paton v La Parde, 524 F. 2d 862 (CA3 1975), Tarlton v Saxbe, 507 F. 2d. 1116, 165 U.S. App. D.C. 293 1974), of Linda R.S. v Richard D., 410 U.S. 614, 93 S.Ct. 1146, 35 L. Ed. 2d. 536. (1973)

If is further requested that your agency provide me with a copy of specific regulations of your Department as provided by statute (5 U.S.C 552), so that compliance with such regulations is adhered to except as otherwise provided by law (5 U.S.C. 701 et. seq.).

This request is made under the Freedom of information Act (5 U.S.C., 552) and the Privacy Act (5 U.S.C. 552a) together with the "alternate means of access to record on file with your Agency. If and for any reason it is determined that portions of the material and records sought is exempt by state (5 U.S.C. (6) (c) (b) (7), 522a (j) ,(2) (k) (2) or by regulation (Menard v Mitchell, 430 F. 2d. 486, 139 U.S. App. D.C. 113 (1970), Nemetz v Department of Treasury, 446 F. Supp 102) I request specific citation to authority for such deletion. If it should be determined that any material be deemed CONFIDENTIAL due to the material for release. Paton v La Parde, 524 F. 2d. 862 (CA3 1975), Chastain v Kelly, 510 F. 2d. 1232. I further agree go pay any resonable costs , or file IN FORMA Pauperis if I am indigent, provided by statute or regulation of your agency, for search and copying of the material requested.

Pursuant to Title 5 U.S.C. 552 (6) (1) (1), it is noted that your Agency has ten (10) working days following receipt of this request to provide the information and material sought.  Should any delay occur, it is requested that your Agency inform me of this delay as provided by Agency regualtions and the date as to when your Agency will be able to act upon request.

Yours truly,

*D Dmitry Pronin*

Dated :  *C7 /31 /17*

Dmitry Pronin #06763-017
U.S. Penitentiary Beaumont
Post Office Box 26030
Beaumont TX 77720

F.O.I.A.
Request

9#



Special Mail. Pursuant to Code of
Fed. Reg. title 28 section 540.18
18, 19 open only in the presence
of the inmate if returned

7010 3090 0003 3479 3135

Federal Bureau of Prisons
Central Office
F.O.I.A. Request Section
320 1-st Street N.W.
Washington, D.C. 20534

# Attachment 14



**U.S. Department of Justice**
**Federal Bureau of Prisons**

_Northeast Regional Office_
_2nd & Chestnut St., 7th Floor_
_Philadelphia, PA  19106_

September 18, 2017

Dmitry Pronin, Register Number 06763-015
USP Beaumont
P.O. Box 26030
Beaumont, TX  77720

RE: Request Number: 2017-06489

Dear Mr. Pronin:

This is in response to the above referenced Freedom of Information Act (FOIA) request. Specifically, you requested the name of the warden at FDC Philadelphia in 2011.

In response to your request, the Warden at FDC Philadelphia in 2011 was Mr. Troy Levi.

I trust this is responsive to your request. If you have questions about this response please feel free to contact the undersigned, this office, or the Federal Bureau of Prisons' (BOP) FOIA Public Liaison, Mr. C. Darnell Stroble at 202-616-7750, 320 First Street NW, Suite 936, Washington DC 20534, or ogc_efoia@bop.gov.

Sincerely,

Joyce M. Horikawa
Acting Regional Counsel

# Attachment 15

## FREEDOM OF INFORMATION ACT REQUEST

*one copy kept / sent out* (handwritten)

*SY BMP* (handwritten)

NAME OF AGENCY: FBOP

DATE 10/06/17

ADDRESS: 320 1-st Ave. NW

CITY/STATE/ZIP CODE Washington DC 20530

Received

OCT 1 9 2017

. . A P A Section
Federal Bureau of Prisons

DEAR SIR, MADAM:

This is a request under the Freedom of Information Act as amended (USC Title 5 § 552) in conjunction with the Privacy Act (USC Title 5 §552a).

I am writing to request a copy of the following information:

1. My medical records for the last 100 days )  please count 100 days from the date of the req.
2. My psychology records for the last 100 days )

The FOIA also provides that if only a portion of a file are exempted from release, the remainder must be released. I therefore request that I be provided with all nonexempt portions which are reasonably segregate. I, of course, reserve the right to appeal the withholding or deletion of any information.

If you have any questions regarding this request, please write me at the below captioned address.

As provided in the Freedom of Information Act, I will expect to receive a reply within the twenty working days prescribed by law.

Sincerely Requested,

Dmitry Pronin 06763-075
(NAME)            (ID NUMBER)

Post Office Box 26030
(ADDRESS)

Beaumont TX 77720
(CITY/STATE/ZIP)

# Attachment 16



**U.S. Department of Justice**
**Federal Bureau of Prisons**

_South Central Regional Office_
_U.S. Armed Forces Reserve Complex_
_344 Marine Forces Drive_
_Grand Prairie, Texas 75051_
_972-730-8924_

OCT 3 1 2017

Dmitry Pronin
Register Number 06763-015
USP Beaumont
P.O. Box 26030
Beaumont, TX 77720

FOIA/PA Request Number: 2018-00680

Dear Mr. Pronin:

The Federal Bureau of Prisons (BOP) received your Freedom of Information Act/Privacy Act (FOIA/PA) request. The first page of your request is attached to this letter. BOP regulations state, "Inmates are encouraged to use the simple access procedures described in this section to review disclosable records maintained in his or her Inmate Central File, rather than FOIA procedures..." 28 C.F.R. § 513.40. "Disclosable records include, but are not limited to, documents relating to the inmate's sentence, detainer, participation in Bureau programs such as the Inmate Financial Responsibility Program, classification data, parole information, mail, visits, property, conduct, work, release processing, and general correspondence. This information is available without filing a FOIA request." 28 C.F.R. § 513.40. Inmates may also view their medical and dental files using simple access procedures. 28 C.F.R. § 513.42(a). Additionally, "Inmates are encouraged to use the simple local access procedures...to review certain Bureau Program Statements, rather than the FOIA procedures..." 28 C.F.R. § 513.43.

In order to provide you the quickest possible access to the requested records, in accordance with the above cited BOP Regulations and Program Statement 1351.05, Release of Information, and to promote administrative efficiency, you may seek a local review of the requested records to view. Please contact staff at your institution to make arrangements for a review. If, after this review, you do not receive the records you seek, please write back to let us know within 30 days of the date of this letter. We will then place your request back into the processing queue in the place where it would have been had this response not been sent.

If you have questions about this response please feel free to contact the undersigned, this office, or the Federal Bureau of Prisons' (BOP) FOIA Public Liaison, Mr. C. Darnell Stroble at 202-616-7750 or 320 First Street NW, Suite 936, Washington DC 20534.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information, Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001. Your appeal must be postmarked within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Ben Brieschke, for
Jason A. Sickler
Regional Counsel

# Attachment 17



**U.S. Department of Justice**
Federal Bureau of Prisons

CHANGE NOTICE
OPI:           OGC/OGC
NUMBER:   1351.05, CN-2
DATE:         March 9, 2016

# Release of Information

/s/
*Approved*:  Thomas R. Kane
                  Acting Director, Federal Bureau of Prisons

This Change Notice (CN) implements the following change to Program Statement 1351.05 (CN-1), **Release of Information**, dated April 2, 2015.  This text is inserted into the Program Statement (p.8) and marked with a ==highlight==.

**Law Enforcement requests for telephone monitoring information:**

For telephone monitoring information concerning inmate telephone calls, ordinarily only transactional data (e.g., date, time, duration of the call) may be disclosed to Federal and state authorities for use in criminal investigations or prosecutions, upon a written request via BP-A0655, Request for Inmate Transactional Data.

Access to inmate telephone conversations that were previously recorded, or copies of the recorded telephone conversations (even when those conversations are yet to be recorded as long as the monitoring and recording is in the ordinary course of BOP duties), or written transcripts, shall only be disclosed to a requesting law enforcement authority when:

(1)  requested in an emergency situation;
(2)  criminal activity is discovered as part of the routine monitoring for prison administration purposes; or
(3)  requested through proper process (e.g., written endorsement by a U.S. Attorney or DOJ Criminal Section Chief, in connection with a criminal investigation, grand jury subpoena, or administrative subpoena); ==or==

**Note**: U.S. Attorney authorization may only be delegated to an Acting U.S. Attorney when the U.S. Attorney is out of the jurisdiction or otherwise incapacitated.  Authorization cannot be delegated to a First Assistant U.S. Attorney or Criminal Chief, or any other position within the U.S. Attorney's Office.

(4)  requested by the FBI in furtherance of national security investigations, the collection of foreign intelligence information, or any other matter related to domestic or international terrorism.

**Note:** Requests relating to #4 above must be written on FBI letterhead in a standard format produced in consultation with both the FBI and BOP (facsimile or scanned electronic copies are acceptable), directed to the Chief, Counter Terrorism Unit (CTU), and signed by the appropriate Special Agent-in-Charge.

A request must contain a specific statement indicating it is in furtherance of at least one of the three matters listed above, and provide sufficient information to locate the requested telephone conversations.

FBI requests submitted pursuant to this section do not require a subpoena, court order, or any other type of legal process.  They are limited to one year from the date of the request, and they can be renewed for additional one-year periods.

All requests for content of inmate telephone conversations must be directed to the CTU.  Institutions provide all required materials outlined in the request to the CTU for delivery to the FBI.



**U.S. Department of Justice**
Federal Bureau of Prisons

C H A N G E   N O T I C E
OPI:        OGC/OGC
NUMBER:  1351.05, CN-1
DATE:      April 2, 2015

# Release of Information

                    */s/*
*Approved*:  Charles E. Samuels, Jr.
                    Director, Federal Bureau of Prisons

This Change Notice (CN) implements the following change to Program Statement 1351.05,
**Release of Information**, dated September 19, 2002.  This text is inserted into the Program
Statement (p.8) and marked with a ==highlight==.

**Law Enforcement requests for telephone monitoring information:**

For telephone monitoring information concerning inmate telephone
calls, ordinarily only transactional data (e.g., date, time,
duration of the call) ==may be disclosed to Federal and state==
==authorities for use in criminal investigations or prosecutions,==
==upon a written request via BP-A0655, Request for Inmate==
==Transactional Data.==

==Access to inmate telephone conversations that were previously==
==recorded, or copies of the recorded telephone conversations==
==(even when those conversations are yet to be recorded as long as==
==the monitoring and recording is in the ordinary course of BOP==
==duties),== or written transcripts, shall only be disclosed to a
requesting law enforcement ==authority== when:

(5)   requested in an emergency situation;
(6)   criminal activity is discovered as part of the routine
      monitoring for prison administration purposes; or
(7)   requested through proper process (e.g., ==written endorsement==
      ==by a U.S. Attorney or DOJ Criminal Section Chief, in==
      ==connection with a criminal investigation==, grand jury subpoena,
      or administrative subpoena).

**Note:** U.S. Attorney authorization may only be delegated to an Acting U.S. Attorney when the U.S. Attorney is out of the jurisdiction or otherwise incapacitated.  Authorization cannot be delegated to a First Assistant U.S. Attorney or Criminal Chief, or any other position within the U.S. Attorney's Office.



**U.S. Department of Justice**
Federal Bureau of Prisons

# Program Statement

OPI: OGC
NUMBER: 1351.05
DATE: 9/19/2002
SUBJECT: Release of Information

PART ONE: [GENERAL PROVISIONS AND PROCEDURES]

1. **[PURPOSE AND SCOPE § 513.30. This subpart establishes procedures for the release of requested records in possession of the Federal Bureau of Prisons ("Bureau"). It is intended to implement provisions of the Freedom of Information Act (FOIA), 5 U.S.C. 552, and the Privacy Act, 5 U.S.C. 552a, and to supplement Department of Justice (DOJ) regulations concerning the production or disclosure of records or information, 28 CFR part 16.]**

The Freedom of Information Act (FOIA) and the Privacy Act (PA) interact with each other in two areas:

- # When any person requests access to records about himself or herself, both statutes become potentially applicable;

- # When any person requests access to another individual's record through the FOIA, the Privacy Act may prohibit the disclosure of that record unless FOIA requires it.

The determination of what information may be released requires Bureau staff to have a basic understanding of both the FOIA and the Privacy Act, as well as a working knowledge of DOJ and Bureau policy. Bureau staff also should be aware that the Privacy Act establishes criminal penalties and civil liabilities for unauthorized disclosures. The appropriate Regional Counsel shall be contacted when staff are uncertain whether requested information may be disclosed.

Staff shall become familiar with the policy governing release of information, with special emphasis upon those areas with direct application to the employee's job.

Information requests submitted by the union pursuant to 5 U.S.C. § 7114 will be addressed in accordance with this provision and relevant case law.

**[Bold Type - Rules]**
Regular Type - Implementing Information

This Program Statement is divided into four major parts:

| Part | Page |
|------|------|
| General Provisions and Procedures | 1 |
| Inmate Requests to Institution for Information | 12 |
| Privacy Act Requests for Information | 21 |
| Freedom of Information Act Requests for Information | 25 |

2. **SUMMARY OF CHANGES.** This Program Statement is being revised to prohibit inmates from obtaining and possessing photocopies of their Pre-sentence Reports (PSR) and the Statement of Reasons (SOR) from their Judgment(s) in a Criminal Case. The purpose of this prohibition is to protect inmates from being coerced by other inmates to produce their PSRs and SORs for illicit purposes. Inmates will be permitted to review their PSRs and SORs, but cannot obtain or possess photocopies. This revision also introduces a new form which inmates can use to facilitate court review of their PSRs or SORs.

If local procedures are changed, notification to the union and training will be handled in accordance with the Master Agreement.

3. **PROGRAM OBJECTIVES.** The expected results of this program are:

   a. Information will be released to a requester in accordance with Federal law and the regulations and policies of the U.S. Department of Justice.

   b. Inmate Freedom of Information Act requests to the Central Office will be reduced by increasing the use of institution procedures that provide for inmate review of Bureau policy documents and records in Inmate Central Files.

   c. Future litigation pertaining to FOIA/Privacy Act issues will be reduced.

4. **DIRECTIVES AFFECTED**

   a. **Directive Rescinded**

      PS 1351.04    Release of Information (12/5/96)

   b. **Directives Referenced**

      PS 1330.13    Administrative Remedy Program (12/22/95)
      PS 1480.05    Contacts with News Media (9/21/00)
      PS 5070.10    Judicial Recommendations and U.S. Attorney
                    Reports, Responses to (6/30/97)

| PS 5270.07 | Inmate Discipline and Special Housing Units (12/29/87) |
| PS 5310.12 | Psychology Services Manual (8/13/93) |
| PS 5800.10 | Mail Management Manual (11/3/95) |
| PS 5800.11 | Inmate Central File, Privacy Folder and Parole Mini- Files (9/8/97) |
| PS 6000.05 | Health Services Manual (9/15/96) |

Public Information Officer's Handbook (1994)

c.  Bureau rules cited in this Program Statement are contained in 28 CFR 513.30 through 68.

d.  Other rules referenced in this Program Statement are contained in 5 CFR part 297 and 28 CFR parts 16 and 301.

e.  United States Code sections cited in this Program Statement are contained in 5 U.S.C. 301, 552 and 552a; 13 U.S.C.; 18 U.S.C. 3621, 3622, 3624, 4001, 4042, 4081, 4082, 5006, 5024; 28 U.S.C. 509, 510; and 31 U.S.C. 3711(f).

f.  Privacy Act Issuances, 1991 Comp., Volume II.

g.  United States Department of Justice et al. v. Julian et al., 108 S.Ct. 1606 (1988).

5.  **STANDARDS REFERENCED**

a.  American Correctional Association 3rd Edition Standards for Adult Correctional Institutions: 3-4020, 3-4095, and 3-4096

b.  American Correctional Association 3rd Edition Standards for Adult Local Detention Facilities: 3-ALDF-1E-04, 1E-05

c.  American Correctional Association 2nd Edition Standards for Administration of Correctional Agencies: 2-CO-1E-06, 1E-07, and 1E-08

6.  **[LIMITATIONS § 513.31**

**a.  Social Security Numbers.  As of September 27, 1975, Social Security Numbers may not be used in their entirety as a method of identification for any Bureau record system, unless such use is authorized by statute or by regulation adopted prior to January 1, 1975.**

**b.  Employee Records.  Access and amendment of employee personnel records under the Privacy Act are governed by Office of Personnel Management regulations published in 5 CFR part 297 and by Department of Justice regulations published in 28 CFR part 16.]**

7.  [GUIDELINES FOR DISCLOSURE § 513.32]

   a. [The Bureau provides for the disclosure of agency
information pursuant to applicable laws, e.g. the Freedom of
Information Act (5 U.S.C. 552), and the Privacy Act
(5 U.S.C. 552a).]

   b.  Pursuant to 28 CFR part 16, the authority to release or
deny access to records and information is limited to the Director
or his or her designee.

   c.  Bureau staff shall release a Bureau record in response to a
request made in accordance with this rule, unless a valid legal
exemption to disclosure is asserted.

   !   Bureau staff may assert any applicable exemption to
       disclosure which is provided under the FOIA in
       5 U.S.C. § 552(b) or under the Privacy Act in
       5 U.S.C. § 552a.

   !   For a listing of general FOIA Exemptions, see the
       **Exemptions to Disclosure Provided in the Freedom of
       Information Act (Attachment A).**

   !   For a listing of Bureau systems of records which the
       Attorney General has exempted from access and
       disclosure under the Privacy Act, see 28 CFR 16.97.

   Questions regarding the applicability of exemptions may be
referred to the appropriate Regional Counsel or to the Office of
General Counsel.

   d.  Examples of documents or information which ordinarily may
be withheld from disclosure include the examples which follow.
These examples are not intended to represent an all-inclusive
list of every situation when FOIA exemptions may apply, nor are
the FOIA exemptions cited for each example the only ones which
may apply to the examples provided.

   (1)  Documents or information which could reasonably be
expected to constitute an unwarranted invasion of personal
privacy, i.e. information that is not "public information."

   !   For the applicable FOIA exemptions, see Exemptions 6
       and 7 in Attachment A.

   !   Information concerning an individual inmate is not
       generally available to FOIA requesters unless the
       inmate whose records are being sought has given a
       written consent to the disclosure or unless the

information has been determined to constitute "public information."  For guidance on what constitutes "public information," see **Public Information (Attachment B)**.

! Requests by one inmate for public information concerning other inmates must be reviewed very carefully, as prison security concerns may outweigh the right to a FOIA disclosure.

! A denial of such public information to an inmate requester may be done only with the Regional Counsel's approval, after assessing the risks that disclosure might pose to the safety of the inmate(s) whose records are being sought and to other inmates and staff in the institution.  See Section 7.d.(2), below.  A high risk of gang-related prison violence is an example of a prison security concern which might justify the withholding of public information about one inmate to another inmate while in custody.

(2)  Documents or information which would reveal sources of information obtained through a legitimate expectation of confidentiality or which would otherwise endanger the life or physical safety of any person.

! For the applicable FOIA exemptions, see Exemptions 6 and 7 in Attachment A.

! An example is a statement of an inmate witness made in the context of a current or a completed disciplinary, criminal, or accident investigation.  This statement shall not be disclosed to another inmate if such disclosure would endanger the inmate witness.

(3)  Documents or information which could disrupt an inmate's institutional program due to the diagnostic or evaluative opinions contained in the document, and which would likely provoke adjustment difficulties or aggravate existing adjustment difficulties.

! For the applicable FOIA exemptions, see Exemptions 5 and 6 in Attachment A.

(4)  Documents or information which would interfere with ongoing law enforcement proceedings, including administrative investigations.

! For the applicable FOIA exemptions, see Exemptions 5 and 7 in Attachment A.

! While certain investigative information might be
disclosed **after** an administrative investigation is
completed, particular care must be exercised regarding
disclosure during the course of the investigation.
Even after the investigation is completed, personal
safety and prison security concerns may outweigh the
right to a FOIA disclosure.

! Only the institution staff member the Warden designates
as the institution's Public Information Officer is
authorized to make public statements regarding any
investigation.  For further guidance, see the Program
Statement on Contacts with the News Media and the
Public Information Officer's Handbook.

Questions regarding criminal prosecutions, such as the
status of a case, shall be referred to the appropriate U.S.
Attorney.

(5)  Documents or information which, through disclosure of
law enforcement techniques, information, or procedures, could
reasonably be expected to enable the requester to violate a law,
or to threaten the security of a Bureau institution or the safety
of any person.

! For the applicable FOIA exemptions, see Exemptions 2
and 7 in Attachment A.

! Some Program Statements and Operations Memoranda, and
other documents such as post orders, construction
diagrams, etc., may be exempted because disclosing them
would pose a threat to institutional security.  This
may also apply to information contained in
investigations and other Bureau reports where law
enforcement techniques are described.

8.  **[PRODUCTION OF RECORDS IN COURT § 513.33.  Bureau records are
often sought by subpoena, court order, or other court demand, in
connection with court proceedings.  The Attorney General has
directed that these records may not be produced in court without
the approval of the Attorney General or his or her designee.  The
guidelines are set forth in 28 CFR part 16, subpart B.]**

Bureau staff who receive such demands shall consult with their
Regional Counsel or the Office of General Counsel for advice
regarding proper handling of the demand.

9.  **[PROTECTION OF INDIVIDUAL PRIVACY - DISCLOSURE OF RECORDS TO
THIRD PARTIES § 513.34.]**  Bureau employees must carefully
maintain and process all information concerning individuals to
ensure that information is accurate, relevant, and timely, and to
ensure that no inadvertent disclosure of information is made.

**[a. Information that concerns an individual and is contained in
a system of records maintained by the Bureau shall not be
disclosed to any person, or to another agency, except under the
provisions of the Privacy Act, 5 U.S.C. 552a, or the Freedom of
Information Act, 5 U.S.C. 552, and Departmental regulations.]**

Staff may disclose information from a Bureau system of records
only if one or more of the following criteria apply:

(1)  With the written consent of the individual to whom the
record pertains.  The Release of Information Consent form
(BP-S192.013) may be used;

(2)  To employees of the DOJ who have a need for the record
in the performance of their duties;

(3)  If disclosure is permitted under the FOIA,
5 U.S.C. § 552, e.g. "public information", when the public
interest in disclosure of the information outweighs the privacy
interest involved;

    ! For guidance on what constitutes "public information,"
      see Attachment B.

(4)  For a **routine use** described in the DOJ "Notice of
Record System" for the system of records which contains the
information, as published in the Federal Register.

    ! For a list of the Bureau's systems of records that have
      been published in the Federal Register, see the
      **Bureau Systems of Records (Attachment C)**, as updated in
      BOPDOCS.

    ! The published notices for these systems describe the
      records contained in each system and the routine uses
      for disclosing these records without obtaining the
      consent of the person to whom the records pertain.  For
      copies of the published systems notices, see BOPDOCS
      and/or contact the FOIA/PA section of the Office of
      General Counsel.

A **list of routine uses** for records contained in the Inmate
Central File is also contained in the Program Statement
concerning Central File, Privacy Folder, and Parole Mini-Files.

Routine uses for Bureau systems of records may include the
following:

(a)  To Federal, state, local and foreign law enforcement
officials for law enforcement purposes such as investigations,
possible criminal prosecutions, civil court actions, or
administrative and regulatory proceedings.

**Law Enforcement requests for telephone monitoring information:**

! For telephone monitoring information concerning inmate telephone calls, ordinarily only transactional data (e.g. date, time, duration of the call) may be disclosed to Federal and state authorities for use in criminal investigations or prosecutions, upon a written request via BP-A0655, Request for Inmate Transactional Data.

! Access to inmate telephone conversations that were previously recorded, or copies of the recorded telephone conversations (even when those conversations are yet to be recorded as long as the monitoring and recording is in the ordinary course of BOP duties), or written transcripts, shall only be disclosed to a requesting law enforcement authority when:

(1) requested in an emergency situation;

(2) criminal activity is discovered as part of the routine monitoring for prison administration purposes; or

(3) requested through proper process (e.g., written endorsement by a U.S. Attorney or DOJ Criminal Section Chief, in connection with a criminal investigation, grand jury subpoena, or administrative subpoena); or

**Note:** U.S. Attorney authorization may only be delegated to an Acting U.S. Attorney when the U.S. Attorney is out of the jurisdiction or otherwise incapacitated.  Authorization cannot be delegated to a First Assistant U.S. Attorney or Criminal Chief, or any other position within the U.S. Attorney's Office.

(4) requested by the FBI in furtherance of national security investigations, the collection of foreign intelligence information, or any other matter related to domestic or international terrorism.

**Note:** Requests relating to #4 above must be written on FBI letterhead in a standard format produced in consultation with both the FBI and BOP (facsimile or scanned electronic copies are acceptable), directed to the Chief, Counter Terrorism Unit (CTU), and signed by the appropriate Special Agent-in-Charge.

A request must contain a specific statement indicating it is in furtherance of at least one of the three matters listed above, and provide sufficient information to locate the requested telephone conversations.

FBI requests submitted pursuant to this section do not require a subpoena, court order, or any other type of legal process.  They are limited to one year from the date of the request, and they can be renewed for additional one-year periods.

All requests for content of inmate telephone conversations must be directed to the CTU.  Institutions provide all required materials outlined in the request to the CTU for delivery to the FBI.

> **!**   All requests by law enforcement agencies for access to recordings of inmate telephone conversations shall be referred to Regional Counsel.

(b)  To the Bureau of the Census for purposes of planning or carrying out a census or survey or related activity pursuant to the provisions of Title 13, United States Code;

(c)  To a recipient who has provided the Bureau with advance adequate written assurance that the record will be used solely as a statistical research or reporting record, and the record is to be transferred in a form that is not individually identifiable;

(d)  To the National Archives and Records Administration (NARA) as a record which has sufficient historical or other value to warrant its continued preservation by the U.S. Government, or for evaluation by the Administrator of the General Services Administration or his or her designee to determine whether the record has such value;

(e)  To either House of the U.S. Congress, or, to the extent of a matter within its jurisdiction, any Congressional committee or subcommittee, any joint committee of Congress or subcommittee of any such joint committee;

**Congressional requests on behalf of constituents for information about inmates:**

!   Responses to individual members of Congress requesting information on behalf of a constituent are limited to public information unless staff have first obtained the inmate's express or implied consent to provide a fuller response.

!   Written consent from the inmate shall be obtained when practical, using the form BP-S192.013. When this is not practical, staff should consider whether there is implied consent by the inmate. An example of implied consent is a Congressional inquiry which resulted from a letter the inmate sent to the member of Congress and this letter is included with the request from the member of Congress.

!   Implied consent may not be inferred when a third party (for example, the inmate's spouse or parents) initiated the Congressional request for information.  In such a situation, only public information (see Attachment B) may be released to the member of Congress without the inmate's written consent.

Questions regarding appropriate responses to Congressional inquiries shall be directed to the appropriate Regional Counsel or to staff in the FOIA/PA Section of the Office of General Counsel.

(f)  Pursuant to an order of a court of competent jurisdiction;

(g)  To a requester from appropriate state offices (e.g., state department of corrections, parole board, attorney general) seeking access to records concerning state inmates in Bureau custody.

!   Although state inmates are confined in Bureau institutions, they remain state prisoners.  A state inmate may receive periodic visits from state correctional and parole officials to review and evaluate his or her status, parole eligibility, and release readiness.  To accomplish those purposes, state officials require access to the files of state inmates.

> ! Wardens shall ensure that officials of such state offices, who need to review the records, are provided, upon request, access to the complete record of a state inmate in a Bureau institution.

(5) **Records Concerning Former Youth Corrections Act (YCA) Inmates.** Information on former YCA inmates, including the fact that the person has been confined, shall not be released without Regional Counsel review to determine whether the conviction has been expunged and whether disclosure is appropriate.

**[b. Lists of Bureau inmates shall not be disclosed.]**

Any request for such lists shall be forwarded to the Office of General Counsel, Central Office.

c. A list of Bureau employees may be generally releasable. Questions shall be directed to the appropriate Regional Counsel or to the FOIA/PA Section of the Office of General Counsel.

10. **[ACCOUNTING/NONACCOUNTING OF DISCLOSURES TO THIRD PARTIES § 513.35. Accounting/nonaccounting of disclosures to third parties shall be made in accordance with Department of Justice regulations contained in 28 CFR 16.52.]**

Except for disclosures of information to other DOJ employees, and all components thereof, and except for disclosures required under the FOIA (e.g., public information, as listed on Attachment B), an accounting of disclosures to third parties of any information concerning an individual contained in a Bureau system of records will be made in accordance with the following guidelines:

a. **Oral Disclosure**

(1) Staff may orally release only public information. When public information is thus disclosed, no accounting is necessary.

> ! Only in an emergency shall staff orally release non-public information to parties other than DOJ employees.

> ! Before such an emergency oral disclosure is made, staff shall contact Regional Counsel or the FOIA/PA Administrator. If this is not possible, staff shall inform the Regional Counsel, or the FOIA/PA Administrator at the Central Office as soon as practicable after the disclosure.

(2) Upon oral disclosure of non-public information, a memorandum shall be prepared and retained in the file from which the record is disclosed, or an appropriate notation shall be maintained in the file, attached to the record disclosed.

This memorandum or notation shall include the following information:

- the date of the disclosure,
- the name and address of the person to whom the record was disclosed and the name of the agency that person represents, if any,
- the purpose of the request for disclosure; and
- identification of the specific record disclosed.

For a form designed to assist staff receiving an oral request for information, see the Record Of Information Release form (BP-S171.013).

b. **Written Disclosures.** Accounting for a written disclosure may be made by:

(1) Retaining a copy of the correspondence requesting the information and a copy of the response in the file from which the records are disclosed;

(2) Following the procedure for an accounting of an oral disclosure, as described in Section 10.a., above; or

(3) Developing another method if the method provides, at a minimum, the following information:

- the date of the disclosure;
- the name and address of the person to whom the record was disclosed and the agency that person represents, if any;
- the purpose of the request for disclosure; and
- a general description of the specific record disclosed.

c. **Disclosure Record Maintenance.** It is the responsibility of the staff member making a disclosure of non-public information to provide an accurate accounting of that disclosure.

- Accounting records of the disclosure of non-public information shall be maintained for five years or until the record is destroyed, whichever is longer, and will be placed in the privacy folder.

- When records are transferred to the NARA for storage, the disclosure accounting pertaining to those records, other than correspondence, shall be transferred with the records themselves.

- An exemption under 5 U.S.C. § 552a(j) **does not** relieve the Bureau from the responsibility to account for all disclosures other than those within the DOJ or under the FOIA.

11. [<u>GOVERNMENT CONTRACTORS</u> § 513.36

   a.  **No Bureau component may contract for the operation of a record system by or on behalf of the Bureau without the express written approval of the Director or the Director's designee.**

   b.  **Any contract which is approved shall contain the standard contract requirements promulgated by the General Services Administration (GSA) to ensure compliance with the requirements imposed by the Privacy Act.  The contracting component shall have the responsibility to ensure that the contractor complies with the contract requirements relating to privacy.**

   <u>PART TWO: [INMATE REQUESTS TO INSTITUTION FOR INFORMATION]</u>

12.  [<u>INMATE ACCESS TO INMATE CENTRAL FILE</u> § 513.40.  **Inmates are encouraged to use the simple access procedures described in this section to review disclosable records maintained in his or her Inmate Central File, rather than the FOIA procedures described in §§ 513.60 through 513.68 of this subpart.  Disclosable records in the Inmate Central File include, but are not limited to, documents relating to the inmate's sentence, detainer, participation in Bureau programs such as the Inmate Financial Responsibility Program, classification data, parole information, mail, visits, property, conduct, work, release processing, and general correspondence.  This information is available without filing a FOIA request.  If any information]** (in the disclosable section) **[is withheld from the inmate, staff will provide the inmate with a general description of that information and also will notify the inmate that he or she may file a FOIA request.**

   a.  <u>Inmate Review of His or Her Inmate Central File.</u>  **An inmate may at any time request to review all disclosable portions of his or her Inmate Central File by submitting a request to a staff member designated by the Warden.  Staff are to acknowledge the request and schedule the inmate, as promptly as is practical, for a review of the file at a time which will not disrupt institution operations.]**

   Further guidance is contained in the Program Statement on Central File, Privacy Folder, and Parole Mini-Files.

   When an inmate makes a request to institution staff to review his or her Inmate Central File, he or she shall be advised to make arrangements pursuant to local procedures.

   !   Because local processing reduces unnecessary FOIA requests, staff shall advise an inmate to make a request for Inmate Central File records to the FOIA/PA Section of the Office of General Counsel **only** when the inmate wishes to review exempt information.

!   Staff shall not discuss with the inmate the types or
    nature of nondisclosable documents maintained in his or
    her Privacy Folder.

Before any document in the Inmate Central File is disclosed to
the inmate to whom the documents pertain, or to a third party
with the prior written consent of the inmate, the following
review shall take place:

(1) **Bureau Documents**.  If the document is a Bureau document
(generated by Bureau staff) and is not a court-ordered study,
staff are to determine whether the document should be withheld
from disclosure under Section 7 of this Program Statement and
further guidance set forth below.

   !   Staff shall place in the inmate's Privacy Folder any
       document that is to be withheld from disclosure.

   !   Staff shall place all other documents in the
       disclosable portion of the Inmate Central File, which
       is all of the Inmate Central File except for the
       Privacy Folder.

Guidelines for some specific Bureau documents are provided
below:

(a) **Progress Reports**.  All Progress Reports prepared:

   !   After October 15, 1974, are subject to release and
       are to be placed in the disclosable section of the
       Inmate Central File.

   !   Between February 15 and October 15, 1974, are
       subject to release except for the recommendation
       section, which shall be reviewed for disclosure in
       accord with Section 7 of this Program Statement.

   !   Before February 15, 1974, shall be reviewed for
       disclosure in accord with Section 7 of this
       Program Statement.

(b) **Psychiatric Reports**

   !   A psychiatric report written at the request of the
       U.S. Parole Commission is subject to release and
       shall be placed in the disclosable section of the
       Inmate Central File.  This report should be
       written in non-technical language so that it can
       be understood by non-professionals.

!   Other psychiatric, psychological, or evaluative
reports Bureau staff prepared may also be made
available to the U.S. Parole Commission and shall
be inserted in the Privacy Folder.  A summary of
the document must be placed in the Inmate Central
File.  The summary may be placed in the Progress
Report prepared in connection with the inmate's
parole hearing.  The summary shall be sufficiently
detailed to permit the inmate to respond, at the
Parole Hearing, to the substance of the withheld
information.

(c)  **Medical Records**.  See Section 14 of this Program
Statement.

(d)  **Discipline Records**.  Discipline records, such as Unit
Discipline Committee (UDC) and Discipline Hearing Officer (DHO)
packets (including the UDC/DHO report, incident report, notice of
hearing, list of inmate rights at UDC/DHO hearing, notice of
placement in Administrative Detention, and investigative
memoranda), shall be maintained together in the Privacy Folder
only if a portion of an investigation or other discipline record
contains non-disclosable materials.  Copies of all releasable
documents shall be placed together in the disclosable section of
the Inmate Central File.

(2)  **Non-Bureau Documents**

(a)  **FBI/National Crime Information Center (NCIC)
Information**.  The NCIC prohibits the Bureau from disclosing NCIC
identification records to an inmate.

Procedures for an inmate to request a copy of his or her
FBI/NCIC identification record directly from the FBI are
contained in 28 CFR 513.10 through 513.12.

(b)  **Documents from Other Federal Agencies**.  If a document
originates in another Federal agency (including other components
of the Department of Justice), it shall be placed in the Privacy
Folder, except as provided in section 12, first paragraph
(28 CFR 513.40).

When a request for records includes a document from
another Federal agency, the document shall be referred to the
originating Federal agency for a determination of its
releasability (see Attachment D for a suggested format to request
disclosure instructions from the originating agency).  For
documents originating from Federal courts or probation offices,
see subsection (d) below.

(c) **Documents from Non-Federal Agencies.** If a document has been received from a source outside the Federal government (e.g., a state agency), it shall be placed in the Privacy Folder, except as provided in section 12, first paragraph (28 CFR 513.40).

When a request for records includes a document from a non-Federal agency, Bureau staff must make a determination of its releasability in consultation with the non-Federal organization (see Attachment D). If the originating non-Federal agency recommends non-disclosure, and Bureau staff determine that non-disclosure is appropriate under 28 CFR 513.32, staff shall document the rationale for non-disclosure and place the document in the Privacy Folder.

(d) **Documents from Federal Courts and Probation Offices**

(1) **Federal Presentence Reports (PSR) and Statements of Reasons (SOR) from Judgments in Criminal Cases. For safety and security reasons, inmates are prohibited from obtaining or possessing photocopies of their PSRs, SORs, or other equivalent non-U.S. Code sentencing documents (e.g., D.C., state, foreign, military, etc.).** Inmates violating this provision are subject to disciplinary action.

This prohibition applies only to the SOR portion of an inmate's Judgment in a Criminal Case. The rest of the Judgment document remains releasable unless circumstances or policy dictate otherwise. PSRs and SORs received by mail will be treated as contraband, and handled according to the Mail Management Manual.

This prohibition does not apply to inmates in Bureau of Prisons custody with a need to review their PSRs prior to sentencing. For example, a pretrial inmate scheduled for sentencing may possess and review the PSR in preparation for sentencing. After sentencing, however, the inmate is prohibited from retaining a copy of the PSR.

The Bureau implemented this policy for the following reasons.

> \#   Many PSRs and SORs contain information regarding the inmates' government assistance, financial resources, community affiliations, etc.

> \#   The Bureau has documented an emerging problem where inmates pressure other inmates for a copy of their PSRs and SORs to learn if they are informants, gang members, have financial resources, etc.

# Inmates who refuse to provide the documents are threatened, assaulted, and/or seek protective custody. Likewise, inmates providing PSRs and SORs containing harmful information are faced with the same risks of harm.

Inmates needing a copy of their PSRs or SORs for filing as an attachment in a court case may obtain, complete, and submit to the court an Inmate Request For Certification or Judicial Notice of Pre-sentence Report and/or Statement of Reasons form (BP-S757.013). The form, which includes instructions for completion, must be available to inmates in the housing units and law libraries.

Although prohibited from obtaining or possessing photocopies, federal inmates are entitled under the FOIA to access their own PSRs (see United States Department of Justice v. Julian, 486 U.S. 1 (1988)) and SORs. Inmates must be provided reasonable opportunities to access and review their PSRs, SORs, or other equivalent non-U.S. Code sentencing documents (e.g., D.C., state, foreign, military, etc.). Inmates are responsible for requesting an opportunity to access and review these records with unit staff in accordance with the Program Statement on Inmate Central File, Privacy Folder, and Parole Mini-Files. **To facilitate inmate access and review, PSRs and SORs should ordinarily be maintained in the disclosable portion of the central file unless significant safety and security concerns dictate otherwise.**

In addition to the above procedures, other provisions of the FOIA may require limiting inmate access to PSRs and SORs. Third party requests for inmate PSRs and SORs should be handled according to Section 29 of this Program Statement.

Staff must maintain PSRs as follows:

! A PSR prepared **on or after December 1, 1975,** is to be placed in the disclosable portion of the Inmate Central File.

! A PSR prepared **before December 1, 1975,** is to be returned to the sentencing court with a cover letter indicating that the PSR is being returned based on the Supreme Court's decision in Julian and the fact that the PSR was not prepared with the expectation of release. No copy of the returned PSR is to be maintained at the institution, although relevant material from the PSR may be incorporated into other documents.

! Documents which the sentencing court has
sealed or otherwise labeled as not
disclosable to the inmate must be placed in
the privacy folder.  Questions regarding such
documents should be referred to the Regional
Counsel.

(2) **Documents Other than Federal PSIs.**  Generally,
documents originating in a Federal court or probation office
shall be placed in the Privacy Folder if the documents are
clearly marked to indicate that disclosure to the inmate is
unadvisable.  Other documents, such as a court-ordered study the
Bureau prepared, shall be referred to the requesting court for
that court's instructions as to disclosure.  A copy of the
document shall be maintained in the Privacy Folder until a final
determination is made regarding its disclosure.

When Bureau staff reclassify a document from non-
disclosable to disclosable, subsequent to any information request
encompassing that document, staff shall place the reclassified
document in the disclosable section of the Inmate Central File.

**[b.  Procedures for Inmate Review of His or Her Inmate Central
File.**

**(1)  Prior to the inmate's review of the file, staff are to
remove the Privacy Folder which contains documents withheld from
disclosure pursuant to § 513.32.**

**(2)  During the file review, the inmate is to be under
direct and constant supervision by staff.  The staff member
monitoring the review shall enter the date of the inmate's file
review on the Inmate Activity Record and initial the entry.
Staff shall ask the inmate to initial the entry also, and if the
inmate refuses to do so, shall enter a notation to that effect.**

**(3)  Staff shall advise the inmate if there are documents
withheld from disclosure and, if so, shall advise the inmate of
the inmate's right under the provisions of § 513.61 to make a
FOIA request for the withheld documents.]**

28 CFR 513.32 refers to Section 7 of this Program Statement.
28 CFR 513.61 refers to Section 27 of this Program Statement.
The Inmate Activity Record refers to form BP-381.

13.  **[INMATE ACCESS TO INMATE CENTRAL FILE IN CONNECTION WITH
PAROLE HEARINGS § 513.41.  A parole-eligible inmate (an inmate
who is currently serving a sentence for an offense committed
prior to November 1, 1987) may review disclosable portions of the
Inmate Central File prior to the inmate's parole hearing, under
the general procedures set forth in § 513.40.  In addition, the
following guidelines apply:]**

28 CFR 513.40 refers to Section 12 of this Program Statement.

   [a.  A parole-eligible inmate may request to review his or her Inmate Central File by submitting the appropriate Parole Commission form.  This form ordinarily shall be available to each eligible inmate within five work days after a list of eligible inmates is prepared.

   b.  Bureau staff ordinarily shall schedule an eligible inmate for a requested Inmate Central File review within seven work days of the request after the inmate has been scheduled for a parole hearing.  A reasonable extension of time is permitted for documents which have been provided (prior to the inmate's request) to originating agencies for clearance, or which are otherwise not available at the institution.

   c.  A report received from another agency which is determined to be nondisclosable (see § 513.40 (b)) will be summarized by that agency, in accordance with Parole Commission regulations. Bureau staff shall place the summary in the appropriate disclosable section of the Inmate Central File.  The original report (or portion which is summarized in another document) will be placed in the portion of the Privacy File for Joint Use by the Bureau and the Parole Commission.

   d.  Bureau documents which are determined to be nondisclosable to the inmate will be summarized for the inmate's review.  A copy of the summary will be placed in the disclosable section of the Inmate Central File.  The document from which the summary is taken will be placed in the Joint Use Section of the Privacy Folder.  Nondisclosable documents not summarized for the inmate's review are not available to the Parole Commission and are placed in a nondisclosable section of the Inmate Central File.

   e.  When no response regarding disclosure has been received from an originating agency in time for inmate review prior to the parole hearing, Bureau staff are to inform the Parole Commission Hearing Examiner.]

14.  [INMATE ACCESS TO MEDICAL RECORDS § 513.42

   a.  Except for the limitations of paragraphs (c) and (d) of this section, an inmate may review records from his or her medical file (including dental records) by submitting a request to a staff member designated by the Warden.]

   Disclosable Bureau medical records include the following:

   !   Medical and Related Data Sheets (BP-8), although this form has been discontinued, older files may still contain such records),
   !   Report of Medical History (SF-93 or BP-360),

!   Report of Medical Examination (SF-88),
!   Doctor's Orders (SF-508), and
!   Medication Sheets (such as Medications and Treatments,
    PHS Form 2128, Supplement to SF-510).

**[b.   Laboratory Reports which contain only scientific testing
results and which contain no staff evaluation or opinion (such as
Standard Form 514A, Urinalysis) are ordinarily disclosable.  Lab
results of HIV testing may be reviewed by the inmate.  However,
an inmate may not retain a copy of his or her test results while
the inmate is confined in a Bureau facility or a Community
Corrections Center.  A copy of an inmate's HIV test results may
be forwarded to a third party outside the institution and chosen
by the inmate, provided that the inmate gives written
authorization for the disclosure.**

**c.   Medical records containing subjective evaluations and
opinions of medical staff relating to the inmate's care and
treatment will be provided to the inmate only after the staff
review required by paragraph (d) of this section.  These records
include, but are not limited to, outpatient notes, consultation
reports, narrative summaries or reports by a specialist,
operative reports by the physician, summaries by specialists as
the result of laboratory analysis, or in-patient progress
reports.**

**d.   Prior to release to the inmate, records described in
paragraph (c) of this section shall be reviewed by staff to
determine if the release of this information would present a harm
to either the inmate or other individuals.  Any records
determined not to present a harm will be released to the inmate
at the conclusion of the review by staff.  If any records are
determined by staff not to be releasable based upon the presence
of harm, the inmate will be so advised in writing and provided
the address of the agency component to which the inmate may
address a formal request for the withheld records.  An accounting
of any medical records will be maintained in the inmate's medical
file.]**

Release, review, and accounting of disclosures to inmates and
former inmates shall be in accordance with the procedures in the
Health Services Manual.

15.  **[INMATE ACCESS TO CERTAIN BUREAU PROGRAM STATEMENTS**
**§ 513.43.  Inmates are encouraged to use the simple local access
procedures described in this section to review certain Bureau
Program Statements, rather than the FOIA procedures described in
Sections 513.60 through 513.68 of this Subpart.**

a.  **For a current Bureau Program Statement containing rules
(regulations published in the Federal Register and codified in 28
CFR), local access is available through the institution law
library.**

b.  **For a current Bureau Program Statement not containing rules
(regulations published in the Federal Register and codified in 28
CFR), inmates may request that it be placed in the institution
law library.  Placement of a requested Program Statement in the
law library is within the discretion of the Warden, based upon
local institution conditions.**

c.  **Inmates are responsible for the costs of making personal
copies of any Program Statements maintained in the institution
law library.  For copies of Program Statements obtained under the
FOIA procedures described in Sections 513.60 through 513.68 of
this Subpart, fees will be calculated in accordance with 28 CFR
16.10.]**

28 CFR 513.60 through 513.68 refers to Sections 26 through 34 of
this Program Statement.

16.  **[FEES FOR COPIES OF INMATE CENTRAL FILE AND MEDICAL RECORDS
§ 513.44.  Within a reasonable time after a request, Bureau staff
are to provide an inmate personal copies of requested disclosable
documents maintained in the Inmate Central File and Medical
Record.  Fees for the copies are to be calculated in accordance
with 28 CFR § 16.10.]**

No fee shall be charged for the following:

  #  the first 100 pages of duplication (or its cost equivalent),
  #  the first two hours of search time (or its cost equivalent),
     or
  #  charges which total $8.00 or less.

The duplication cost is calculated by multiplying the number of
pages in excess of 100 by $0.10, the current rate set in
28 CFR 16.10.

The cost for search time is calculated by multiplying the number
of quarter hours in excess of two hours by the following rates
set in 28 CFR 16.10 for the staff conducting the search:

  #  $2.25 per quarter hour for clerical staff,
  #  $4.50 per quarter hour for professional staff, and
  #  $7.50 per quarter hour for managerial personnel.

Only fees in excess of $8.00 shall be assessed.  This means that
the total cost must be greater than $8.00, either for the cost of
the search (for time in excess of two hours), for the cost of

duplication (for pages in excess of 100 pages), or for both costs combined.

**Examples:**

**Example 1:**   If a request is made for information contained on 181 pages and clerical staff were able to locate the documents in less than two hours, the requester would be charged $8.10 ($0.10 per page x 81).

**Example 2:**   If it takes two hours and 30 minutes for clerical personnel to locate the same 181 pages, the requester would be charged a total of $12.60 (a duplication fee of $8.10 plus a $4.50 search fee for the two quarter hours of time in excess of two hours, at $2.25 per quarter hour).

Fees for searches shall only be assessed with the authorization of the Regional Counsel or the FOIA/PA Administrator in the Office of General Counsel.  Requesters shall pay fees by check or money order payable to the Treasury of the United States.  Fees shall be forwarded to the office assessing the fees.


PART THREE: [PRIVACY ACT REQUESTS FOR INFORMATION]

17.   [**PRIVACY ACT REQUESTS BY INMATES** § 513.50.  **Because inmate records are exempt from disclosure under the Privacy Act, (see 28 CFR 16.97) inmate requests for records under the Privacy Act will be processed in accordance with the FOIA.  See §§ 513.61 through 513.68.**]

28 CFR 513.61 through 513.68 refers to Sections 27 through 34 of this Program Statement.

18.   **PRIVACY ACT REQUESTS BY EMPLOYEES OR FORMER EMPLOYEES.**  An employee or former employee may make a written request for access to documents in his or her Personnel File and/or other documents concerning the requester which are not contained in the employee's personnel file but which are maintained in a Bureau system of records.  Such a request is processed pursuant to the applicable provisions of the Privacy Act, 5 U.S.C. § 552a, and the FOIA, 5 U.S.C. § 552.

#   A written request should be submitted to:

Director
Federal Bureau of Prisons
320 First Street NW
Washington DC  20534

\# The requester shall clearly mark on the face of the letter and on the envelope **"PRIVACY ACT REQUEST,"** and shall clearly describe the record sought, including the approximate date covered by the record.

\# An employee making such a request must provide identification data, as listed in 28 CFR 16.41, and may use a Certification of Identity Form (DOJ-361) or self-sworn declaration.

19. **PRIVACY ACT REQUESTS ON BEHALF OF AN EMPLOYEE OR FORMER EMPLOYEE.** A request for records concerning an employee or former employee made by an authorized representative of that employee or former employee may be made by writing to the address above. Such requests shall be processed pursuant to the provisions of the Privacy Act.

\# The request must be clearly marked on the face of the letter and on the envelope **"PRIVACY ACT REQUEST,"** and must describe the record sought, including the approximate dates covered by the record.

\# Verification of the identity of the individual whose records are sought is required. See methods of verification listed in 28 CFR 16.41.

20. **ACKNOWLEDGMENT OF PRIVACY ACT REQUESTS.** Requests for records under the Privacy Act received by the FOIA/PA Administrator, Office of General Counsel, shall be reviewed and may be forwarded to the appropriate Regional Office for handling.

\# Requests for records located at a Bureau institution other than the Central Office or a Regional Office shall be referred to the appropriate staff at that institution for proper handling.

\# The requester shall be notified of the status of his or her request by the office with final responsibility for processing the request.

\# Every effort shall be made to respond to the requester within the time limit set under the governing disclosure statute.

21. **REVIEW OF DOCUMENTS FOR PRIVACY ACT REQUESTS.** If a document is deemed to contain information exempt from disclosure, any non-exempt sections of the record shall be provided to the requester after deletion of the exempt portions.

22. **LIMITATIONS ON EMPLOYEE RIGHT TO ACCESS UNDER THE PRIVACY ACT.**  Under Congressional authority granted to the Attorney General by 5 U.S.C. § 552a(j) and (k), certain systems of records listed at 28 CFR 16.97 and on Attachment C are exempt from access under the Privacy Act of 1974.

Bureau records are also subject to the FOIA exemptions from disclosure listed in 5 U.S.C. § 552(b).

23. **DENIAL OF ACCESS AND NOTICE OF APPEAL RIGHTS.**  If a Privacy Act request for records is denied in whole or in part, a denial letter shall be issued and signed by the Director, or his or her designee, and shall state the basis for denial under 28 CFR 513.32.

- \# A requestor who has been denied such access shall be advised that he or she may appeal that decision to the U.S. Department of Justice, Office of Information and Privacy, (OIP) by filing a written appeal within 30 days of the receipt of the denial.

- \# The appeal shall be marked on the face of the letter and the envelope, **"PRIVACY APPEAL - DENIAL OF ACCESS,"** and shall be addressed to the:

  > Office of Information and Privacy
  > U.S. Department of Justice
  > Suite 570, Flag Building
  > Washington DC  20530

During the appeal, Bureau staff shall assist OIP staff in the review of contested Bureau documents necessary to resolve the appeal and/or litigation.  This review may be coordinated by FOIA/PA staff in the Office of General Counsel or Regional Counsel.

24. **CORRECTION OF RECORDS**

   a. **Inmate Requests for Correction.**  An inmate may submit a written request for correction of records through the Bureau's Administrative Remedy Program.

   b. **Non-inmate Requests for Correction.**  A person other than an inmate may request correction of inaccurate, incomplete, or irrelevant information by writing to the Director of the Federal Bureau of Prisons.

- ! A request for correction must identify the particular record in question, state the correction sought, and set forth the justification for the correction.

!    Both the request and the envelope must be clearly
marked **"Privacy Act Correction Request."**

c.   **Bureau Responses**

(1)   **Requests to Correct Bureau Records**

(a)  Bureau staff may make or deny requests for correction
of Bureau records pursuant to procedures contained in
28 CFR 16.50.  One basis for denial may be that the records are
contained in a Bureau system of records that has been published
in the Federal Register and exempted from the Privacy Act's
provisions requiring amendment and correction.  Refer to
28 CFR 16.97 for further information.

**Inmate Central File Records.**  Unit staff shall take
reasonable steps to ensure the accuracy of challenged information
in the Inmate Central File, particularly when the challenged
information can be verified.

!    Reasonable steps include requiring specific action
from the inmate, such as providing documents which
support the challenge and/or the names of people
to contact regarding the challenged information.

!    Once Bureau staff make a determination that the
challenged information is incorrect, appropriate
notations on the record shall be made to ensure
that staff do not use the discredited information
to make decisions regarding the inmate.

!    Special procedures have been developed when the
challenged information involves a PSI Report.  See
the Program Statement on Inmate Central File,
Privacy Folder, and Parole Mini-Files for further
information.

(b)  Any denial of a request for correction should contain
a statement of the reason for denial and notice to the requester
that the denial may be appealed to the U.S. Department of
Justice, Office of Information and Privacy, by filing a written
appeal within 30 days of the receipt of the denial.

The appeal shall be marked on the face of the letter and
the envelope, **"PRIVACY APPEAL – DENIAL OF ACCESS,"** and shall be
addressed to the OIP address cited in Section 23 above.

(2)   **Requests to Correct Records Originated by Other Federal
Agencies.**  Requests for correction of records prepared by other
Federal agencies shall be forwarded to that agency for
appropriate action and the requester shall be immediately
notified of the referral in writing.

(3) **Requests to Correct Records Originated by Non-Federal Source.** When the request is for correction of non-Federal records, the requester shall be advised to write to that non-Federal entity.

25. **FEES FOR PRIVACY ACT REQUESTS.** Fees for copies of records disclosed under the Privacy Act, including fees for an employee's own records, may be charged in accordance with 28 CFR 16.47.

PART FOUR: [FREEDOM OF INFORMATION ACT REQUESTS FOR INFORMATION]

26. [FREEDOM OF INFORMATION ACT REQUESTS § 513.60. Requests for any Bureau record (including Program Statements and Operations Memoranda) ordinarily shall be processed pursuant to the Freedom of Information Act, 5 U.S.C. 552. Such a request must be made in writing and addressed to the Director, Federal Bureau of Prisons, 320 First Street, NW., Washington, D.C. 20534. The requester shall clearly mark on the face of the letter and the envelope "FREEDOM OF INFORMATION REQUEST," and shall clearly describe the records sought. See §§ 513.61 through 513.63 for additional requirements.]

28 CFR 513.61 through 63 refers to Sections 27 through 29 of this Program Statement.

27. [FREEDOM OF INFORMATION ACT REQUESTS BY INMATES § 513.61

   a. Inmates are encouraged to use the simple access procedures described in § 513.40 to review disclosable records maintained in his or her Inmate Central File.]

   28 CFR 513.40 refers to Section 12 of this Program Statement.

   Similarly, inmates are encouraged to use the simple access procedures described in Section 15 above to review certain Bureau Program Statements that may be available locally at the institution.

   [b. An inmate may make a request for access to documents in his or her Inmate Central File or Medical File (including documents which have been withheld from disclosure during the inmate's review of his or her Inmate Central File pursuant to § 513.40) and/or other documents concerning the inmate which are not contained in the Inmate Central File or Medical File. Staff shall process such a request pursuant to the applicable provisions of the Freedom of Information Act, 5 U.S.C. 552.

c.  The inmate requester shall clearly mark on the face of the letter and on the envelope "FREEDOM OF INFORMATION ACT REQUEST", and shall clearly describe the records sought, including the approximate dates covered by the record.  An inmate making such a request must provide his or her full name, current address, date and place of birth.  In addition, if the inmate requests documents to be sent to a third party, the inmate must provide with the request an example of his or her signature, which must be verified and dated within three (3) months of the date of the request.]

A request for "my records," "all my records," or similar wording shall be interpreted as a request for a copy of Inmate Central File records **and** Medical File records currently maintained at the inmate's institution of confinement or, in the case of former inmates, in the last institution of confinement.

Inmates are encouraged to provide Federal register numbers to assist in properly identifying requested records.

28.  [FREEDOM OF INFORMATION ACT REQUESTS BY FORMER INMATES § 513.62.  Former federal inmates may request copies of their Bureau records by writing to the Director, Federal Bureau of Prisons, 320 First Street, NW., Washington, D.C.  20534.  Such requests shall be processed pursuant to the provisions of the Freedom of Information Act.  The request must be clearly marked on the face of the letter and on the envelope "FREEDOM OF INFORMATION ACT REQUEST", and must describe the record sought, including the approximate dates covered by the record.  A former inmate making such a request must provide his or her full name, current address, date and place of birth.  In addition, the requester must provide with the request an example of his or her signature, which must be either notarized or sworn under penalty of perjury, and dated within three (3) months of the date of the request.]

Former inmates are encouraged to provide Federal register numbers to assist in properly identifying requested records.

29.  [FREEDOM OF INFORMATION ACT REQUESTS ON BEHALF OF AN INMATE OR FORMER INMATE § 513.63.  A request for records concerning an inmate or former inmate made by an authorized representative of that inmate or former inmate will be treated as in § 513.61, on receipt of the inmate's or former inmate's written authorization. This authorization must be dated within three (3) months of the date of the request letter.  Identification data, as listed in 28 CFR 16.41, must be provided.]

Requesters are encouraged to provide Federal register numbers to assist in properly identifying requested records.

30. [ACKNOWLEDGMENT OF FREEDOM OF INFORMATION ACT REQUESTS
§ 513.64

   a.  All requests for records under the Freedom of Information
Act received by the FOIA/PA Administrator, Office of General
Counsel, will be reviewed and may be forwarded to the appropriate
Regional Office for proper handling.  Requests for records
located at a Bureau facility other than the Central Office or
Regional Office may be referred to the appropriate staff at that
facility for proper handling.

   b.  The requester shall be notified of the status of his or her
request by the office with final responsibility for processing
the request.]

31. [REVIEW OF DOCUMENTS FOR FREEDOM OF INFORMATION ACT REQUESTS
§ 513.65.  If a document is deemed to contain information exempt
from disclosure, any reasonably segregable portion of the record
shall be provided to the requester after deletion of the exempt
portions.  If documents, or portions of documents, in an Inmate
Central File have been determined to be nondisclosable by
institution staff but are later released by Regional or Central
Office staff pursuant to a request under this section,
appropriate instructions will be given to the institution to move
those documents, or portions, from the Inmate Privacy Folder into
the disclosable section of the Inmate Central File.]

32. [DENIALS AND APPEALS OF FREEDOM OF INFORMATION ACT REQUESTS
§ 513.66.  If a request made pursuant to the Freedom of
Information Act is denied in whole or in part, a denial letter
must be issued and signed by the Director or his or her designee,
and shall state the basis for denial under § 513.32.  The
requester who has been denied such access shall be advised that
he or she may appeal that decision to the Office of Information
and Privacy, U.S. Department of Justice, Suite 570, Flag
Building, Washington, D.C.  20530.  Both the envelope and the
letter of appeal itself should be clearly marked: "Freedom of
Information Act Appeal."]

28 CFR 513.32 refers to Section 7 of this Program Statement.

During the appeal and any subsequent litigation, Bureau staff
shall assist DOJ staff, including OIP staff, in reviewing
contested Bureau documents necessary to resolve the appeal and/or
litigation.

33.   [**FEES FOR FREEDOM OF INFORMATION ACT REQUESTS** § 513.67.
**Fees for copies of records disclosed under the FOIA, including
fees for a requester's own records, may be charged in accordance
with Department of Justice regulations contained in 28 CFR
16.10.**]

See further description of fees in Section 16 above.

34.   [**TIME LIMITS FOR RESPONSES TO FREEDOM OF INFORMATION ACT
REQUESTS** § 513.68.   **Consistent with sound administrative practice
and the provisions of 28 CFR 16.1, the Bureau strives to comply
with the time limits set forth in the Freedom of Information
Act.**]

Staff processing requests for release of information under the
FOIA are expected to be familiar with the provisions of
28 CFR 16.1(d), as follows:

  #   A requester must be notified of the decision on his or her
      request within 10 days after its receipt (excluding
      Saturday, Sunday, and legal public holidays).   Conditions
      for extension of this time are discussed in 28 CFR 16.1(d).

  #   Generally, all FOIA requests shall be processed in the
      approximate order of receipt, unless the requester shows
      exceptional circumstances exist to justify an expedited
      response.   Examples of exceptional circumstances which might
      justify an expedited response include the following:

      !   a threat to life or safety,

      !   the loss of substantial due process rights, or

      !   in cases of widespread and exceptional interest to the
          media, **and** upon approval of DOJ's Office of Public
          Affairs, possible questions about the Government's
          integrity which affect public confidence.

Because a decision to take a FOIA request out of order delays
other requests, simple fairness demands that such a decision be
made only upon careful scrutiny of truly exceptional
circumstances.

      !   Regional Counsel shall follow DOJ guidelines as to
          whether to expedite a particular request because it
          fits into one of the **first two** exceptions described
          above.

❗    Requests which are being considered for expedited
processing because of the **last exception** described
above shall first be sent through the FOIA/PA
Administrator to the General Counsel for obtaining DOJ
approval.

35.   **TRANSITION**.  Inmates must remove any copies of PSRs and SORs
as listed in Section 12.a.(2)(d)(1) they currently possess no
later than 45 days after the effective date of this PS.  Each
inmate must inspect his or her personal property for photocopies
of these documents and then dispose of them.

Inmates possessing these documents when this transition period
expires will be subject to disciplinary action for possession of
contraband.

Inmates may dispose of their PSRs and SORs by any of the
following methods:

❗  Mailing the documents out of the institution to someone of
   the inmate's choosing;

❗  Destroying or discarding the PSRs or SORs themselves; or

❗  Delivering them to a staff member for destruction.

                                    /s/
                              Kathleen Hawk Sawyer
                              Director

DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS

## EXEMPTIONS TO DISCLOSURE PROVIDED IN
## THE FREEDOM OF INFORMATION ACT

1.  The Freedom of Information Act (5 U.S.C. § 552) provides
generally for the disclosure of agency records.  Section 552(b)
exempts from mandatory disclosure matters that are -

    "(1) (A) specifically authorized under criteria established
by an Executive order to be kept secret in the interest of
national defense or foreign policy and (B) are in fact properly
classified pursuant to such Executive order;

    (2)  related solely to the internal personnel rules and
practices of an agency;

    (3)  specifically exempted from disclosure by statute (other
than section 552b of this title), provided that such statute (A)
requires that the matters be withheld from the public in such a
manner as to leave no discretion on the issue, or (B) establishes
particular criteria for withholding or refers to particular types
of matters to be withheld;

    (4)  trade secrets and commercial or financial information
obtained from a person and privileged or confidential;

    (5)  inter-agency or intra-agency memorandums or letters
which would not be available by law to a party other than an
agency in litigation with the agency;

    (6)  personnel and medical files and similar files the
disclosure of which would constitute a clearly unwarranted
invasion of personal privacy;

    (7)  records or information compiled for law enforcement
purposes, but only to the extent that the production of such law
enforcement records or information

        (A) could reasonably be expected to interfere with
enforcement proceedings,

        (B) would deprive a person of a right to a fair trial
or an impartial adjudication,

        (C) could reasonably be expected to constitute an
unwarranted invasion of personal privacy,

        (D) could reasonably be expected to disclose the
identity of a confidential source, including a State, local, or
foreign agency or authority or any private institution which

furnished information of a confidential basis, and, in the case
of a record or information compiled by a criminal law enforcement
authority in the course of a criminal investigation or by an
agency conducting a lawful national security intelligence
investigation, information furnished by a confidential source,

(E) would disclose techniques and procedures for law
enforcement investigations or prosecutions, or would disclose
guidelines for law enforcement investigations or prosecutions if
such disclosure could reasonably be expected to risk
circumvention of the law, or

(F) could reasonably be expected to endanger the life
or physical safety of any individual;

(8)  contained in or related to examination, operating, or
condition reports prepared by, on behalf of, or for the use of an
agency responsible for the regulation or supervision of financial
institutions; or

(9)  geological and geophysical information and data,
including maps, concerning wells.

2.  Any reasonably segregable portion of a record shall be
provided to any person requesting such record after deletion of
the portions which are exempt under this subsection."

3.  Under 5 U.S.C. § 551, Federal "agency records" are defined
**not** to include records of

(1)  the Congress;

(2)  the courts of the United States;

(3)  the governments of the territories or possessions of
the United States; or

(4)  the government of the District of Columbia.

```
                                                    PS 1351.05
                                                    9/19/2002
                                          Attachment B, Page 1
```

DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS


**PUBLIC INFORMATION**


**STAFF:**

         Name
         Position Title (past and present)
         Grade (past and present)
         Salary (past and present)
         Duty Station (past and present)
         Duty Station Address (past and present)


**INMATES:**

See list provided in the Program Statement on News Media Contacts
and the Public Information Officer's Handbook  (PIO Handbook).

### PUBLISHED SYSTEMS OF RECORDS

| #: | NAME: | PUBLICATION DATE: |
|----|-------|-------------------|
| 001 | Custodial/Security Record System | 09/28/78 |
| 002 | FOIA Record System | 09/17/77 |
| 003 | Industrial Inmate Employment Record System | 09/28/78 |
| 004 | Inmate Administrative Remedy Record System | 09/28/78 |
| 005 | Inmate Central Records System | 06/07/84 |
| 006 | Inmate Commissary Accounts Record System | 09/17/77 |
| 007 | Inmate Physical/Mental Health Record System | 09/28/78 |
| 008 | Inmate Safety/Accident Compensation Record System | 09/28/78 |
| 009 | Federal Tort Claims Act Record System | 09/28/78 |
| 010 | Access Control Entry/Exit System | 10/04/95 |
| 011 | Telephone Activity Record System | 04/21/95 |
| 012 | Office of Internal Affairs Investigative Record System | 08/29/95 |
| 101 | NIC Technical Assistance Resource Persons Directory | 04/18/83 |
| 102 | NIC Field Readers List | 04/18/83 |

PS 1351.05
9/19/2002
Attachment D, Page 1

(Date)

Re: _____
Our Reg. No: _____
Docket No: _____

Dear _____,

Please advise us as to whether the attached document(s) prepared by your agency may be (1) disclosed to the above inmate and (2) used with respect to the inmate's parole hearing(s).

Disclosure of information contained in an inmate's prison files is governed by a variety of Federal laws, principally the Freedom of Information Act (5 U.S.C. § 552) and the Privacy Act (5 U.S.C. § 552a).  Guidelines for the implementation of these laws are given below.

### GUIDELINES FOR DISCLOSURE TO A FEDERAL PRISON INMATE

Upon an inmate's request, materials in that inmate's files will be disclosed to that inmate unless there is a legal exemption to such disclosure.  Typical examples of documents which may be withheld are those which, if disclosed, might –

   a. constitute a clearly unwarranted invasion of personal privacy;

   b. reveal sources of information obtained upon a legitimate expectation of confidentiality or otherwise endanger the life or physical safety of any person;

   c. lead to a serious disruption of the subject inmate's institutional program, due to the diagnostic or evaluative opinions contained in the document, and which could likely affect the inmate's clearly documented adjustment difficulties;

   d. interfere with ongoing law enforcement proceedings, including administrative investigations; or

   e. enable the requestor to violate any law or threaten the security of a Federal Bureau of Prisons institution through disclosure of law enforcement techniques or procedures.

PS 1351.05
9/19/2002
Attachment D, Page 2

**GUIDELINES FOR DISCLOSURE FOR USE AT THE INMATE'S PAROLE HEARING**

A Federal prison inmate must be provided reasonable access to reports or documents to be used by the Parole Commission in making its parole release determination.  The Commission, of course, wants to use all the information in the documents you prepare.  If you determine that some information may not be disclosed, in accordance with the guidelines listed above, you must prepare a summary of excluded information if it is to be used by the Parole Commission.  This summary, as well as the disclosable portions of the document, will then be available to the inmate, **and the Commission thereby be permitted to review the entire document**.  The summary need only be phrased in general terms to enable the inmate to respond to the essential allegations made in excluded material.  It should not reveal specific information which might compromise a legitimate need for confidentiality.


**OPTIONS FOR DISCLOSURE OF INFORMATION**

There are three options which exist under Federal law with respect to disclosure to the inmate and to the U.S. Parole Commission of the information prepared by your agency.

**Option 1** - You may authorize complete disclosure of the document.  The document is available for inmate review and copying.  Court disclosure instructions, if any, will be followed.

**Option 2** - You may recommend exclusion of a portion or all of the document from disclosure.  Please identify the part(s) of the document you consider exempt form disclosure and prepare an adequate summary of the excluded material.  The Federal Bureau of Prisons will review the reasons given in accordance with the guidelines listed in this letter.  If at least one of the guidelines is met, both the summary and the disclosable portion of the document, if any, will be available to the inmate.  If the Federal Bureau of Prisons determines the document to be entirely disclosable, the document will be returned to you, and no copy will be retained by the Federal Bureau of Prisons or for release to the U.S. Parole Commission or to the inmate.

**Option 3 -** You may refuse to authorize disclosure of the document, or a summary in any form to the inmate.  If this option is selected, please provide a memorandum detailing reasons for non-disclosure.  The Federal Bureau of Prisons will review the reasons given in accordance with Bureau policy and the guidelines listed in this letter.  If at least one of the guidelines is met, the document will be placed in the Inmate Privacy Folder and will not be available for release either to the inmate or to the U.S.

PS 1351.05
9/19/2002
Attachment D, Page 3

Parole Commission.  If the Federal Bureau of Prisons considers the document disclosable, the document will be returned to you, and no copy will be retained for use by the Federal Bureau of Prisons.  Please consider carefully before choosing this option.

We appreciate your review of the attached documents with respect to their disclosure.  We have enclosed a form for your response. Thank you for you cooperation.

Sincerely,

Warden

Attachments

PS 1351.05
9/19/2002
Attachment D, Page 4

(Date)
To: Warden:
Institution: _____

FROM: (Authorized Agency Representative)
(Agency)

SUBJECT: Disclosure of Information to Federal Inmate and to U.S. Parole Commission

This replies to your (date) letter in which you forward to us, and ask that we review, certain document(s) prepared by our agency to determine whether the document(s) may be disclosed to the Federal inmate involved and the U.S. Parole Commission.

**Document(s):**

The following action may be taken with respect to these documents:

1. Complete disclosure of the document(s) is (are) authorized.

The document may be made available for inmate review and copying.

2. The following portion(s) of the document(s) is (are) to be excluded on the basis that if disclosed, it might –

____ constitute a clearly unwarranted invasion of personal privacy;

____ reveal sources of information obtained under a legitimate expectation of confidentiality or otherwise endanger the life or physical safety of any person;

____ lead to a serious disruption of the subject inmate's institutional program, due to the diagnostic or evaluative opinions contained in the document, and which it could likely affect the inmate's clearly documented adjustment difficulties;

____ interfere with ongoing law enforcement proceedings, including administrative investigations; or

____ enable the requester to violate any law or threaten the security of a Federal Bureau of Prisons institution through disclosure of law enforcement techniques or procedures.

____ Other: (specify) ______________________
A summary of the excluded material is attached.

____ 3. Neither the document nor a summary of the document is to be disclosed in any form to the inmate.