**DMITRY PRONIN v. FEDERAL BUREAU OF PRISONS: 17-CV-01807 (TJK)**
Vaughn Index

Page | 1

## FOIA REQUEST 2016-02619
**Total Pages 154**

| Document Description | Number of Pages | Pages With Redactions | Exemptions Applied | Rationale For Exemptions |
|---|---|---|---|---|
| FCC Florence Staff List<br><br>Pages 1-17 | 17 | 1-17<br>(Withheld in Full) | (b)(2) | Exemption 2 exempts from disclosure records related solely to the internal personnel rules and practices of an agency.<br><br>Exemption 2 was applied to redact FCC Florence Staff List because the staff list not only relates to personnel matters of FCC Florence, specifically, and the BOP generally, but the staff list reflects the internal practice of the BOP concerning staffing compliment at FCC Florence.  Further, the BOP is a  primary law enforcement agency responsible for the management and regulation of all Federal penal and correction institutions pursuant to 18 U.S.C. § 4042(a)(1) and FCC Florence is a federal correctional facility that by provides suitable quarters and provide for the safekeeping, care, and subsistence of persons charged with or convicted of offenses against the United States, or held as a witness or otherwise pursuant to 18 U.S.C. 2 § 4042(a)(2).<br><br>Category of Information Redacted and Rationale<br><br>1.  Staff List that consisted only of a complete list of staff names for FCC Florence. |

DMITRY PRONIN v. FEDERAL BUREAU OF PRISONS: 17-CV-01807 (TJK)
Vaughn Index

Page | 2

| | | | | The FCC Florence staff list is a record compiled for law enforcement purposes.  The release of the same is reasonably expected to endanger the life and/or physical safety of staff since the list will allow inmates or members of the general public to look up staff through Motor Vehicle Administration, tax, or other state open access records and permit the location of staff home addresses for targeted threats to staff and their families or to their real or personal property. |
| --- | --- | --- | --- | --- |
| **Document Description** | **Number of Pages** | **Pages With Redactions** | **Exemptions Applied** | **Rationale For Exemptions** |
| Individual Staff Service Record Report<br><br>Page 18 | 1 | 1 (Withheld in full) | (b)(2)<br>(b)(6)<br>(b)(7)(C) | Exemption 2 exempts from disclosure records related solely to the internal personnel rules and practices of an agency.<br><br>Exemption 2 was applied to redact the Individual Staff Service Record Report because the Report relates to a specific staff member and his/her BOP service record to include social security number of the staff member, retirement date, incentive awards, life insurance premiums and other salary related information.<br><br>Exemption (b)(6) permits the withholding of personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  An Individual Staff Service Record Report is properly withheld because the Report relates to a specific staff member and his/her BOP service record to include social security number of the staff member, retirement date, |

**DMITRY PRONIN v. FEDERAL BUREAU OF PRISONS**: 17-CV-01807 (TJK)
**Vaughn Index**

Page | 3

|  |  |  |  | incentive awards, life insurance premiums and other salary related information. The Individual Staff Service Record is also "similar file" within the meaning of the FOIA because it contains personal information about a named person and such information relates to terms of conditions of employment of the individual. The Report was evaluated for segregability and any exemptions applied were made with a good faith determination that the information withheld fit the FOIA exemption.<br><br>Exemption (b)(7)(C) permits the withholding of records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to constitute an unwarranted invasion of personal privacy. It is well established that the "law" to be "enforced" within the meaning of the term "law enforcement purposes" includes both civil and criminal statutes as well as those statutes authorizing administrative proceedings. The BOP is a primary law enforcement agency responsible for the management and regulation of all Federal penal and correction institutions pursuant to 18 U.S.C. § 4042(a)(1) and the Report relates to a staff member assigned to a federal correctional that provides suitable quarters and provide for the safekeeping, care, and subsistence of persons charged with or convicted of offenses against the United States, or held as a witness or otherwise pursuant to 18 U.S.C. 2 § 4042(a)(2); therefore, the Report is a record compiled for law enforcement purposes. |

DMITRY PRONIN v. FEDERAL BUREAU OF PRISONS: 17-CV-01807 (TJK)
Vaughn Index

Page | 4

| | | | | |
|---|---|---|---|---|
| | | | | Category of Information Redacted and Rationale:<br>1. Name of Staff Member<br>2 Staff Member BOP service information<br>3. Staff Member Social Security Number<br>4. Staff Member Retirement Date<br>5. Staff Member Incentive Awards<br>6. Staff Member  Life Insurance Premiums<br>7. Staff Member Pay Information<br><br>The information redacted applied to a particular, identifiable individual.  BOP staff have a privacy interest in terms and conditions of their employment, including information related to their Service Record as identified in items 1 through 7 above.  Disclosure of an individual staff member's Service Record does not shed light on the activities of the BOP sufficient to overcome the staff member's substantial privacy interest; thus, the balance swings in favor of non-disclosure.<br><br>Further, as the record in question is a law enforcement record and since the staff member holds a primary law enforcement position, the release of the same is reasonably expected to endanger the life and/or physical safety of staff since it will allow inmates or members of the general public to look up staff through Motor Vehicle Administration, tax, or other state open access records and permit the location of staff home addresses for targeted threats to staff and their families or to their real or personal property. |

**DMITRY PRONIN v. FEDERAL BUREAU OF PRISONS: 17-CV-01807 (TJK)**
**Vaughn Index**

**Page | 5**

| Document Description | Number of Pages | Pages With Redactions | Exemptions Applied | Rationale For Exemptions |
|---|---|---|---|---|
| Staffing and Strength Report for Pay Period 09 (May 1, 2016-May 14, 2016)<br><br>Pages 19 -46 | 28 | 19-46 (Withheld in full) | (b)(2) | Exemption 2 exempts from disclosure records related solely to the internal personnel rules and practices of an agency.<br><br>Exemption 2 was applied to redact Staffing and Strength Report because the Report not only relates to personnel matters of FCC Florence, specifically, and the BOP generally, but the Report reflects the internal practice of the BOP concerning staffing compliment at FCC Florence and the manner in which the BOP staff's FCC Florence.. Further, the BOP is a primary law enforcement agency responsible for the management and regulation of all Federal penal and correction institutions pursuant to 18 U.S.C. § 4042(a)(1) and FCC Florence is a federal correctional that by provides suitable quarters and provide for the safekeeping, care, and subsistence of persons charged with or convicted of offenses against the United States, or held as a witness or otherwise pursuant to 18 U.S.C. 2 § 4042(a)(2).<br><br>Category of Information Redacted and Rationale:<br><br>1. Description of staff positions at FCC Florence and the the number allocated;<br><br>2. Vacancy and positions filled; and<br><br>3. Staff names that are assigned to each filled position. |

DMITRY PRONIN v. FEDERAL BUREAU OF PRISONS: 17-CV-01807 (TJK)
Vaughn Index

Page | 6

| | | | | The Staffing and Strength Report is a record compiled for law enforcement purposes.  The release of the same is reasonably expected to endanger the life and/or physical safety of staff and inmates as the Report allows inmates or members of the general public to determine staffing strengths and weaknesses of FCC Florence and knowing the same will permit circumvention of the security and orderly operations of FCC Florence.  Additionally, since the Report also includes a list of staff names, revealing the same will permit inmates or members of the general public to look up staff through Motor Vehicle Administration, tax, or other state open access records and permit the location of staff home addresses for targeted threats to staff and their families or to their real or personal property. |
|---|---|---|---|---|
| **Document Description** | **Number of Pages** | **Pages With Redactions** | **Exemptions Applied** | **Rationale For Exemptions** |
| Bureau of Prisons Psychology Services Risk of Sexual Abusiveness for Inmate Pronin<br><br>Pages 73-74, 83-84 | 4 | 73-74, 83-84 (Withheld in full). | (b)(7)(F) | Exemption 7(F) permits the withholding of law enforcement-related information necessary to protect the physical safety of a wide range of individuals.  The BOP is a  primary law enforcement agency responsible for the management and regulation of all Federal penal and correction institutions pursuant to 18 U.S.C. § 4042(a)(1) and the Report relates to an inmate designated to a federal correctional that provides suitable quarters and provide for the safekeeping, care, and subsistence of persons charged with or convicted of offenses against the United States, or held as a witness or otherwise pursuant to 18 U.S.C. 2 § 4042(a)(2); therefore, the Report is a record compiled for law enforcement purposes.  The Report was evaluated for |

| | | | | segregability and any exemptions applied were made with a good faith determination that the information withheld fit the FOIA exemption. |
|---|---|---|---|---|
| | | | | Category of Information Redacted and Rationale:<br>1.  Name of Inmate<br>2   Staff in-take assessment notes of the inmate pursuant to the Prison Rape Elimination Act 2003 (PREA) to include any history of prior sexual abuse, convictions of violent offenses, risk factors of any sexual abusiveness, findings, and recommendations.<br><br>The record in question relates to a specific inmate and is a law enforcement record prepared as a part of PREA, a law intended to deter the sexual assault of prisoners.  Because of the sensitive nature of the PREA assessment and due to correctional management acumen in knowing that certain inmates are a greater risk of physical and sexual assault based on certain risk factors, to include either a history of sexually abusive behavior or prior sexual abuse, the release of the same to another incarcerated inmate will subject the inmate to either threats of violence or actual physical violence to include sexual violence while incarcerated, since the culture in penal institutions involves some inmates requiring other more vulnerable inmates to produce their "paperwork" (that is, the records redacted or withheld here) to either disprove certain types of convictions, and classification status to include prior cooperation or their history of sex offenses or being the subject of the same. |

DMITRY PRONIN v. FEDERAL BUREAU OF PRISONS: 17-CV-01807 (TJK)
Vaughn Index

Page | 8

| Document Description | Number of Pages | Pages With Redactions | Exemptions Applied | Rationale For Exemptions |
|---|---|---|---|---|
| Federal Bureau of Prisons Psychology Data Systems Report (Risk of Sexual Victimization) for Inmate Pronin<br><br>Page 101, 103 | 2 | 101, 103 (Partially withheld) | (b)(7)(F) | Exemption 7(F) permits the withholding of law enforcement-related information necessary to protect the physical safety of a wide range of individuals.  The BOP is a  primary law enforcement agency responsible for the management and regulation of all Federal penal and correction institutions pursuant to 18 U.S.C. § 4042(a)(1) and the Report relates to an inmate designated to a federal correctional that provides suitable quarters and provide for the safekeeping, care, and subsistence of persons charged with or convicted of offenses against the United States, or held as a witness or otherwise pursuant to 18 U.S.C. 2 § 4042(a)(2); therefore, the Report is a record compiled for law enforcement purposes.  The Report was evaluated for segregability and any exemptions applied were made with a good faith determination that the information withheld fit the FOIA exemption.<br><br>Category of Information Redacted and Rationale:<br>1.  Inmate's Criminal History<br><br>The record in question relates to a specific inmate and is a law enforcement record prepared as a part of PREA, a law intended to deter the sexual assault of prisoners.  Because of the sensitive nature of the PREA related information and due to correctional management acumen in knowing that certain inmates are a greater risk of physical and sexual assault based on certain risk factors to include either a history of sexual abusive behavior or prior sexual abuse, the release of the same to an incarcerated inmate will |

| | | | | subject the inmate to either threats of violence or actual physical violence to include sexual violence while incarcerated since the culture in penal institutions is for some inmates to more vulnerable require inmates to produce their "paperwork" (that is, the records redacted here) to either disprove certain types of convictions, and classification status to include prior cooperation or their history of sex offenses or being the subject of the same. |
| **Document Description** | **Number of Pages** | **Pages With Redactions** | **Exemptions Applied** | **Rationale For Exemptions** |
| Federal Bureau of Prisons Psychology Data Systems Report (Suicide Risk Assessment) for Inmate Pronin<br><br>Page 119-121 | 3 | 120 (Partially withheld) | (b)(7)(E)E (b)(7)(F) | Exemption 7(E) of the Freedom of Information Act affords protection to all law enforcement information that would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.<br><br>Exemption 7(F) permits the withholding of law enforcement-related information necessary to protect the physical safety of a wide range of individuals. The BOP is a primary law enforcement agency responsible for the management and regulation of all Federal penal and correction institutions pursuant to 18 U.S.C. § 4042(a)(1) and the Report relates to an inmate designated to a federal correctional that provides suitable quarters and provide for the safekeeping, care, and subsistence of persons charged with or convicted of offenses against the United States, or held as a witness or otherwise pursuant to 18 U.S.C. 2 § |

|  |  |  |  | 4042(a)(2); therefore, the Report is a record compiled for law enforcement purposes.  The Report was evaluated for segregability and any exemptions applied were made with a good faith determination that the information withheld fit the FOIA exemption.<br><br>Category of Information Redacted and Rationale:<br>1.  Statement of Safety Issues<br><br>The record in question relates to a specific inmate and is a law enforcement record prepared specifically as it related to the incarceration, classification status, and investigation of a specific inmate.   Due to correctional management acumen related to inmate safety and the investigative techniques to ensure the secure and orderly operations of BOP correctional facilities, the release of the same to an incarcerated inmate prevents BOP prison officials from operating secure penal facilities since the release of the information will facilitate inmate on inmate violence and not only put inmates at risk of serious bodily injury, but also staff assault and/or the destruction of government property by inmates. |
| **Document Description** | **Number of Pages** | **Pages With Redactions** | **Exemptions Applied** | **Rationale For Exemptions** |
| Federal Bureau of Prisons Psychology Data Systems Report (Post Suicide Watch Report) for Inmate Pronin<br><br>Page 123-126 | 4 | 125 (Partially withheld) | (b)(7)(E)E<br>(b)(7)(F) | Exemption 7(E) of the Freedom of Information Act affords protection to all law enforcement information that would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or |

|  |  |  |  | prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.<br><br>Exemption 7(F) permits the withholding of law enforcement-related information necessary to protect the physical safety of a wide range of individuals.<br><br>The BOP is a  primary law enforcement agency responsible for the management and regulation of all Federal penal and correction institutions pursuant to 18 U.S.C. § 4042(a)(1) and the Report relates to an inmate designated to a federal correctional that provides suitable quarters and provide for the safekeeping, care, and subsistence of persons charged with or convicted of offenses against the United States, or held as a witness or otherwise pursuant to 18 U.S.C. 2 § 4042(a)(2); therefore, the Report is a record compiled for law enforcement purposes.  The Report was evaluated for segregability and any exemptions applied were made with a good faith determination that the information withheld fit the FOIA exemption.<br><br>Category of Information Redacted and Rationale:<br>1.  Status Issues<br><br>The record in question relates to a specific inmate and is a law enforcement record prepared specifically as it related to the incarceration, classification status, and investigation of a specific inmate.   Due to correctional management acumen related to inmate safety and the investigative techniques to ensure the secure and orderly operations of BOP correctional facilities, the release of the same to an incarcerated inmate prevents BOP prison officials from |
|---|---|---|---|---|

| Document Description | Number of Pages | Pages With Redactions | Exemptions Applied | Rationale For Exemptions |
|---|---|---|---|---|
| | | | | operating secure penal facilities since the release of the information will facilitate inmate on inmate violence and not only put inmates at risk of serious bodily injury, but also staff assault and/or the destruction of government property by inmates. |
| Federal Bureau of Prisons Psychology Data Systems Report (Suicide Risk Assessment) for Inmate Pronin<br><br>Page 129-132 | 4 | 131 (Partially withheld) | (b)(7)(E)E (b)(7)(F) | Exemption 7(E) of the Freedom of Information Act affords protection to all law enforcement information that would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.<br><br>Exemption 7(F) permits the withholding of law enforcement-related information necessary to protect the physical safety of a wide range of individuals.<br><br>The BOP is a primary law enforcement agency responsible for the management and regulation of all Federal penal and correction institutions pursuant to 18 U.S.C. § 4042(a)(1) and the Report relates to an inmate designated to a federal correctional that provides suitable quarters and provide for the safekeeping, care, and subsistence of persons charged with or convicted of offenses against the United States, or held as a witness or otherwise pursuant to 18 U.S.C. 2 § 4042(a)(2); therefore, the Report is a record compiled for law enforcement purposes. The Report was evaluated for segregability and any exemptions applied were made with a |

| | | | | good faith determination that the information withheld fit the FOIA exemption.

Category of Information Redacted and Rationale:
1. Criminal Justice Issues/Open Investigation

The record in question relates to a specific inmate and is a law enforcement record prepared specifically as it related to the incarceration, classification status, and investigation of a specific inmate.  Due to correctional management acumen related to inmate safety and the investigative techniques to ensure the secure and orderly operations of BOP correctional facilities, the release of the same to an incarcerated inmate prevents BOP prison officials from operating secure penal facilities since the release of the information will facilitate inmate on inmate violence and not only put inmates at risk of serious bodily injury, but also staff assault and/or the destruction of government property by inmates.  Further, the information relates to an open criminal investigation, and the release of same could jeopardize the investigation. |
|---|---|---|---|---|
| **Document Description** | **Number of Pages** | **Pages With Redactions** | **Exemptions Applied** | **Rationale For Exemptions** |
| Federal Bureau of Prisons Psychology Data Systems Report (Sexual Abuse Intervention) for Inmate Pronin

Page 149 | 1 | 149 (Partially withheld) | (b)(6) (b)(7)(C) (b)(7)(F) | Exemption (b)(6) permits the withholding of personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The Psychology Data Systems Report is a "similar file" with the meaning of FOIA because the Report contains personal information about a specific inmate and his/her history of incarceration while in the custody of the |

| | | | | BOP.   The Report was evaluated for segregability and any exemptions applied were made with a good faith determination that the information withheld fit the FOIA exemption. |
| --- | --- | --- | --- | --- |
| | | | | Exemption (b)(7)(C) permits the withholding of records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to constitute an unwarranted invasion of personal privacy.  It is well established that the "law" to be "enforced" within the meaning of the term "law enforcement purposes" includes both civil and criminal statutes as well as those statutes authorizing administrative proceedings. The BOP is a  primary law enforcement agency responsible for the management and regulation of all Federal penal and correction institutions pursuant to 18 U.S.C. § 4042(a)(1) and the Report relates to the history of incarceration of an inmate designated to the BOP that provides suitable quarters and provide for the safekeeping, care, and subsistence of persons charged with or convicted of offenses against the United States, or held as a witness or otherwise pursuant to 18 U.S.C. 2 § 4042(a)(2); therefore, the Report is a record compiled for law enforcement purposes. |
| | | | | Exemption 7(F) permits the withholding of law enforcement-related information necessary to protect the physical safety of a wide range of individuals. |
| | | | | The BOP is a  primary law enforcement agency responsible for the management and regulation of all Federal penal and |

| | | | | |
|---|---|---|---|---|
| | | | | correction institutions pursuant to 18 U.S.C. § 4042(a)(1) and the Report relates to an inmate designated to a federal correctional that provides suitable quarters and provide for the safekeeping, care, and subsistence of persons charged with or convicted of offenses against the United States, or held as a witness or otherwise pursuant to 18 U.S.C. 2 § 4042(a)(2); therefore, the Report is a record compiled for law enforcement purposes.  The Report was evaluated for segregability and any exemptions applied were made with a good faith determination that the information withheld fit the FOIA exemption.<br><br>Category of Information Redacted and Rationale:<br>    1.  Name and Register Number of a third-party Inmate<br><br>The information redacted was limited to removing the name and register number of a third-party inmate.  Although incarcerated, inmates do not lose their privacy rights at the jailhouse door, although such privacy rights are consistent with the secure and orderly operations of penal facilities.  With the information already released from this record, the public interest in releasing the third-party inmate's name and register number does not outweigh the inmate's privacy interest as releasing this information will not share any light of what the government is up to.  The record in question relates to a specific inmate and is a law enforcement record prepared as a part of Prison Rape Elimination Act 2003 (PREA) which is a law intended to deter the sexual assault of prisoners.  Further, due to correctional management acumen related to inmate safety, the release of the third-party inmate's name and register could subject the inmate to the risk of violence and the |

DMITRY PRONIN v. FEDERAL BUREAU OF PRISONS: 17-CV-01807 (TJK)
Vaughn Index

Page | 16

| | | | | same impacts the secure and orderly operations of BOP correctional facilities.  This not only will facilitate inmate on inmate violence, but will also place staff in jeopardy of assault and/or result in the destruction of government property by inmates. |
|---|---|---|---|---|
| **Document Description** | **Number of Pages** | **Pages With Redactions** | **Exemptions Applied** | **Rationale For Exemptions** |
| United States Department of Justice (Internal White Pages)  Page 150-154 | 4 | 4 (Partially Withheld) | (b)(6) (b)(7)(C) | Exemption (b)(6) permits the withholding of personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The DOJ Internal White Pages "similar file" within the meaning of the FOIA because it contains personal information about a named person and such information relates to employment information of the individual.  The Report was evaluated for segregability and any exemptions applied were made with a good faith determination that the information withheld fit the FOIA exemption.  Exemption (b)(7)(C) permits the withholding of records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to constitute an unwarranted invasion of personal privacy.  It is well established that the "law" to be "enforced" within the meaning of the term "law enforcement purposes" includes both civil and criminal statutes as well as those statutes authorizing administrative proceedings. The Department of Justice is a Law Enforcement Agency and the BOP is a  primary law enforcement agency responsible for the management and |

| | | | | |
|---|---|---|---|---|
| | | | | regulation of all Federal penal and correction institutions pursuant to 18 U.S.C. § 4042(a)(1) and the DOJ Internal White Pages relates to a staff member assigned to a federal correctional that provides suitable quarters and provide for the safekeeping, care, and subsistence of persons charged with or convicted of offenses against the United States, or held as a witness or otherwise pursuant to 18 U.S.C. 2 § 4042(a)(2); therefore, the DOJ Internal White Pages is a record compiled for law enforcement purposes.<br><br>Category of Information Redacted and Rationale:<br>1. Direct Dial Telephone Number of Staff<br>2. DOJ Email of Staff<br>3. BOP Email of Staff<br><br>The information redacted applied to a particular, identifiable individual.  BOP staff have a privacy interest in terms and conditions of their employment, including information related to direct dial telephone number, DOJ email address, and their BOP email address.  Disclosure of the above information concerning the staff member does not shed light on the activities of the BOP sufficient to overcome the staff member's substantial privacy interest; thus, the balance swings in favor of non-disclosure.<br><br>Further, as the record in question is a law enforcement record and since the staff member holds a primary law enforcement position, the release of the same is reasonably expected to endanger the life and/or physical safety of staff since it will allow inmates or members of the general |

**DMITRY PRONIN v. FEDERAL BUREAU OF PRISONS: 17-CV-01807 (TJK)**
**Vaughn Index**

Page | 18

| | | | | public to circumvent established procedures to contact the staff. |

## FOIA REQUEST 2017-05599
**Total Pages 53**

| Document Description | Number of Pages | Pages With Redactions | Exemptions Applied | Rationale For Exemptions |
|---|---|---|---|---|
| Federal Bureau of Prisons Psychology Services Transfer Intake Screening for Inmate Pronin<br><br>Page 6-7 | 2 | 6 (Partially withheld) | (b)(7)(F) | Exemption 7(F) permits the withholding of law enforcement-related information necessary to protect the physical safety of a wide range of individuals.<br><br>The BOP is a primary law enforcement agency responsible for the management and regulation of all Federal penal and correction institutions pursuant to 18 U.S.C. § 4042(a)(1) and the Report relates to an inmate designated to a federal correctional that provides suitable quarters and provide for the safekeeping, care, and subsistence of persons charged with or convicted of offenses against the United States, or held as a witness or otherwise pursuant to 18 U.S.C. 2 § 4042(a)(2); therefore, the Report is a record compiled for law enforcement purposes. The Report was evaluated for segregability and any exemptions applied were made with a good faith determination that the information withheld fit the FOIA exemption<br><br>Category of Information Redacted and Rationale:<br>1. Sexual Orientation Identification |

**DMITRY PRONIN v. FEDERAL BUREAU OF PRISONS: 17-CV-01807 (TJK)**
Vaughn Index

Page | 19

| Document Description | Number of Pages | Pages With Redactions | Exemptions Applied | Rationale For Exemptions |
|---|---|---|---|---|
| | | | | The record in question relates to a specific inmate and is a law enforcement record prepared as a part of the BOP's psychology assessment of a transferred inmate prepared to assess an inmate's housing needs in an institution.  The information redacted implicated Prison Rape Elimination Act (2003) concerns of the inmate.  PREA is a law intended to deter the sexual assault of prisoners.  Because of the sensitive nature of the PREA assessment and due to correctional management acumen in knowing that certain inmates are a greater risk of physical and sexual assault based on certain risk factors to include either a history of sexual abusive behavior or prior sexual abuse, the release of the same to an incarcerated inmate will subject the inmate to either threats of violence or actual physical violence to include sexual violence while incarcerated since the culture in penal institutions is for certain inmates to require more vulnerable inmates to produce their "paperwork"(that is, the records redacted or withheld here) to either disprove certain types of convictions, and classification statuses to include prior cooperation or their history of sex offenses or being the subject of the same. |
| Bureau of Prisons Psychology Services Risk of Sexual Victimization for Inmate Pronin<br><br>Pages 8-9 | 2 | 8 (Partially Withheld). | (b)(6)<br>(b)(7)(C)<br>(b)(7)(F) | Exemption (b)(6) permits the withholding of personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The Psychology Data Systems Report is a "similar file" with the meaning of FOIA because the Report contains personal information about a specific inmate and his/her history of incarceration while in the custody of the BOP.   The Report was evaluated for segregability and any |

|  |  |  |  | exemptions applied were made with a good faith determination that the information withheld fit the FOIA exemption.

Exemption (b)(7)(C) permits the withholding of records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to constitute an unwarranted invasion of personal privacy.  It is well established that the "law" to be "enforced" within the meaning of the term "law enforcement purposes" includes both civil and criminal statutes as well as those statutes authorizing administrative proceedings. The BOP is a  primary law enforcement agency responsible for the management and regulation of all Federal penal and correction institutions pursuant to 18 U.S.C. § 4042(a)(1) and the Report relates to the history of incarceration of an inmate designated to the BOP that provides suitable quarters and provide for the safekeeping, care, and subsistence of persons charged with or convicted of offenses against the United States, or held as a witness or otherwise pursuant to 18 U.S.C. 2 § 4042(a)(2); therefore, the Report is a record compiled for law enforcement purposes.

Exemption 7(F) permits the withholding of law enforcement-related information necessary to protect the physical safety of a wide range of individuals.

The BOP is a  primary law enforcement agency responsible for the management and regulation of all Federal penal and correction institutions pursuant to 18 U.S.C. § 4042(a)(1) |
|---|---|---|---|---|

and the Report relates to an inmate designated to a federal correctional that provides suitable quarters and provide for the safekeeping, care, and subsistence of persons charged with or convicted of offenses against the United States, or held as a witness or otherwise pursuant to 18 U.S.C. 2 § 4042(a)(2); therefore, the Report is a record compiled for law enforcement purposes.  The Report was evaluated for segregability and any exemptions applied were made with a good faith determination that the information withheld fit the FOIA exemption.

Category of Information Redacted and Rationale:
1.      Name  of a third-party Inmate

The information redacted was limited to removing the name of a third-party inmate.  Although incarcerated, inmates do not lose their privacy rights at the jailhouse door, although such privacy rights are consistent with the secure and orderly operations of penal facilities.  With the information already released from this record, the public interest in releasing the third-party inmate's name and register number does not outweigh the inmate's privacy interest as releasing this information will not share any light of what the government is up to.  Further, due to correctional management acumen related to inmate safety, the release of the third-party inmate's name and register will subject the inmate to the risk of violence and the same impacts the secure and orderly operations of BOP correctional facilities.  This not only will facilitate inmate on inmate violence, but will also place staff in jeopardy of assault and/or result in the destruction of government property by inmates.  The record in question relates to a

DMITRY PRONIN v. FEDERAL BUREAU OF PRISONS: 17-CV-01807 (TJK)
Vaughn Index

Page | 22

| | | | | specific inmate and is a law enforcement record prepared as a part of Prison Rape Elimination Act 2003 (PREA) which is a law intended to deter the sexual assault of prisoners. Because of the sensitive nature of the PREA assessment and due to correctional management acumen in knowing that certain inmates are a greater risk of physical and sexual assault based on certain risk factors to include either a history of sexual abusive behavior or prior sexual abuse, the release of the same to an incarcerated inmate will subject the inmate to either threats of violence or actual physical violence to include sexual violence while incarcerated  since the culture in penal institutions is for certain inmates to require more vulnerable inmates to produce their "paperwork" (that is, the records redacted or withheld here) to either disprove certain types of convictions, and classification status to include prior cooperation or their history of sex offenses or being the subject of the same. |
|---|---|---|---|---|
| **Document Description** | **Number of Pages** | **Pages With Redactions** | **Exemptions Applied** | **Rationale For Exemptions** |
| Federal Bureau of Prisons Psychology Services Mental Health Transfer Summary for Inmate Pronin<br><br>Page 12-13 | 2 | 12 (Partially withheld) | (b)(7)(F) | Exemption 7(F) permits the withholding of law enforcement-related information necessary to protect the physical safety of a wide range of individuals.<br><br>The BOP is a  primary law enforcement agency responsible for the management and regulation of all Federal penal and correction institutions pursuant to 18 U.S.C. § 4042(a)(1) and the Report relates to an inmate designated to a federal correctional that provides suitable quarters and provide for the safekeeping, care, and subsistence of persons charged with or convicted of offenses against the United States, or |

**DMITRY PRONIN v. FEDERAL BUREAU OF PRISONS**: 17-CV-01807 (TJK)
**Vaughn Index**

Page | 23

| | | | | held as a witness or otherwise pursuant to 18 U.S.C. 2 § 4042(a)(2); therefore, the Report is a record compiled for law enforcement purposes.  The Report was evaluated for segregability and any exemptions applied were made with a good faith determination that the information withheld fit the FOIA exemption<br><br>Category of Information Redacted and Rationale:<br>1.  Sexual Orientation Identification<br><br>The record in question relates to a specific inmate and is a law enforcement record prepared as a part of the BOP's psychology assessment of a transferred inmate prepared to assess an inmate's housing needs in an institution.  The information redacted implicated Prison Rape Elimination Act (2003) concerns of the inmate.  PREA is a law intended to deter the sexual assault of prisoners.  Because of the sensitive nature of the PREA assessment and due to correctional management acumen in knowing that certain inmates are a greater risk of physical and sexual assault based on certain risk factors to include either a history of sexual abusive behavior or prior sexual abuse, the release of the same to an incarcerated inmate will subject the inmate to either threats of violence or actual physical violence to include sexual violence while incarcerated since the culture in penal institutions is for certain to require more vulnerable inmates to produce their "paperwork" (that is, the records redacted or withheld here) to either disprove certain types of convictions, and classification statuses to include prior cooperation or their history of sex offenses or being the subject of the same. |

**DMITRY PRONIN v. FEDERAL BUREAU OF PRISONS: 17-CV-01807 (TJK)**
**Vaughn Index**

Page | 24

| Document Description | Number of Pages | Pages With Redactions | Exemptions Applied | Rationale For Exemptions |
|---|---|---|---|---|
| Federal Bureau of Prisons Psychology Services Suicide Risk Assessment for inmate Pronin<br><br>Pages 19-23 | 5 | 19 (Partially Withheld) | (b)(6)<br>(b)(7)(C)<br>(b)(7)(F) | Exemption (b)(6) permits the withholding of personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The Psychology Data Systems Report is a "similar file" with the meaning of FOIA because the Report contains personal information about a specific inmate and his/her history of incarceration while in the custody of the BOP.   The Report was evaluated for segregability and any exemptions applied were made with a good faith determination that the information withheld fit the FOIA exemption.<br><br>Exemption (b)(7)(C) permits the withholding of records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to constitute an unwarranted invasion of personal privacy.  It is well established that the "law" to be "enforced" within the meaning of the term "law enforcement purposes" includes both civil and criminal statutes as well as those statutes authorizing administrative proceedings. The BOP is a  primary law enforcement agency responsible for the management and regulation of all Federal penal and correction institutions pursuant to 18 U.S.C. § 4042(a)(1) and the Report relates to the history of incarceration of an inmate designated to the BOP that provides suitable quarters and provide for the safekeeping, care, and subsistence of persons charged with or convicted of offenses against the United States, or held as a witness |

or otherwise pursuant to 18 U.S.C. 2 § 4042(a)(2); therefore, the Report is a record compiled for law enforcement purposes.

Exemption 7(F) permits the withholding of law enforcement-related information necessary to protect the physical safety of a wide range of individuals.

The BOP is a primary law enforcement agency responsible for the management and regulation of all Federal penal and correction institutions pursuant to 18 U.S.C. § 4042(a)(1) and the Report relates to an inmate designated to a federal correctional that provides suitable quarters and provide for the safekeeping, care, and subsistence of persons charged with or convicted of offenses against the United States, or held as a witness or otherwise pursuant to 18 U.S.C. 2 § 4042(a)(2); therefore, the Report is a record compiled for law enforcement purposes. The Report was evaluated for segregability and any exemptions applied were made with a good faith determination that the information withheld fit the FOIA exemption.

Category of Information Redacted and Rationale:
1.      Name of a third-party

The information redacted was limited to removing the name of a third-party. With the information already released from this record, the public interest in releasing the name of the third-party does not outweigh the individual's privacy interest as releasing this information will not shed any light of what the government is up to. Further, the record in question relates to a specific inmate

| | | | | and is a law enforcement record prepared as a part of the psychological assessment of the inmate and his/her classification while designated to a FBOP facility.  Due to correctional management acumen related to public safety, the release of the name of the third-party will subject the inmate to risk of harassment or the risk of violence from other inmates, and the same impacts the secure and orderly operations of BOP correctional facilities.  This not only would facilitate inmate on inmate violence, but will also place staff in jeopardy of assault and/or result in the destruction of government property by inmates. |
|---|---|---|---|---|