UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DMITRY PRONIN,

    *Plaintiff*,

v.

FEDERAL BUREAU OF PRISONS,

    *Defendant*.

Civil Action No. 17-1807 (TJK)

## MEMORANDUM OPINION AND ORDER

Plaintiff Dmitry Pronin, proceeding *pro se* and *in forma pauperis*, filed this suit against Defendant Federal Bureau of Prisons (BOP), alleging violations of the Freedom of Information Act (FOIA), 5 U.S.C. § 552. *See* ECF No. 1 ("Compl."). Specifically, Plaintiff challenges Defendant's decision to withhold as exempt lists of the names of staff members who work at three BOP facilities where Plaintiff has been incarcerated. *See id.* at 5–6; ECF No. 1-1 at 5–6; ECF No. 26 ("Pl.'s Opp.") at 2.[1]

Currently before the Court is Defendant's Motion to Dismiss or for Summary Judgment. ECF No. 24 ("MSJ"). In Plaintiff's complaint, he does not clarify which of the several FOIA requests he has made over the past several years—and which portions of those requests—are the subject of this action. Accordingly, in its motion, Defendant attempts to address all six of Plaintiff's prior FOIA requests by making broad, wholesale arguments as to each that it conducted adequate searches, properly withheld or redacted responsive information under the applicable exemptions, and otherwise released any segregable information. *Id.* In his response,

---

[1] The Court refers to the ECF-generated page numbers for all of Plaintiff's filings in this matter.

however, Plaintiff explains that he solely challenges Defendant's refusal to disclose staff lists for three BOP facilities. *See* Pl.'s Opp. at 2.

Defendant, apparently content to rest on its initial filing, never filed a reply. But its motion falls well short of justifying summary judgment as to the three staff lists Plaintiff has identified. Accordingly, and for the reasons explained below, Defendant's motion will be denied.

I.   **Factual and Procedural Background**

Plaintiff, a prisoner currently in BOP custody, submitted six FOIA requests to Defendant between February 2016 through October 2017. *See* ECF No. 24-2 ("Rodgers Decl.") at 2–8. On September 1, 2017, Plaintiff filed a complaint seeking the release of documents withheld by Defendant in responding to those requests. *See* Compl. Though Plaintiff did not specify in his complaint the particular request or requests at issue, he clarified in his responses to Defendant's motion that he is only challenging Defendant's decision to withhold the names and positions of employees at three BOP facilities: the Federal Correctional Complex (FCC) located in Florence, Colorado; the United States Penitentiary (USP) and FCC located in Terre Haute, Indiana; and the FCC located in Beaumont, South Carolina. *See* Pl.'s Opp. at 1–2, 6, 8; ECF No. 29 ("Pl.'s Supp. Opp.") at 3, 5. Accordingly, only two of Plaintiff's FOIA requests—Request No. 2016-02619 and Request No. 2017-05599—are at issue here.[2] *See* ECF No. 24-1 ("Def.'s Stmt. Facts") at 1–6; Rodgers Decl. at 2–8.

---

[2] A third request—Request No. 2017-00272—also mentions staff lists for "USP Terre Haute, Indiana" and for "USP Florence, Colorado," ECF No. 24-3, Att. 6, but Plaintiff in that request was merely seeking to administratively appeal his earlier request—Request No. 2016-02619—for the same information. Accordingly, Defendant mistakenly assigned it a separate FOIA-request number. *See* Rodgers Decl. ¶ 7. Defendant later advised Plaintiff of the correct process for appealing his initial request, and that appeal resulted in the release of additional records.

2

### A. Plaintiff's FOIA Request No. 2016-02619

Defendant received Request No. 2016-02619 on February 19, 2016. Rodgers Decl. ¶ 4. The request sought, among other records, (1) "[t]he complete list of employees of FCC 'Florence,'" (2) the "[f]ull name of Physician Assistant Justillano, who was, until 2014, employed by [BOP] at USP 'Terre Haute,'" and (3) "[t]he complete list of employees of USP/FCC 'Terre Haute.'" ECF No. 24-3, Att. 1. On July 22, 2016, Defendant responded by informing Plaintiff that, in response to the entirety of his request, it had identified 149 pages of responsive records and was releasing 93 pages in full and 7 partial pages but withholding 49 pages in full. Rodgers Decl. ¶ 4; ECF No. 24-3, Att. 2. According to BOP, "[m]ost of the pages withheld in full were lists of the names of BOP staff members." Rodgers Decl. ¶ 4. In the letter, Defendant generally cited FOIA Exemptions 2, 6, 7(C), 7(E), and 7(F) as the bases for its withholdings. *Id.* (citing 5 U.S.C. § 552(b)). Plaintiff appealed that response to the Department of Justice Office of Information Policy, which resulted in BOP's release on March 21, 2017, of an additional five pages, though the record does not indicate what information those pages contain. Def.'s Stmt. Facts ¶ 3; Rodgers Decl. ¶ 4.

### B. Plaintiff's FOIA Request No. 2017-05599

Defendant received Request No. 2017-05599 on June 26, 2017. Rodgers Decl. ¶ 9. The request sought, among other records, a "full and complete list of workers of FCC Beaumont." ECF No. 24-3, Att. 9. On July 28, 2017, Defendant responded by informing Plaintiff that, in response to the entirety of his request, it had identified 53 pages of responsive records and was releasing 41 pages in full and 12 partial pages. Rodgers Decl. ¶ 9; ECF No. 24-3, Att. 10. Defendant cited FOIA Exemptions 6, 7(C), and 7(F) for any redactions. ECF No. 24-3, Att. 10 (citing 5 U.S.C. § 552(b)). As to Plaintiff's specific request for a complete staff list for FCC

3

Beaumont, Defendant stated that FOIA did not require it to "create lists," only to "provide BOP generated documents," and thus it stated that there were no responsive documents to that request. ECF No. 24-3, Att. 10. It does not appear that Plaintiff administratively appealed this request.

C. **Defendant's January 2018 Letter to Plaintiff**

On January 18, 2018, and after Plaintiff had commenced this action, Defendant sent a letter to Plaintiff further supplementing its responses to both Request No. 2016-02619 and Request No. 2017-05599. *See* ECF No. 24-3, Att. 4. Regarding the former request, Defendant stated that it was re-releasing a single page with fewer redactions, but that it would continue to redact other information under FOIA Exemptions 6, 7(C), and 7(F). *Id.* Regarding the latter request, Defendant also stated that it would release additional pages, with some redactions remaining pursuant to Exemptions 6, 7(C), and 7(F). *Id.* And as to Plaintiff's specific requests for complete lists of staff members at FCC Beaumont and two other facilities not at issue in this action, Defendant stated that it would release the names of the wardens at those facilities because doing so "appear[ed] to outweigh any interest of privacy that those individuals may have, but that with regard to staff members junior to those wardens, . . . their privacy interests, and safety interests attendant to their identities, appear[ed] to outweigh any public interest in the release of their names." *Id.*

D. **Defendant's Motion**

On June 22, 2018, Defendant filed its motion to dismiss the complaint or, in the alternative, for summary judgment.[3] In arguing that it is entitled to summary judgment,

---

[3] Defendant makes only a passing contention at the beginning of its motion that Plaintiff's complaint should be dismissed, arguing that because Plaintiff does not specify which of his FOIA requests are at issue in this action, he fails to state a claim upon which relief can be granted. *See* MSJ at 1. But in Plaintiff's complaint, he alleges that Defendant has failed to

4

Defendant asserts that it conducted an adequate search for responsive records, that it properly withheld the disputed information under Exemptions 2, 6, 7(C), and 7(F), and that it complied with FOIA's segregability requirement. *See* MSJ at 4–15. In support of its motion, Defendant also submitted a *Vaughn* Index describing its withholdings. *See* ECF No. 24-4 ("Vaughn Index"). Plaintiff filed two responses opposing Defendant's motion, the second after the Court afforded Plaintiff an opportunity to supplement his first response. *See* Pl.'s Opp.; Pl.'s Supp. Opp. Plaintiff's principal argument in both filings is that because Defendant allegedly released a list of names and positions of employees for another facility in response to a prior request, "there exists [a] genuine issue of material fact as to whether [BOP] can authorize the release of such information." Pl.'s Opp. at 5. Defendant did not file a reply.

## II. Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Where the non[-]moving party is proceeding *pro se*, courts in this jurisdiction will construe the

---

comply with FOIA and states that he is seeking as relief "the information requested and unlawfully denied to be released to [him], full and complete." Compl. at 3, 5–6. And he attached Defendant's responses to his FOIA requests. *See* ECF No. 1-1 at 9–12, 18–21. He also describes the information he sought in those requests in his "Verified Brief in Support of Claim," attached to his complaint. *See id.* at 6. Consistent with its duty to construe *pro se* pleadings liberally, the Court finds that Plaintiff has sufficiently stated claims under FOIA. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (noting that documents filed *pro se* should be liberally construed, and that a complaint need only give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." (omission in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

non-moving party's filings liberally." *Cunningham v. U.S. Dep't of Justice*, 40 F. Supp. 3d 71, 82 (D.D.C. 2014).

"[T]he vast majority of FOIA cases can be resolved on summary judgment." *Brayton v. Office of U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011). "[A] district court reviewing a motion for summary judgment conducts a de novo review of the record, and the responding federal agency bears the burden of proving that it has complied with its obligations under . . . FOIA." *Roseberry-Andrews v. Dep't of Homeland Sec.*, 299 F. Supp. 3d 9, 18 (D.D.C. 2018) (quoting *MacLeod v. Dep't of Homeland Sec.*, No. 15-cv-1792 (KBJ), 2017 WL 4220398, at *6 (D.D.C. Sept. 21, 2017)). Indeed, even when the non-movant fails to file an opposition or present a coherent response to the movant's arguments, "a district court must always determine for itself whether the record and any undisputed material facts justify granting summary judgment." *Cable News Network, Inc. v. FBI*, 271 F. Supp. 3d 108, 111 (D.D.C. 2017) (quoting *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 507 (D.C. Cir. 2016)).

"To prevail on summary judgment [in a FOIA suit], an 'agency must [first] show that it made a good faith effort to conduct a search for the requested records.'" *Reporters Comm. for Freedom of the Press v. FBI*, 877 F.3d 399, 402 (D.C. Cir. 2017) (quoting *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)). In making such a showing, the agency can rely on "[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Oglesby*, 920 F.2d at 68. "[S]ummary judgment is inappropriate if a review of the record raises substantial doubt as to the search's adequacy, particularly in view of well defined requests and positive indications of overlooked materials." *Reporters Comm.*, 877 F.3d

6

at 402 (alteration in original) (internal quotation marks omitted) (quoting *Valencia–Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999)).

Upon a showing that it has conducted an adequate search, the agency must then demonstrate that it has not withheld any responsive document that is not specifically exempted under one of FOIA's nine exemptions. *See Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 777 F.3d 518, 522 (D.C. Cir. 2015). "FOIA's exemptions 'are explicitly made exclusive' and 'must be narrowly construed.'" *Id.* (quoting *Milner v. Dep't of the Navy*, 562 U.S. 562, 565 (2011)). When the propriety of an agency's withholding is at issue, summary judgment in favor of the agency is justified if the agency's supporting declarations and exhibits describe the requested documents and "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009) (quoting *Miller v. Casey*, 730 F.2d 773, 776 (D.C. Cir. 1984)). "The agency cannot rely on 'conclusory and generalized allegations of exemptions." *Roseberry-Andrews*, 299 F. Supp. 3d at 19 (quoting *Morley v. CIA*, 508 F.3d 1108, 1115 (D.C. Cir. 2007)).

### III.   Analysis

As Plaintiff has clarified, the only records he seeks in this action are complete lists of the names and titles of the staff at three BOP facilities. But Defendant's chaotic motion for summary judgment does not demonstrate that summary judgment in its favor is warranted as to Plaintiff's requests for these specific records. In response to Plaintiff's request for staff lists for FCC Florence, Defendant identifies two documents, purports to claim Exemption 2 for both, also invokes the standard for Exemption 7(F), and fails to sufficiently justify relying on either. As for

Plaintiff's request for a staff list for the Terre Haute facilities, Defendant entirely neglects to address it. Nowhere in Defendant's motion or accompanying declarations does it even represent whether it possesses responsive records. Finally, regarding Plaintiff's request for a staff list for FCC Beaumont, Defendant represented in its initial response letter that it possessed no responsive documents, then later stated in its January 2018 letter that it had decided not to release the names of those employees out of concern for their privacy, without citing any specific FOIA exemption. Defendant's motion and accompanying declaration repeat that latter explanation, again without citing a specific exemption.

The Court addresses each of these three requests in turn below. At bottom, and as explained in more detail, given the present record and Defendant's haphazard explanations for its responses and withholdings, the Court presently cannot grant Defendant's motion for summary judgment.

    A.    **Plaintiff's FCC Florence Request**

Defendant has identified two documents responsive to Plaintiff's request for a list of employees at FCC Florence. The first, labeled "FCC Florence Staff List," is described by Defendant as a document "that consisted only of a complete list of staff names for FCC Florence." Vaughn Index at 1–2. The second, labeled "Staffing and Strength Report for Pay Period 09 (May 1, 2016–May 14, 2016)," is described by Defendant to include a "[d]escription of staff positions at FCC Florence," "[v]acanc[ies] and positions filled," and "[s]taff names that are assigned to each filled position." *Id.* at 5. Defendant purports to withhold both documents under FOIA Exemption 2. *See id.* at 1–2, 5; MSJ at 7–9.

Exemption 2 exempts from disclosure information "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). To fall within this

8

exemption, records must be "internal" such that the agency "typically keep[s] the records to itself for its own use," and they must "concern the conditions of employment in federal agencies—such matters as hiring and firing, work rules and discipline, compensation and benefits." *Milner*, 562 U.S. at 570 & n.4. They must also "relate 'solely' to [the] agency's internal rules and practices, which means that [Exemption 2] does not exempt 'matters [that are] subject to . . . a genuine and significant public interest." *Sheridan v. U.S. Office of Pers. Mgmt.*, 278 F. Supp. 3d 11, 19 (D.D.C. 2017) (third alteration and omission in original) (internal citation omitted) (quoting *Dep't of the Air Force v. Rose*, 425 U.S. 352, 369 (1976)). The Supreme Court has instructed that the ordinary practice of construing FOIA exemptions narrowly "stands on especially firm footing with respect to Exemption 2." *Milner*, 562 U.S. at 571.

Against that backdrop, Defendant's justification for invoking Exemption 2, at least on this record, falls short. In the entries for both records in the accompanying *Vaughn* Index, Defendant's rationale was limited to the following sentence: "Exemption 2 was applied to redact [the document] because [it] not only relates to personnel matters of FCC Florence, specifically, and the BOP generally, but the [document] reflects the internal practice of the BOP concerning staffing compliment [*sic*] at FCC Florence." Vaughn Index at 1, 5.[4] And Defendant merely reiterates that boilerplate rationale, without elaboration, in its motion. *See* MSJ at 7, 9.

To be sure, "information need not actually *be* 'rules and practices' to qualify under [E]xemption 2, as the statute provides that matter 'related' to rules and practices is also exempt." *Schwaner v. Dep't of the Air Force*, 898 F.2d 793, 795 (D.C. Cir. 1990). But simply stating that a document "reflects the internal practice of the BOP concerning staffing," does not by itself

---

[4] In the entry for the Staffing and Strength Report, Defendant added the redundancy: " . . . and the manner in which the BOP staff's [*sic*] FCC Florence." Vaughn Index at 5.

9

bring that document within the cover of Exemption 2. Defendant must further demonstrate that the matter "relate[s] *solely*" to internal personnel rules and practices and that it is not "subject to . . . a genuine and significant public interest."[5] *Shapiro v. U.S. Dep't of Justice*, 153 F. Supp. 3d 253, 278–80 (emphasis added) (quoting *Rose*, 425 U.S. at 369); *see also Sack v. Dep't of Justice*, 65 F. Supp. 3d 29, 37 (D.D.C. 2014) (noting that information withheld under Exemption 2 must be "trivial matter like the 'use of parking facilities or regulations of lunch hours" (quoting *Milner*, 562 U.S. at 565)). Defendant makes no attempt to explain why a list of employee names, whether compiled separately or as part of a broader "staffing report," meet those criteria.[6] It has not provided any context as to how the FCC Florence Staff List was generated or used, nor has it provided any non-cursory description of how and why the Staffing Report was generated, as well as the precise information it contains. *Stein v. U.S. Dep't of Justice*, 134 F. Supp. 3d 457, 472 (D.D.C. 2015) (relying on affidavits stating that forms "were

---

[5] Defendant did proffer that the FCC Florence Staff List is an internal record, attaching a declaration from the BOP's Assistant General Counsel stating that FCC Florence "does not release staff lists to inmates or members of the general public." ECF No. 24-5. Neither the declaration nor Defendant's motion, however, make clear whether this applies to the Staffing and Strength Report generally as well. It appears Defendant provided this declaration in light of another court in this District's conclusion that the BOP could not withhold a prison staff list from an inmate when it "release[d] staff names and their titles and salaries to the general public." *Maydak v. U.S. Dep't of Justice*, 362 F. Supp. 2d 316, 322 (D.D.C. 2005). But the declaration does not absolve Defendant of its obligation to sufficiently demonstrate that Exemption 2 otherwise applies. Indeed, the court in *Maydak* found that, independent of BOP's practice of releasing the information to the public, "BOP ha[d] not established the threshold requirement for redacting the names under . . . exemption 2." *Id.* at 323.

[6] Though Defendant made arguments elsewhere that the names of employees should generally be withheld on grounds of personal privacy, Defendant inexplicably has not argued that these lists are exempt under any of the FOIA exemptions implicating personal privacy.

created and [were] used solely as a tool for evaluating employee performance" in finding the forms fell under Exemption 2).[7]

To be clear, the Court does not find that these records necessarily fall outside of Exemption 2—or, for that matter, any of the other exemptions—only that Defendant has failed to carry its burden to justify invoking Exemption 2 here. It has provided only a bare bones declaration and *Vaughn* Index, and it makes broad, conclusory arguments in relying on those materials to support its motion for summary judgment, none of which provide the Court with the necessary assurances that the exemption was properly invoked. *See Miller*, 730 F.2d at 776 (instructing that an agency seeking summary judgment must provide affidavits that "describe the justifications for nondisclosure with reasonably specific detail [and] demonstrate that the information withheld logically falls within the claimed exemption" (internal quotations omitted)). At bottom, Defendant's conclusory and disjointed justifications cannot support an entry of summary judgment as to the FCC Florence request. *See Morley*, 508 F.3d at 1115.

### B. Plaintiff's UPS/FCC Terre Haute Request

Despite Plaintiff's clear request for a list of employees at BOP's Terre Haute facilities, Defendant makes no mention of that request in its motion or its accompanying declarations and exhibits. Defendant acknowledged this request in its initial response to Plaintiff's FOIA submission, *see* ECF No. 24-3, Att. 2, and again in its supplemental response, *id.*, Att. 3, but it

---

[7] Further muddling Defendant's rationale, despite its insistence that it is withholding these documents under Exemption 2, Defendant at certain points appears to rely on the standard for Exemption 7(F), which covers information compiled for law enforcement purposes, the release of which "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F); *see* Vaughn Index at 1–2, 5–6; MSJ at 7. Yet even then, Defendant fails to explain how these records were "compiled for law enforcement purposes" beyond stating "the BOP is a primary law enforcement agency responsible for the management and regulation of all Federal penal and correction institutions." Vaughn Index at 1, 5.

11

never clarified whether it in fact had located responsive documents and was withholding them, or if it had found no documents responsive to Plaintiff's request. The instant motion sheds no light on the matter.

Though Defendant points out that Plaintiff does not explicitly challenge the adequacy of Defendant's searches in his complaint, Plaintiff does demand "the information requested and unlawfully denied," Compl. at 6, and specifically claims that "there exist[s] such thing as [a] BOP Staff Directory," such that BOP should be able to produce lists of employees for each of the facilities identified, Pl.'s Opp. at 1–2. Consistent with the Court's duty to liberally construe *pro se* filings, it finds that Plaintiff has sufficiently challenged Defendant's search in response to his request for staff lists from Terre Haute, such that the matter is at issue. *See Erickson*, 551 U.S. at 94. And Defendant's response is so perplexing and deficient that it precludes the Court from granting summary judgment for Defendant on this specific request. Despite retrieving two separate documents containing staff lists for FCC Florence, Defendant makes no mention of any similar documents for the Terre Haute facilities, nor does it describe what responsive records, if any, it did uncover. In Defendant's motion and accompanying declaration, it stated vaguely that it was withholding "Staff Lists" under Exemptions 6 and 7(C), *see* Rodgers Decl. ¶ 24; MSJ at 12, but it never specifies which staff lists it is referring to, and it never mentions these staff lists in the *Vaughn* Index. On this record, the Court cannot conclude that Defendant even conducted an adequate search for responsive documents, let alone that it properly withheld responsive documents under one of the exemptions. *See Reporters Comm.*, 877 F.3d at 402. Accordingly, the Court will deny Defendant's motion for summary judgment as to this request as well.

### C. Plaintiff's FCC Beaumont Request

In its initial response to Plaintiff's request for a staff list for FCC Beaumont, on the other hand, Defendant affirmatively stated that it possessed no responsive documents. Specifically, it declared: "In response to a request for a full and complete list of staff at FCC Beaumont, . . . the FOIA [does not require it] to creates lists, but [to] provide BOP generated documents. Therefore, there are no documents to this portion of your request." ECF No. 24-3, Att. 10. But in the January 2018 letter, Defendant stated that it would not release the names of employees at FCC Beaumont because it determined that "their privacy interests, and safety interests attendant to their identities, appear[ed] to outweigh any public interest in the release of their names." ECF No. 24-3, Att. 4. Defendant's motion and accompanying declaration repeat that latter explanation. *See* Def.'s Stmt. Facts ¶ 8; Rodgers Decl. ¶ 10. Defendant, however, never specifically describes the records that contain these employee names, whether in the *Vaughn* Index or elsewhere, nor does it identify which exemption it claims in seeking to rely on these privacy interests.

Either justification—that it uncovered no responsive records after an adequate search, or that it did but such records are exempt—may be sufficient for summary judgment purposes. But again, Defendant has failed to provide a record sufficient to demonstrate as much. If no responsive records exist—a response the Court doubts, given the existence of staff lists for other BOP institutions—Defendant must aver as much with appropriate declarations. *See Reporters Comm.*, 877 F.3d at 402. If, however, responsive records do exist and Defendant intends to withhold those records on privacy grounds, Defendant must sufficiently describe the nature of the records and cite to the particular exemption or exemptions under which it believes those

records fall. *See Miller*, 730 F.2d at 776. Having done neither, the Court must deny Defendant's motion as to this request as well.

**IV.     Conclusion and Order**

For all of the above reasons, it is hereby **ORDERED** that Defendant's Motion to Dismiss or for Summary Judgment, ECF No. 24, is **DENIED**. It is further **ORDERED** that Defendant shall file any renewed motion for summary judgment by April 1, 2019.


**SO ORDERED.**

/s/ Timothy J. Kelly  
TIMOTHY J. KELLY  
United States District Judge

Date: March 1, 2019