# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DMITRY PRONIN, <br>    *Plaintiff*, <br> v. <br> FEDERAL BUREAU OF PRISONS, <br>    *Defendant*. | Civil Action No. 17-1807 (TJK) |

## MEMORANDUM OPINION

  Dmitry Pronin, proceeding *pro se* and *in forma pauperis*, filed this suit against the Federal Bureau of Prisons (BOP), alleging violations of the Freedom of Information Act, 5 U.S.C. § 552. For his document requests that remain at issue, Pronin challenges both the adequacy of BOP's searches and its withholding of BOP staff lists at three facilities where he was incarcerated, which include the names and positions of staff members. The Court denied BOP's first motion for summary judgment, finding insufficient BOP's searches and explanations for withholding these documents under various FOIA exemptions. BOP filed a renewed motion for summary judgment, declaration, and Vaughn Index, relying on Exemptions 2, 6, and 7(C) to withhold them. Because BOP has now justified its searches and withholdings of staff lists under Exemption 6, which protects private information from personnel files, the Court need not address the validity of BOP's other claimed exemptions and will grant summary judgment in its favor.

**I. Background**

  Pronin, a prisoner currently in custody of the Federal Bureau of Prisons (BOP), submitted several Freedom of Information Act (FOIA) requests in 2016 and 2017, only two of which

remain at issue, Request No. 2016-02619 and Request No. 2017-05599. Memorandum Opinion and Order, ECF No. 33 at 2.[1]  The only information in the documents responsive to those requests that Pronin still seeks are the names and positions of staff members at three BOP facilities: the federal correctional center (FCC) in Florence, Colorado; United States Penitentiary (USP) in Terre Haute, Indiana; and FCC in Beaumont, Texas.[2]  *See* ECF No. 1 ("Compl.") at 5–6; ECF No. 1-1 at 5–6; ECF No. 26 at 2, 6, 8; ECF No. 29 at 3; ECF No. 39 at 14, 19, 29–30, 37.[3]

To locate documents containing staff lists at FCC Florence, its Human Resources Division staff searched its "Human Resources Staffing Reports," which are generated electronically each pay period.  ECF No. 36-2, Stroble Decl. II ¶ 5.  This search yielded (1) a 28-page "Staffing and Strength Report" of FCC Florence staff names "used to assist the BOP . . . in planning of staff movement locally and for management of staff throughout the agency for succession planning and other efforts made by the BOP to place employees in a properly classified position[]" and (2) four pages from a "'DOJ Internal White Pages' . . . employee directory that contains" "routine employment information maintained in different formats in an employee's employment record."  *Id*. ¶¶ 5, 20–21, 26.  BOP withheld the FCC Florence Staffing Report in full under FOIA Exemptions 2, 6, and 7(C), and it withheld all information from the DOJ Internal White Pages directory under Exemptions 6 and 7(C), except for the names of FCC wardens, which it disclosed.  *Id*. ¶¶ 13–14, 20–21, 27, 31, 33; Vaughn Index II at 1, 4.

---

[1] The Court incorporates the background and legal standard sections of its prior Memorandum Opinion and Order, ECF No. 33 at 2–7.

[2] The Court's prior opinion erroneously stated that FCC Beaumont is in South Carolina, as opposed to Texas.  ECF No. 33 at 2.

[3] Citations are to the ECF-generated page numbers for Pronin's filings.

To locate documents containing staff lists at USP Terre Haute and FCC Beaumont, Human Resources Division staff at those facilities generated a report in the National Finance Center (NFC) database, which is "where all employee pay functions are performed, and only human resources staff have access to the NFC database." Stroble Decl. II ¶¶ 6, 10. The NFC database has a function called "Batchfoc" that generates various reports. *Id.* These NFC searches yielded (1) a 17-page "Staff List" or "Employment Verification Data Report" from USP Terre Haute used to look up individual staff and track performance evaluations, address changes, benefits, and other information and (2) a 15-page "Staffing Report and Strength Report" from FCC Beaumont used "to assist the BOP . . . in planning of staff movement locally and for management of staff throughout the agency for succession planning and other efforts made by the BOP to place employees in a properly classified position." *Id.* ¶¶ 6, 10, 22, 28. BOP withheld these documents in full under FOIA Exemptions 2, 6, and 7(C). *Id.* ¶¶ 15–16, 21–23, 28–29, 31–32; Vaughn Index II at 2, 5.[4]

## II. Analysis

### A. Adequacy of the Search

To determine the adequacy of a FOIA search, the Court is guided by principles of reasonableness. *Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 28 (D.C. Cir. 1998). "[T]he agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Id.* (quoting *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)). To state the

---

[4] BOP clarified that its "original *Vaughn* index erroneously identified a document as 'FCC Florence Staff List' (ECF No. 24-4 at 1)" that is "properly identified now as 'USP Terre Haute Staff List.'" ECF No. 36 at 3 (citing Vaughn Index II at 2).

obvious, it was reasonable for BOP—in response to Pronin's FOIA requests for staff lists at three of its facilities—to search those facilities' personnel databases in the ways described.

Still, Pronin challenges the adequacy of BOP's search on a few grounds. *See* ECF No. 39 at 12, 23, 28–29. First, while he points out that BOP did not specify the names of individual staff members who conducted the searches, *id.* at 12, 23, that omission is immaterial. The Court "cannot fathom how providing the names of search personnel would significantly inform the Court's analysis of the adequacy of [BOP's] search for documents responsive to his FOIA requests." *Bigwood v. U.S. Dep't of Defense*, 132 F. Supp. 3d 124, 143 (D.D.C. 2015); *see Harrison v. Fed. Bureau of Prisons*, 611 F. Supp. 2d 54, 65 (D.D.C. 2009).

Second, Pronin argues that BOP did not specify the "locations of the files" or "description of the searches." ECF No. 39 at 23. The record reflects the opposite. BOP's declaration by FOIA attorney Clinton Stroble details the methods, databases, and records that Human Resources Division staff searched at each BOP facility. ECF No. 36-2. And Pronin even acknowledges that "different systems were search[ed], penitentiary by penitentiary." ECF No. 39 at 28.

Third, he contends that BOP searched "different systems" across similar facilities, which rendered "drastically different types of records." *Id.* The Court finds this argument unavailing. The searches at FCC Florence and FCC Beaumont, for example, each produced a Staffing and Strength Report, exactly the same type of internal human resources document, and the DOJ Internal White Pages directory serves a similar personnel function. Stroble Decl. II ¶¶ 13, 26; Vaughn Index II at 1, 5. To be sure, USP Terre Haute's search generated a 17-page Staff List that appears somewhat different from the Staffing and Strength Reports. Stroble Decl. II ¶¶ 6, 13, 22, 26; Vaughn Index II at 1–2, 5. But those differences are inconsequential, as "the

4

adequacy of a FOIA search is generally determined not by the fruits of the search," *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003), or "whether there might exist any other documents possibly responsive to the request," *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984). Instead, a search's adequacy depends on "the appropriateness of the methods used to carry out the search," *Iturralde*, 315 F.3d at 315, and whether those methods "can be reasonably expected to produce the information requested," *Campbell*, 164 F.3d at 27. BOP clearly passes that hurdle for its searches at the three facilities.

B. **FOIA Exemption 6**

Pronin also challenges BOP's reliance on FOIA Exemption 6 to withhold BOP staff names and positions from the four documents BOP identified. "Exemption 6 allows agencies to withhold 'personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.'" *Judicial Watch, Inc. v. Food & Drug Admin.*, 449 F.3d 141, 152 (D.C. Cir. 2006) (quoting 5 U.S.C. § 552(b)(6)). The exemption has two requirements. First, the document must be a "personnel," "medical," or "similar file[]." 5 U.S.C. § 552(b)(6). Second, to assess if disclosure of the file "would constitute a clearly unwarranted invasion of personal privacy," *id.*, the Court must balance the public interest in disclosure with the personal privacy at stake, *Judicial Watch*, 449 F.3d at 153. "The only relevant public interest in disclosure to be weighed in this balance is the extent to which disclosure would contribute significantly to public understanding of the operations or activities of the government." *Bartholdi Cable Co. v. Fed. Commc'ns Comm'n*, 114 F.3d 274, 282 (D.C. Cir. 1997) (cleaned up). The privacy interest in withheld information must be "greater than a *de minimis* privacy interest," *Multi Ag Media LLC v. Dep't of Agric.*, 515 F.3d 1224, 1229 (D.C. Cir. 2008), and it varies "depending on the context in which it is asserted," *Armstrong v. Exec. Office of the President*, 97 F.3d 575, 582 (D.C. Cir. 1996).

Pronin wisely does not dispute that BOP meets the first requirement. The FCC Florence and FCC Beaumont Staffing and Strength Reports, USP Terre Haute Staff List, and DOJ Internal White Pages directory are "personnel" files or similar "[g]overnment records on an individual which can be identified as applying to that individual." *U.S. Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 602 (1982); *see* Stroble Decl. II ¶¶ 20, 22, 26, 28.

The second requires the Court to weigh the public interest in disclosure of BOP staff names and positions against those individuals' privacy interests. That weighing is straightforward here because there is no cognizable public interest at stake. The disclosure of BOP staff names and positions "sheds no light on the activities of the BOP." Stroble Decl. II ¶ 21. And the "public has no cognizable interest in the release" of names and titles that "reveal[] little or nothing about an agency's own conduct," *Beck v. Dep't of Justice*, 997 F.2d 1489, 1493 (D.C. Cir. 1993) (internal quotation omitted), or "what the Government is up to," *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989) ("*NARF*"). *See Pinson v. U.S. Dep't of Justice*, 61 F. Supp. 3d 164, 186 (D.D.C. 2015) (no "significant public interest in the release of" agency employees' names).

Pronin argues that he needs the identities of prison staff to pursue various lawsuits, *see* Compl. at 1–2; ECF No. 26 at 7–8; ECF No. 39 at 13–14, but Pronin's personal interest in discerning potential defendants for his own litigation "does not count in the calculation of the public interest."[5] *Oguaju v. United States*, 288 F.3d 448, 450 (D.C. Cir. 2002), *vacated sub nom.*

---

[5] There are additional reasons why Pronin's purported personal interest in litigation does not translate into a public interest for FOIA purposes. According to Pronin, conditions at FCC Beaumont in 2017 after Hurricane Harvey were inhumane, and prison staff violated his civil rights. *See* ECF No. 39 at 13–14. Pronin makes similar, yet more vague, allegations of civil rights abuses at FCC Florence. *See id.* at 14. Although Pronin argues that the public has an interest in knowing which staff members participated in the government wrongdoing he alleges,

on other grounds, *Oguaju v. U.S. Marshals Service*, 541 U.S. 970 (2004); *see Lazaridis v. U.S. Dep't of Justice*, 766 F. Supp. 2d 134, 145 (D.D.C. 2011). Indeed, "a requester's personal need for information is *immaterial* to whether that information is protected from disclosure by one of the exemptions to the FOIA," *Engelking v. Drug Enf't Admin.*, 119 F.3d 980, 980–81 (D.C. Cir. 1997) (emphasis added), because the information—if disclosed—"belongs to [all] citizens to do with as they choose," *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004). Of course, if Pronin wants BOP staff names for his personal litigation purposes, he may file a lawsuit and seek those names in civil discovery. Indeed, he appears to have had some success with that approach "[i]n summer 2016 . . . during the litigation of" his Federal Tort Claims Act (FTCA) suit against the United States for alleged misconduct at USP Terre Haute, *Pronin v. United States*, No. 2:15-cv-183 (S.D. Ind. April 23, 2014), when he received "a number of the full names and positions of staff for USP Terre Haute." ECF No. 39 at 37.[6] But regardless of whether that avenue will ultimately lead to success, "[t]he primary purpose of the FOIA was not to benefit private litigants or to serve as a substitute for civil discovery." *Baldrige v. Shapiro*, 455 U.S. 345, 360 n.14 (1982).

---

*see id.*, the Court cannot credit that interest because he has failed to "produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Boyd v. Criminal Div. of U.S. Dep't of Justice*, 475 F.3d 381, 387 (D.C. Cir. 2007) (quoting *Nat'l Archives & Records Admin. v. Favish,* 541 U.S. 157, 174 (2004)). And even if the law recognized his interest in litigation directed at USP Terre Haute as a public interest, that litigation has been resolved on the merits already. *See Pronin v. United States*, No. 2:15-cv-183, ECF Nos. 1, 160 (S.D. Ind. July 24, 2018) (asserting claims for negligence under the FTCA); *Pronin v. Tussey*, No. 2:15-cv-61, ECF No. 7 (S.D. Ind. May 4, 2015) (asserting violations of the Clean Air Act and Eighth Amendment allegedly caused by prison guards' smoking).

[6] While Pronin received some names of USP Terre Haute employees through his FTCA suit, ECF No. 39 at 37–38, it appears he still seeks a "complete list of [those] employees," ECF No. 24-3 at 2; *see* ECF No. 39 at 13 (seeking "lists of employees for three federal penitentiaries").

"In the absence of any public interest in disclosure, any countervailing interest in privacy defeats a FOIA request." *Oguaju*, 288 F.3d at 451 (D.C. Cir. 2002). BOP asserts that it must protect employees in "primary law enforcement position(s)" because "[t]he release of names of these law enforcement officials is reasonably expected to endanger the life and/or physical safety of staff since it will allow inmates or members of the general public to look up staff through Motor Vehicle Administration, tax, or other state open access records and permit the location of staff home addresses for targeted threats to staff and their families." Stroble Decl. II ¶¶ 21, 23, 27, 29.[7] The Court need not decide precisely how great BOP's staff's privacy interests are in this regard. Suffice it to say that BOP's declaration establishes that they have *some* privacy interest in their names and positions, one that is "greater than [] *de minimis*" for purposes of Exemption 6, *Multi Ag Media*, 515 F.3d at 1229. *See Fed. Labor Relations Auth. v. U.S. Dep't of Treasury, Fin. Mgmt. Serv.*, 884 F.2d 1446, 1453 (D.C. Cir. 1989) ("[F]ederal employees' have privacy interests in their names . . . ."); *Walston v. U.S. Dep't of Def.*, 238 F. Supp. 3d 57, 67 (D.D.C. 2017) (employees with "sensitive occupations . . . have a cognizable privacy interest in keeping their names from being disclosed" under Exemption 6 (quoting *Long v. Office of Pers. Mgmt.*, 692 F.3d 185, 192 (2d Cir. 2012)); *see also Judicial Watch, Inc.*, 449 F.3d at 152–53 (holding that DEA properly invoked Exemption 6 in refusing to release the names of agency personnel and that it "need not justify the withholding of names on an individual-by-individual basis" (cleaned up)).

---

[7] Although Pronin seeks *in camera* review of BOP's documents, "the agency affidavits are sufficiently detailed to permit meaningful review and adversarial testing of exemption claims," *Thompson v. Exec. Office for U.S. Attorneys*, 587 F. Supp. 2d 202, 206, n.1 (D.D.C. 2008), and the Court finds that review unnecessary. *See Juarez v. Dep't of Justice*, 518 F.3d 54, 60 (D.C. Cir. 2008).

8

Pronin suggests that BOP's assertion of its staff's privacy interest must be in bad faith because he received staff names and positions from the Federal Correctional Institution (FCI) in Edgefield, South Carolina through another FOIA request, and he received some staff names from USP Terre Haute through civil discovery. *See* ECF No. 39 at 4–5, 10, 35–38; ECF No. 26 at 11–15. But none of that, even if true, suggests bad faith here. Pronin offers no context for his FOIA request of the FCI Edgefield "staff directory released in December 2012," ECF No. 39 at 36, and the "interests on both sides of the Exemption 6 balancing test might vary" substantially depending on the context. *Am. Immigration Lawyers Ass'n v. Exec. Office for Immigration Review*, 830 F.3d 667, 675 (D.C. Cir. 2016); *see Armstrong*, 97 F.3d at 581; *Judge Rotenberg Educ. Ctr., Inc. v. U.S. Food & Drug Admin.*, 376 F. Supp. 3d 47, 74 (D.D.C. 2019). "While the BOP . . . may have chosen to release employee names" in response to that FOIA request, it has expressed a valid privacy interest here under Exemption 6 "extend[ing] to the names of agency personnel." *Pinson*, 61 F. Supp. 3d at 185. In any event, "[t]here can be no doubt that agencies frequently turn over documents even though FOIA may not strictly require them to do so." *Williams & Connolly v. SEC*, 662 F.3d 1240, 1245 (D.C. Cir. 2011). And by doing so, "the government does not waive any right it has to withhold other properly" exempted documents in later litigation under FOIA. *Id.*

Likewise, "not all documents available in discovery are also available pursuant to FOIA." *Stonehill v. IRS*, 558 F.3d 534, 539 (D.C. Cir. 2009). Whereas FOIA "reflect[s] a congressional balancing of interests," "[d]ifferent considerations determine the outcome of efforts to obtain disclosure: relevance, need, and applicable privileges—bounded by the district court's exercise of discretion." *Id.* at 538. A district court balanced those different considerations in Pronin's FTCA suit—about alleged misconduct at USP Terre Haute, *Pronin v. United States*, No. 2:15-

9

cv-183 (S.D. Ind. April 23, 2014)—and *ordered* the Government to respond to his request for a "list of employees for USP Terre Haute." *Id.*, ECF No. 55 at 1; *id.*, ECF No. 61 at 1. The Court cannot hold that involuntary production against the agency in a later FOIA action, where it has asserted bona fide privacy interests.

In sum, the record reflects "no public interest in, and"—at the very least—"a modest personal privacy interest against, disclosure of the names" and positions of BOP staff members at FCC Florence, USP Terre Haute, and FCC Beaumont. *NARF*, 879 F.2d at 879. The Court "need not linger over the balance; something, even a modest privacy interest, outweighs nothing every time." *Id.* Accordingly, BOP properly relied on Exemption 6 to withhold the requested information. Because Exemption 6 applies and Pronin only seeks BOP staff names and positions, the Court will grant BOP summary judgment and need not address BOP's additional bases for withholding that information in the requested documents.[8] *See Shapiro v. U.S. Dep't of Justice*, 239 F. Supp. 3d 100, 106 n.1 (D.D.C. 2017).

---

[8] Pronin's complaint also appears to frame BOP's alleged shortcomings in producing documents under FOIA as a violation of his First and Fifth Amendment rights. Compl. at 1, 3, 5–6. Those claims are without merit. *See Tereshuk v. Bureau of Prisons*, 67 F. Supp. 3d 441, 453 (D.D.C. 2014). "FOIA is a comprehensive statutory scheme to resolve all issues associated with the release of government documents." *Harrison v. Lappin*, Civ. No. 04-0061 (JR), 2005 WL 752186, at *3 (D.D.C. Mar. 31, 2005). It is not a means to vindicate constitutional rights. *See McGehee v. Casey*, 718 F.2d 1137, 1147 (D.C. Cir. 1983) ("A litigant seeking release of government information under FOIA, therefore, relies upon a statutory entitlement—as narrowed by statutory exceptions—and not upon his constitutional right to free expression."); *Banks v. Dep't of Justice*, 700 F. Supp. 2d 9, 19 (D.D.C. 2010) (dismissing plaintiff's due process violation claims premised on the agency's withholding of records).

## III. Conclusion

For all these reasons, the Court will grant Defendant's Renewed Motion for Summary Judgment, ECF No. 36, and enter judgment for Defendant. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: March 12, 2020